UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALEXANDER DUNLOP,                              x

            Plaintiff,

   vs.

THE CITY OF NEW YORK a municipal entity
MICHAEL BLOOMBERG, Mayor of the City of
New York, RAYMOND KELLY, Police
Commissioner of the City of New York, JOSEPH
ESPOSITO, Chief of the Department, New York
City Police Department, THOMAS GRAHAM ,
Commanding Officer of the Disorder Control Unit
of the New York City Police Department, JOHN J.
COLGAN, Deputy Chief and Commanding Officer,
Pier 57, New York City Police Department,
THE NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, NEW YORK DISTRICT
ATTORNEY ROBERT MORGENTHAU, POLICE
OFFICER MAYA GOMEZ, shield number 27230,
POLICE OFFICER JOHN DOE's 1-3, and the
HUDSON RIVER PARK TRUST, in their individual
and official capacities, jointly and severally,

           Defendant(s).
_____x

06-CV-433 (KMK) (JCF)
ECF

**Oral Argument Requested**


**PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL**

      Plaintiff, Alexander Dunlop (hereinafter, "DUNLOP") by his attorneys, Kurland & Associates, P.C., hereby moves pursuant to § 1447(c) of Title 28 of the United States Code, for an order of this Court directing:

(1) that this case be remanded in full to the New York County Supreme Court, as the main crux of this matter is *not* related to the actions captioned <u>Schiller v. The City of New York</u> 04-CV-7922 (KMK) (JCF) and <u>MacNamara et al. v. The City of New York et al.,</u> 04 CV 9216 (KMK) (JCF), and the numerous other consolidated cases and class action suits arising out of the protest activity and arrests during the 2004 Republican National Convention, (hereinafter, "consolidated RNC protest cases") as asserted by DEFENDANTS in their removal papers, and

(2) that this case be remanded in full to New York County Supreme Court, pursuant to 18 U.S.C. § 1367(c) (2) as the state law claims substantially predominate over the claim or claims that this Court has original jurisdiction, over, and that for the reasons stated herein it would be more efficient to proceed with discovery in state court, the discovery, evidence, causes of action and witnesses are different enough so that combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice DUNLOP;

(3) that the DEFENDANTS to DUNLOP his just costs, and expenses, including attorney's fees, incurred as a result of the improper removal of this case, and

(4) that this Court grant such other and further relief as may be just and proper.

## <u>Distinguishing The Instance Case</u>

The main cause of action in this case does *not* arise out of the protest activity and arrests during the 2004 Republican National Convention unlike the matters

2

consolidated by the Honorable Kenneth M. Karas's Amended Consolidation order annexed hereto as <u>Exhibit A.</u> Rather, the crux of this case is the concealment, and falsification of evidence and resulting malicious prosecution by DEFENDANTS, as well as other state law claims. Although this matter includes issues related to the wrongful arrest of DUNLOP, the arrest took place prior to the RNC, at a location different than the locations in the consolidated RNC protest cases, and DUNLOP was not a protestor. As such, the facts of the secondary issues are also not substantially related such that it would allow for effective consolidation.

   DUNLOP left his home on August 27, 2004 to pick up dinner at a local restaurant and was falsely arrested in his neighborhood on Tenth Street and Second Avenue. DUNLOP was not a protester of the Republican National Convention, (hereinafter, "RNC") nor was he engaged in any other type of protest at the time of his arrest. DUNLOP was not riding his bicycle with the "Critical Mass" last Friday of the month ride nor had he ever participated in "Critical Mass" rides. DUNLOP was not participating in any 'peaceful assembly' nor was he a participant in a 'peaceful assembly' at the time of his arrest unlike those in the consolidated RNC protest cases. He was a New York City resident riding a bike to pick up dinner and he was falsely arrested. The gravaman of Dunlop's complaint is that the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and the CITY OF NEW YORK falsified evidence during their malicious prosecution in an attempt to cover up the fact that he was an innocent bystander arrested for no reason. See Amended Complaint Annexed hereto as <u>Exhibit B</u>.

   The consolidated RNC protest cases were conversely brought in an effort to ". . . vindicate the civil rights of individuals *who wish to participate in or simply observe*

3

*lawful* and peaceful demonstrations in New York City" (emphasis added).[1]  DUNLOP was neither.  As indicated above, DUNLOP's case was brought because he was falsely arrested and prosecuted with intentionally falsified evidence.

In addition, the defendants assert that the causes of action and related discovery are similar enough so that "both sides would benefit from the consolidated discovery and other consolidated pre-trial treatment of these actions." Annexed hereto as Exhibit C is a copy of Defendant's Notice and Statement of Relatedness.  This assertion unfortunately is untrue as the heart of the instant matter is that the DEFENDANTS have tampered with and falsified evidence for the specific purpose of unlawfully and maliciously prosecuting DUNLOP.  The discovery herein concerns the falsification of evidence and has nothing to do with the RNC protest cases. Therefore consolidation would not benefit the parties and in fact may even confuse and hamper discovery and the disposition of these matters. Although there are some federal issues, the overwhelming focus of this action is State defendants who cannot be sued in federal court and State causes of action including but not limited to malicious prosecution, falsifying evidence and false arrest.

Conversely, the consolidated RNC protest cases are based in federal issues including but not limited to violations of their First, Fourth and Fourteenth Amendments. Another difference in the instant matter is that DUNLOP was charged and prosecuted with various offenses, which were not disposed of in the arraignment part or anytime thereafter as the Plaintiffs in the consolidated RNC protest cases were.  DUNLOP faced these charges and was defending himself for almost seven months before the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE dropped the charges when

---

[1] See Verified Complaint Schiller v. The City of New York 04-CV-7922 (KMK) (JCF).

4

confronted with proof of their misconduct---the altered tape.[2]  Conversely in the great majority of the consolidated RNC protest cases, the lead Plaintiffs were given desk appearance tickets or their cases were dismissed at the outset.[3]  Thus the witnesses as to the claims and the discovery needed in this matter is substantially different.  In essence, the protestor's main causes of actions is what happened on the street during the protest, where DUNLOP's case addresses issues that happened in the 'courtroom,' making this case too unrelated to the consolidate RNC protest cases to benefit from consolidation.

In fact, the consolidated RNC protest cases generally allege if anything, an ease in the prosecutorial phase of their litigation.  Indicative of this is that in the Schiller matter, the protesters allege that the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE announced "it would dismiss all of the 227 prosecutions arising out of the August 31 arrests on Fulton Street",[4] and that the remainder of the complainants, "have experiences that were near identical and are representative of the treatment received by the group of over 200 individuals that were arrested."[5]

In stark contract to DEFENDANTS assertion that both sides will benefit from the consolidated discovery and other consolidated pretrial treatment of these actions, it would actually be confusing and time consuming to attempt to fit the square peg of DUNLOP's case, an unrelated individual who was caught in the cross fire of a protest and maliciously prosecuted into the round hole of the consolidated RNC protest cases which are asserting a primary cause of action for violations of their First, Fourth and Fourteenth Amendment rights.

---

[2] See Plaintiff's Amended Complaint.
[3] See generally Complaint of Schiller v. The City of New York 04-CV-7922 (KMK) (JCF) and Amended Complaint MacNamara et al. v. The City of New York et al., 04 CV 9216 (KMK) (JCF)
[4] Schiller complaint para. 10.
[5] Schiller.

## Federal Court Is Not the Appropriate Venue for this Matter and New York State Court Is the Appropriate Venue

New York State Court is a more appropriate venue for bringing a malicious prosecution and falsification of evidence action against a District Attorney and the City of New York.  Clearly, this Court does not have the same jurisdiction, as the State court does on an individual's claim of misconduct against state and city officials.  To force DUNLOP to litigate his claim in federal court would substantially prejudice his right to access to the courts to redress individual grievances.  There can be no denial that the State court can determine, without any constitutional impediment, the extent that the State and City are liable for what happened to Mr. DUNLOP

## The State Claims Substantially Predominate Over the Claim(s) That the District Court Has Original Jurisdiction,

Under 28 U.S.C. 1331, the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  However, under 28 U.S.C. § 1367, the district court may decline to exercise supplemental jurisdiction over a claim if the state claim(s) "substantially predominates over the claim or claims over which the district court has original jurisdiction." [6]  There is little to gain in the way of convenience or judicial economy having a federal court hear a case consisting of State law claims.  A federal court will find substantial predominance when it appears that ". . . a state claim constitutes the real body of a case, to which the federal claim is only an appendage." [7]

---

[6] 18 U.S.C. § 1367(c)(2).
[7] *United Mine Workers v. Gibbs,* 383 U.S. 715, 727.

The core of the instant matter is state claims and state defendants. To deny Mr. DUNLOP his State court remedy would substantially prejudice his case and his rights. We ask that Mr. DUNLOP's case be returned to state court where it belongs.

**CONCLUSION**

For above reasons, this Court should grant Plaintiff's Motion to Remand and return the case to state court, grant PLAINTIFF his costs, and expenses, including attorney's fees, incurred as a result of the improper removal of this case and order such other and further relief as may be just and proper.

Dated:	February 17, 2006
	New York, New York

>							Respectfully Submitted,
>
>							KURLAND & ASSOCIATES, P.C.
>
>							___s/ Gina M. Bonica_____
>							Gina M. Bonica, Esq. (GB-6615)
>							304 Park Avenue South, Suite 206
>							New York, NY 10010
>							212.253.6911(P)
>							212.614.2532 (F)
>							*Attorneys for Plaintiff*

TO:	James Mirro, Esq.
	Special Assistant Corporation Counsel

	*Attorney for Defendants*