# KURLAND & ASSOCIATES, P.C.
## —ATTORNEYS AT LAW—

YETTA G. KURLAND
GINA M. BONICA
APRYL E. HAND*

*OF COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/06

304 PARK AVENUE SOUTH, SUITE 206
NEW YORK, NEW YORK 10010
TEL 212-253-6911
FAX 212-614-2532

February 22, 2006

**Via Federal Express Mail**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

**MEMO ENDORSED**

Re:   **Alexander Dunlop v. The City of New York et al., 06- cv-433 (KMK) (JCF)**

Dear Honorable Karas,

This office represents the Plaintiff, Alexander Dunlop in the above referenced matter. I am writing you to respectfully request a pre-motion conference to discuss Plaintiff's Motion to Remand the matter to the New York County Supreme Court where it was filed in August 2005.

The nature of this case is to seek damages for, among other things, false arrest, falsifying evidence, and maliciously prosecution committed by the Defendants against Mr. Dunlop commencing on or about August 27, 2004. Defendants were timely served on December 22, 2005 and on January 19, 2006, Defendants transferred this matter to the United Stated District Court and filed a Notice of Relatedness and Consolidation claiming that it was related to Republican Nation Convention (hereinafter, "RNC") cases.

However, we dispute this as the main crux of this matter is *not* related to the actions captioned Schiller v. The City of New York 04-CV-7922 (KMK) (JCF) and MacNamara et al. v. The City of New York et al., 04 CV 9216 (KMK) (JCF), and the numerous other consolidated cases and class action suits arising out of the protest activity and arrests during the 2004 Republican National Convention, as asserted by the Defendants in their removal papers. We also contest this Removal pursuant to 18 U.S.C. § 1367(c) (2) as the state law claims substantially predominate over the claim or claims that this Court has original jurisdiction, over, and it would be more efficient to proceed with discovery in state court, the discovery, evidence, causes of action and witnesses are different enough so that combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice Mr. Dunlop.

I have advised the Defendants' attorney, Mr. James Mirro from Corporation Counsel of our concerns and our intent to make a Motion to Remand. In error, I reviewed judge

Francis' Local Rules which does not require a pre motion conference, instead of Your Honor's Local Rules as Judge Francis is the Magistrate assigned to this matter. I profoundly apologize for this error.

On February 17, 2006, Plaintiff timely file within thirty (30) days of the Notice to Transfer pursuant to § 1447(c) of Title 28 of the United States Code our Motion to Remand and served a copy on Defense counsel accordingly. Enclosed please find two (2) courtesy copies of the Motion to Remand.

We respectfully pray that Your Honor grants the Plaintiff a pre motion conference. Thank you for your consideration.

*[signature: Gina M. Bonica]*
Gina M. Bonica, Esq. (GB-6615)
304 Park Avenue South, Suite 206
New York, NY 10010
212.253.6911(P)
212.614.2532 (F)
*Attorneys for Plaintiff*

Enc.

TO: James Mirro, Esq.
Special Assistant Corporation Counsel

*Attorney for Defendants*

Via Facsimile and First Class Mail

*[Handwritten order:]* The Defendants are to respond to this letter by March 3, 2006. The Court will hold a pre-motion conference on March 16, 2006 at 11:30 AM. Plaintiff's time to file here remand motion 28 USC §1447(c) is tolled as of February 17, 2006. The motion is therefore denied without prejudice and the Clerk is directed to terminate the motion. #9.

SO ORDERED
*[signature]*
KENNETH M. KARAS U.S.D.J.
2/23/06

2