UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                Plaintiff,

    -versus-                          **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**MICHAEL A. CARDOZO**
**Corporation Counsel of the City of New York**
*Attorney For Defendants*

**James Mirro (JM 2265)**
**Special Assistant Corporation Counsel**
**Special Federal Litigation**
**100 Church Street, Room 3-137**
**New York, New York 10007**
**212.788.8026 (ph)**
**212.788.9776 (fax)**

**April 21, 2006**

## TABLE OF CONTENTS

Background ................................................................................. 1

Argument ................................................................................... 3

    I.  THE REMOVAL WAS PROPER ............................................. 3

        A.  Defendants Unanimously Consented To Removal ................... 3

        B.  Plaintiff's New Arguments Are Untimely And Were Waived ...... 6

            (1)  Plaintiff's "Procedural Defect" Arguments Were First
                 Made 41 Days After Expiration Of The Statutory Period ...... 7

            (2)  Plaintiff May Not Avoid The Mandate Of The Statutory
                 Period By Asserting A "Relation Back" Argument ...........… 8

            (3)  The Court Lacks Authority To Extend The Statutory Period  10

    II.  THE COURT HAS JURISDICTION OVER THIS ACTION ......... 12

        A.  Plaintiff Has Pled A Variety Of Federal Questions .................. 12

        B.  Plaintiff's Joinder Of State Law
            Claims Does Not Require Remand ..................................... 13

        C.  The Court May Not Remand An Action
            That Pleads A Federal Question ........................................ 14

        D.  Plaintiff's State Law Claims Are Not "Separate And
            Independent" From Plaintiff's Federal Claims ..................... 15

        E.  The Court Should Retain This Action As One
            Of The Consolidated RNC Actions ................................... 17

            (1)  Defendants' Interests – And The Tribunal's Interests –
                 Require That The Court Retain This Action In Its Entirety ... 17

            (2) Plaintiff's Perceived Interests In Avoiding
                The Federal Forum Are Misplaced ................................. 19

    CONCLUSION ............................................................................. 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                              Plaintiff,

            -versus-                                    **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                             Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

### Background

        The "amended verified complaint" ("Complaint") in this action pleads violations of plaintiff's federal civil and constitutional rights. The Complaint was filed in the Supreme Court of the State of New York, County of New York, and was served on the City of New York on or about December 22, 2005. On January 19, 2006, defendants timely removed the action to the United States District Court for the Southern District of New York. Defendants' Notice of Removal was filed by the Office of the Corporation Counsel. The Office of the Corporation Counsel represents all defendants in this action and the Notice of Removal recites explicitly that "[a]ll defendants have consented to the removal of this action." Notice of Removal ¶ 4 (Exhibit "A" to plaintiff's Notice of Motion).

        On February 17, 2006, plaintiff filed his original motion to remand this action ("Remand Motion") without permission from the Court (Exhibit "A" to the Declaration of James Mirro ("Mirro Declaration")). The Remand Motion argued, in sum, that the action should be remanded because it is "unrelated" to the other consolidated RNC actions before the Court and because the state claims "predominate" over the federal claims in this action. The Remand

Motion did <u>not</u> argue that there was any defect in the removal procedure.

In letters to the Court dated February 22 and 23, 2006 (Exhibits "B" and "C" to the Mirro Declaration), plaintiff belatedly requested permission to file the Remand Motion. In plaintiff's letter of February 23 (more than 30-days after the Notice of Removal), plaintiff first requested an extension of time to file his motion. Like the Remand Motion, the letters asserted that "the main crux of this matter is not related" to the other consolidated RNC actions. Neither letter asserted that there was <u>any</u> defect in the removal procedure.

On February 23, 2006, for failure to comply with the Judge's Individual Practices, the Court denied plaintiff's Remand Motion without prejudice, tolled plaintiff's time to re-file the motion "as of February 17, 2006" and scheduled a pre-motion conference for March 16, 2006. Defendants responded to plaintiff's arguments in a letter dated March 3, 2006 (Exhibit "D" to the Mirro Declaration). Defendants asserted, among other things, that plaintiff's arguments were wholly without merit and that any new motion to remand would be untimely. On this basis, defendants asked the Court to deny plaintiff's request for permission to re-file the motion.

During a lengthy pre-motion conference on March 16, 2006, plaintiff insisted upon re-filing a motion to remand on the same grounds set forth in his Remand Motion. Plaintiff did <u>not</u> assert that there was any defect in the removal procedure. Defendants pressed their objection to the filing of any "new" motion as untimely pursuant to well-settled authorities but offered to assent to a "renewal" of plaintiff's previously filed Remand Motion. A "renewal" of plaintiff's motion would have restored plaintiff to the position he was in before the Court denied plaintiff's Remand Motion. The Court overruled defendants' objection and permitted plaintiff to file a new motion so that counsel could address a legal issue not previously addressed by plaintiff

to the Court's satisfaction -- whether the Court had authority to remand an action where plaintiff had pled federal claims (the issue previously had been addressed by defendants). In an order dated March 31, 2006, the Court set a briefing schedule calling for plaintiff's new motion to be served by March 31, 2006.

On March 31, 2006, plaintiff filed his new motion to remand and memorandum of law ("Second Remand Motion"). For the first time, plaintiff argued that there was a defect in defendants' removal procedure – that defendants had not filed with the Court separate written consents establishing the unanimous consent of all defendants. See Second Remand Motion. Plaintiff's Second Remand Motion does not assert – and plaintiff never has asserted – that the Court lacks subject matter jurisdiction over this action. For the following reasons, defendants respectfully submit that plaintiff's Second Remand Motion should be denied.

## I.

## THE REMOVAL WAS PROPER

### A. Defendants Unanimously Consented To Removal

There is no dispute that, for removal to be proper, all defendants who have been served must have unanimously consented to the removal. In this case, all defendants who have been served *have* unanimously consented to the removal. The removal petition in this action plainly states, at paragraph 4, that *"[a]ll defendants have consented to the removal of this action."* Notice of Removal ¶ 4. That assertion of unanimous consent – which plaintiff fails to credit anywhere in plaintiff's moving papers -- is sufficient to establish the defendants' unanimous consent.

In this case, plaintiff does not argue that defendants' unanimous consent to removal is actually lacking. Nor does plaintiff argue that all defendants must have separately

signed the notice of removal.   Here, plaintiff relies upon the argument that the *proof* of defendants' unanimous consent is lacking because each of the various named defendants did not submit *separate* written consents to the Court confirming their consent to the removal.   Second Remand Motion at 2.   As to defendants' straightforward representation in the Notice of Removal that *"[a]ll defendants have consented to the removal of this action,"* plaintiff argues that "that hardly constitutes unambiguous evidence, much less written consent, of all of the defendants' consent to the removal."   Second Remand Motion at 4.   Plaintiff's arguments must be rejected.

There is no purpose to the "rule" of separate written consents as cited by plaintiff *except* to ensure that each defendant has, in fact, consented to the removal.   Typically, in cases in which there are multiple defendants, with each defendant represented by his or her own counsel, and with potentially varying litigation interests and tactics in play, the "rule" of separate written consents serves the legitimate purpose of establishing *proof* that each defendant has consented to the removal.   In such cases, according to some courts, separate written consents are necessary "to bind" the separate defendants to the removal.   This is not such a case.

In this case, all named defendants are represented, at least in the first instance, by the same counsel – the Office of the Corporation Counsel.[1]   This office has the authority to speak

---

[1] It is well known that the New York City Charter and Administrative Code provides that "[t]he corporation counsel, in his or her discretion may appear, or direct any of his or her assistants to appear, in any action or proceeding, whether criminal or civil, which may be brought against any officer, subordinate or employee in the service of the city . . . whenever the interests of the city require the appearance of the corporation counsel." See Sections 7-109, 7-110.   These provisions apply to all of the named defendants in this action except the City itself and the Hudson River Park Trust.   The Corporation Counsel represents both the City and, pursuant to separate agreement, the Hudson River Park Trust.   Needless to say, in the defense of this action, this office also will rely upon the expertise of the District Attorney's Office (insofar as issues concerning that office are concerned) and the Legal Affairs office of the New York City Police Department (insofar as issues concerning that office are concerned).   Moreover, because all named defendants are presumptively eligible for indemnification from the City pursuant to applicable law (see, e.g., New York General Municipal Law § 50-k(2) (providing for defense and indemnification of city employees)), they are merely nominal parties and the City is the only real party in interest.   See Jacobs v. District Director of Internal Revenue, 217 F. Supp. 104, 106 (S.D.N.Y. 1963) ("Although the District Director has been named as an interpleaded defendant, he, clearly, is only a nominal party.   His interest in the controversy is not personal but merely representative of that of the United States.   The action is, in effect, one against the United States").

- 4 -

on behalf of each – and this office has done so. When the Notice of Removal, which was filed pursuant to Rule 11 of the Federal Rules of Civil Procedure, unequivocally states that "[a]ll defendants have consented to the removal of this action," that is *a written statement by counsel on behalf of each of counsel's own clients in this action.* It is a clear and timely statement to the Court and to plaintiff attesting to the unanimous assent of each defendant.

Contrary to plaintiff's urging, no separate or additional pieces of paper are required in this case. Nixon v. Wheatley, 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005) ("In the case at bar, [defendants] are represented by the same counsel. . . . It is sufficient that consent to removal come 'from some person purporting to act formally on [defendants'] behalf and with the authority to do so'. . . . Here, defendants' counsel had the authority to remove on their behalf and did so"); National Dairy Products Corporation v. Heffernan, 195 F. Supp. 153, 156 n.1 (E.D.N.Y. 1961) (Bartels, J.) (rejecting argument that "all defendants did not join" in removal petition where removal petition was filed by counsel who represented all defendants).

This is simply not a case – like those cited by plaintiff – where counsel for one defendant baldly represents in the notice of removal (or at some point after the filing of the notice of removal) that defendants not represented by that counsel have consented to the removal. Plaintiff rightly argues that that procedure has been rejected by the courts. At the same time, plaintiff's own authorities support the proposition that proof of unanimous consent is satisfied so long as an attorney authorized to speak on behalf of each defendant has advised the Court within the statutory period that the client consents to the removal. Codapro v. Wilson, 997 F. Supp. 322, 325-26 (E.D.N.Y. 1998) ("there must be some timely filed written indication from each defendant, *or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so,* that it has actually consented to such action") (emphasis added);

Miller v. First Security Investments, Inc., 30 F. Supp. 2d 347, 351 (E.D.N.Y. 1998) (same).

## B. Plaintiff's New Arguments Are Untimely And Were Waived

Plaintiff's arguments to the effect that there was some procedural defect in the Notice of Removal also must fail because they are untimely and were waived as a matter of law. Defendants emphasize that plaintiff has not argued, nor can he, that the Court lacks subject matter jurisdiction over this action. The Court itself noted at the March 16 pre-motion conference in this action that the complaint pleads a veritable "Bill of Rights." Defendants further emphasize that they do not argue here that the whole of plaintiff's Second Remand Motion was untimely. Defendants do argue that plaintiff's procedural arguments, which were *first asserted* in his Second Remand Motion dated March 31, 2006, are untimely.

Congress expressly has limited the time in which motions to remand based upon procedural defects may be made. Congress has provided that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "Under this provision, all motions for remand – except those based on lack of subject matter jurisdiction – must be made within 30 days after removal or they are waived." Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 643-44 (2nd Cir. 1993); Mitskovski v. Buffalo and Port Erie Public Bridge Authority, 435 F.3d 127, 131 (2nd Cir. 2006) (vacating district court's order remanding the action "more than 30 days after removal"); American Home Assurance Company v. RJR Nabisco Holdings Corporation, 70 F.Supp.2d 296, 299 (S.D.N.Y. 1999) (Rakoff, J.) ("[a]lthough the Court itself, within that 30 day period, could have remanded the case for defects other than lack of subject matter jurisdiction, Judge Sweet [] chose not to do so, and the option is no longer available") (citing cases); Metro Furniture Rental, Inc. v. Alessi, 770 F.Supp. 198, 200 (S.D.N.Y.

1991) (Patterson, J.) (denying remand motion of *defendant* where defendant "did not join in the removal petition [and] never consented to the removal" because defendant's "motion to remand was brought more than 30 days after the notice of removal was filed").

### (1) Plaintiff's "Procedural Defect" Arguments Were First Made 41 Days After Expiration Of The Statutory Period

In this case, where the Notice of Removal was filed on January 19, 2006, plaintiff had until February 21, 2006 at the outside to marshal his arguments for remand. According to plaintiff, after the Notice of Removal he "immediately" knew that he would file a motion to remand – and he was aware of the 30-day limit in which to do so. See Plaintiff's Letter of February 23, 2006 (Exh. "C" to Mirro Declaration) at 1-2.[2] Thus, plaintiff had ample time in which to consider his arguments. In fact, plaintiff ultimately served his Remand Motion on February 17 – several days *before* it was due. Neither that Remand Motion nor plaintiff's letters to the Court of February 22 and February 23 alluded to any procedural defect in defendants' Notice of Removal. During plaintiff's argument to the Court on March 16, there was no mention of any procedural defect of any kind in defendants' Notice of Removal.

The record establishes that plaintiff first pressed his procedural argument in his Second Remand Motion dated March 31, 2006. On the basis of the foregoing authorities, defendants submit that that argument – coming some 71 days after defendants' Notice of Removal and 41 days after expiration of the statutory period – came too late. Hamilton v. Aetna

---

[2] In that letter, plaintiff notes that he sought the consent of defense counsel for "an extension in filing a motion to remand." Plaintiff unfairly claims that "on the morning of February 17, 2006, [defense counsel] advised us that Defendants did not agree to an extension." Plaintiff failed to advise the Court of several key facts. First, plaintiff did not request the extension until about the day before. Second, that request followed extensive discussions between counsel for the parties in which defense counsel explained the utter lack of merit of the argument that plaintiff then intended to make to support its motion to remand. Third, plaintiff filed his Remand Motion before the due date anyway. Fourth, as is evident from the case law cited here, defense counsel had absolutely no legal authority to grant any extension of the Congressionally mandated 30-day time frame -- and to have done so could have been viewed as misleading.

Life and Casualty Co., 5 F.3d 642, 643-44 (2nd Cir. 1993) ("all motions for remand – except those based on lack of subject matter jurisdiction – must be made within 30 days after removal or they are waived").

### (2) Plaintiff May Not Avoid The Mandate Of The Statutory Period By Asserting A "Relation Back" Argument

Nor is plaintiff's argument saved by virtue of the fact that plaintiff's original Remand Motion was timely filed. That is so because the Remand Motion failed to assert any procedural defect whatsoever much less the "lack of unanimous consent" argument first asserted in the Second Remand Motion. Put another way, remand arguments predicated on procedural defects – like a perceived failure to obtain unanimous consent – do not relate back to the filing of a timely earlier motion. Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037-38 (9th Cir. 1995) (vacating remand order based upon argument that the removal petition lacked unanimous consent where that argument was raised for the first time not in timely remand motion but in reply brief filed more than 30 days after removal petition).

In Pittsburg-Des Moines, the Court held that "the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand." 69 F.3d at 1038. The Court added that "[a]ny other reading of the statute would elevate form over substance." Id. "The purpose of the 30-day time limit is to resolve the choice of forum at the early stages of litigation, and to prevent the shuffling of cases between state and federal courts after the first thirty days." Id.; see also Davis v. Ciba-Geigy Corporation, 958 F.Supp. 264, 265-66 (M.D. La. 1997) (denying plaintiff's motion to remand, which was based on alleged lack of unanimous consent, where plaintiff filed timely motion but failed to assert that argument until she filed her reply papers after 30 day statutory period had expired).

Defendants emphasize that this is not a case like Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd, 422 F.3d 72, 76 (2nd Cir. 2005), in which the Court allowed remand where "[i]t is uncontested and obvious that the notice of removal suffered from procedural defects," the remand motion that ultimately was filed had *not* amended (to add new arguments) the earlier timely filed motion, and it was filed one day late only because of difficulties with the ECF system.  Nor is this a case like Federal Insurance Company v. Tyco International, -- F.Supp.2d --, 2006 WL 728400 (S.D.N.Y. 2006) (Karas, J.), in which the remand was allowed where the remand motion that was ultimately filed was "identical to the memorandum of law originally submitted in support of their timely-made remand motion" and it was filed late only because of difficulties complying with the Judge's Individual Practices.  Id. at *10.

In Federal Insurance, as in Phoenix Global, the Court emphasized that "this is not a case where a party is seeking to *amend* the motion to remand."  Id. at *11.  That important fact permitted the Court to find that the remand arguments that formed the basis of the Court's remand decision had, in fact, been asserted *within the statutory period*.  Accordingly, in Federal Insurance, the Court reasoned that, but for the Court's Individual Practices, the motion would have been timely filed.  This closely followed the Second Circuit's reasoning in Phoenix Global, in which, but for the difficulty to comply with the court's ECF system, the motion would have been timely filed.

Here, plaintiff encountered no difficulty timely filing his original motion and memorandum of law (which were denied after they were filed for failure to comply with the Judge's Individual Practices).  Then, when permitted by the Court to re-file that motion, plaintiff took the opportunity to *amend* that motion to add procedural defect arguments.  In short,

plaintiff's difficulties here do *not* arise from the Judge's Individual Practices, nor from any "'quirks' in the local rules," nor from difficulties with the electronic case filing system. They arise from plaintiff's decision to amend his motion to remand -- to assert procedural arguments -- notwithstanding the time frame set forth for such arguments in the federal statute itself. See Id.

### (3)  The Court Lacks Authority To Extend The Statutory Period

According to the Second Circuit, federal district courts lack authority to extend the statutory period -- and the federal appellate courts have not hesitated to review remand orders predicated on such unauthorized extensions. "[A]n order remanding on procedural grounds either upon an untimely motion or *sua sponte* more than 30 days after removal, since such an order is not authorized by § 1447(c), is reviewable." Mitskovski v. Buffalo and Port Erie Public Bridge Authority, 435 F.3d 127, 131 (2nd Cir. 2006) (vacating district court's order remanding the action "more than 30 days after removal"); Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 644 (2nd Cir. 1993) (recognizing that mandamus is the proper vehicle for appellate review of such orders); Air-Shields, Inc. v. Fullam, 891 F.2d 63, 66 (3rd Cir. 1989) (granting defendants' petition for mandamus and holding that "[b]y remanding the case for procedural defects after the thirty day limit imposed by the revised Section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power'"); Federal Deposit Insurance Corporation v. Loyd, 955 F.2d 316, 323 (5th Cir. 1992) (vacating lower court order and holding that "[t]he district court is therefore not empowered by § 1447(c) to remand a case because of a procedural defect in removal, *sua sponte* or on motion of the parties, more than thirty days after removal").

In addition, as several federal appellate courts have noted, the United States Supreme Court has observed bluntly that "Congress did not intend to 'extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding

cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.'" See, e.g., Air-Shields, 891 F.2d at 66 (quoting Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S.Ct. 584, 593 (1975)).

In the circumstances of this case – where nothing prevented plaintiff from asserting his procedural arguments on a timely basis in his original Remand Motion -- defendants respectfully submit that even the District Court's "tolling" of plaintiff's time to file the second motion cannot save plaintiff's belated argument. Mitskovski v. Buffalo and Port Erie Public Bridge Authority, 435 F.3d 127, 131 (2nd Cir. 2006) (vacating district court's order remanding the action on procedural grounds "more than 30 days after removal"); Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 644 (2nd Cir. 1993) ("an order remanding on procedural grounds either upon an untimely motion or sua sponte more than 30 days after removal [is] not authorized by § 1447(c)"); Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd, 422 F.3d 72, 76 (2nd Cir. 2005) ("[w]e emphasize that we are not carving out an exception to the mandatory deadline of Section 1447.  The district court did not have authority to do so, and it did not do so here.  Our decision today simply recognizes the district court's authority to excuse [the] failure to comply with the ECF system").[3]

---

[3] For all of the reasons articulated in the final section of this brief, it would be inequitable and prejudicial to defendants to permit plaintiffs to make their procedural defect arguments.  In the event, however, that the Court deems the Notice of Removal insufficient, and plaintiff's procedural argument timely, defendants hereby request that the Court permit defendants to file an amended Notice of Removal that states more clearly the consent of each individual defendant.  The Courts freely permit such amendments in situations such as this, so long as no new grounds for removal are asserted. See, e.g., Jacobs v. District Director of Internal Revenue, 217 F. Supp. 104, 105 (S.D.N.Y. 1963) (MacMahon, J.) ("a removal petition may be amended at any time to state more specifically a ground for removal already imperfectly stated"); Barrientos v. UT-Battelle, LLC, 284 F.Supp.2d 908, 912 (S.D. Ohio 2003) ("If a removal petition is defective in form, this defect is amendable at any time, even beyond the thirty day period").

## II.

## THE COURT HAS JURISDICTION OVER THIS ACTION

Plaintiff's second argument is that "28 U.S.C. § 1441(c) allows for remand of the entire case when state claims predominate." Second Remand Motion at 4. Plaintiff, however, has demonstrated *neither* that state claims "predominate" in this case *nor* that Section 1441(c) allows for remand of the "entire case" when state claims do predominate. Based on the Complaint, and on binding legal authorities, both assertions fail.

Plaintiff has failed to identify a single opinion from the Second Circuit, from any other appellate circuit, or from the Southern District, that supports his position here. Instead, plaintiff relies upon a single *dissenting* opinion of a judge in the Eleventh Circuit and a handful of district court cases from Michigan, Alabama and Mississippi. The *majority* opinion in In re City of Mobile, 75 F.3d 605 (11th Cir. 1996) granted petitioner's request for mandamus and ordered the district court to reconsider its decision remanding the action. In addition, all of the district court cases cited by plaintiff long have been discredited by Judge Cedarbaum's opinion in the case of Hickerson v. The City of New York, 932 F. Supp. 550, 558 (S.D.N.Y. 1996) ("Some district court decisions [] have concluded that the revised provision does authorize remand of entire cases[.] *The better view, however, is that it does not*") (emphasis added). Defendants respectfully submit that plaintiff's argument should be rejected.

### A. Plaintiff Has Pled A Variety Of Federal Questions

There is no legitimate dispute that the Court has subject matter jurisdiction over this action. Congress has provided that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  In this action, plaintiff chose to plead a wide variety of federal claims.  According to the Complaint, defendants "deprived the plaintiff of the rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 [and] the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution[.]"  Complaint ¶ 1 and Counts 7, 8, 9 and 10.  Plaintiff's claim for "[a]ttorneys' fees and costs pursuant to 42 U.S.C. § 1988" similarly arises directly and exclusively from federal law.

### B. Plaintiff's Joinder Of State Law Claims Does Not Require Remand

Plaintiff -- like virtually all other plaintiffs in the 100+ consolidated RNC actions before the Court -- has pled state law claims along with his federal claims.  Plaintiff's joinder of those state law claims does not require the Court to remand the action.  In fact, the law is just the opposite.  Congress provided that when "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, *the entire case may be removed and the district court may determine all issues therein[.]*"  28 U.S.C. § 1441(c) (emphasis added); see also Suissa v. American Export Lines, 507 F.2d 1343, 1345-46 & n.7 (2nd Cir. 1974) (Kaufman, C.J.) ("That Suissa may also have had a right to pursue an otherwise nonremovable claim . . . does not bar a federal court from entertaining the entire controversy").

By the same token, plaintiff's joinder of state law claims in the Complaint does not compel the Court to decline to exercise supplemental jurisdiction.  Again, the general rule is just the opposite.  Congress provided that "in any civil action of which the district courts have original jurisdiction, *the district courts shall have supplemental jurisdiction over all other claims*

- 13 -

*that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.*" 28 U.S.C. § 1367(a) (emphasis added). Thus, according to the Second Circuit, "once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, *supplemental jurisdiction over the related claim is mandatory.*" Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2nd Cir. 1998) (reversing district court's refusal to exercise supplemental jurisdiction) (emphasis added).

### C. The Court May Not Remand An Action That Pleads A Federal Question

Contrary to plaintiff's argument, this is not an action in which the Court may exercise discretion to remand the entire action. Neither Section 1441(c) nor Section 1367(c) authorize the Court to remand an action that contains a claim within the Court's original jurisdiction. Borough of West Mifflin v. Lancaster, 45 F.3d 780, 786-87 (3rd Cir. 1995) (granting mandamus to retain jurisdiction of federal civil rights claim in the federal court and holding that "unless the federal question claims removed by the defendant were 'separate and independent' from the state law claims, *§ 1441(c) cannot apply and the district court must retain the federal claim*") (emphasis added); Smith v. Amedisys, Inc., 298 F.3d 434, 440 (5th Cir. 2002) ("the trial court correctly concluded that it was without discretion to remand" where the wrongs alleged arose "from an interlocked series of transactions").

By the same token, "nothing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the civil rights claims, to the state court." Borough of West Mifflin, 45 F.3d at 787; see also In re City of Mobile, 75 F.3d

605, 607 (11th Cir. 1996) ("Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim"); Hickerson v. The City of New York, 932 F. Supp. 550, 559 (S.D.N.Y. 1996) (Cedarbaum, J.) (same).  Nor is this a case in which the abstention doctrine applies.  "Abstention is an extraordinary and narrow exception to '*the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.*'"  Hickerson, 932 F. Supp. at 553-54 (*quoting* Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 (1976)) (emphasis added).

In Hickerson, which is nowhere cited by plaintiff, Judge Cedarbaum of the Southern District rejected the same arguments made here by plaintiff.  Denying plaintiffs' request to remand the entire case where both state and federal claims were asserted, the Court held that "[o]nly extraordinary circumstances justify a federal court's refusal to decide claims that fall within its original jurisdiction."  932 F. Supp. at 556.  "The Court's responsibility to exercise jurisdiction is especially strong when, as here, substantial claims under the federal constitution are presented."  Id.  The Court held that "[p]laintiff's argument [that state law claims predominate] is not persuasive," that "[Section 1441(c) continues to be inapplicable to cases comprised of federal question claims and pendent state claims," and that "*even in those cases to which it applies, Section 1441(c) does not authorize remand of federal claims.*"  Id. at 558 (*citing* Borough of West Mifflin) (emphasis added).

### D.  Plaintiff's State Law Claims Are Not "Separate And Independent" From Plaintiff's Federal Claims

In this case, plaintiff's state law claims are so closely related to plaintiff's federal claims that they cannot be considered "separate and independent" from the federal claims but rather form part of the same case or controversy.  This assessment must be made from the face of

the complaint. <u>Federal Insurance Company v. Tyco International</u>, -- F.Supp.2d --, 2006 WL 728400, *9 (S.D.N.Y. 2006) (Karas, J.) ("Another guiding principle is that the propriety of removal is to be determined by the pleadings at the time of removal"), *citing* <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537, 59 S.Ct. 347 (1939).

In this case, the Complaint shows that plaintiff elected to plead federal causes of action under Section 1983 for the alleged violation of no fewer than six amendments to the United States Constitution and to seek recovery for attorney's fees and costs exclusively provided by federal law. Plaintiff asserted federal claims in no fewer than four separate counts (7, 8, 9, 10) of the Complaint. In addition, defendants emphasize that plaintiff relies in the Complaint on the *same* set of facts for both plaintiff's federal causes of action and for plaintiff's state causes of action. Paragraphs 1 – 51 of the Complaint provide the alleged factual predicate for all of plaintiff's claims. Plaintiff's state law claims are pled in the subsequent Counts 1 – 6 of the Complaint. Plaintiff's federal law claims are pled in Counts 7 - 10 of the Complaint. In the first paragraph of *each* of the Counts 7 – 10, plaintiff "repeats and realleges and incorporates by reference" the allegations in all of the preceding paragraphs "with the same force and effect as if herein set forth." Complaint ¶¶ 98, 102, 105 and 111.

Defendants submit that the Complaint pleads a common nucleus of operative facts that precludes any finding that plaintiff's state claims are "separate and independent" from plaintiff's federal claims. <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 787 (3rd Cir. 1995) ("[plaintiffs] rely on the same series of events for all counts of their complaint, including the federal § 1983 count; therefore, the federal claim is not separate and independent under § 1441(c), and the district court had no authority to remand the case"); <u>see also</u> <u>Surprise v. GTE Service Corporation</u>, 47 F. Supp. 2d 240, 242 (D. Conn. 1999) (denying remand where state and

federal counts incorporated by reference many of the same paragraphs of complaint setting forth the pertinent factual allegations); Kabealo v. Davis, 829 F. Supp. 923, 926-27 (S.D. Ohio 1993) (denying remand and finding that plaintiff's claims were pendant, not separate and independent, where "plaintiff relies on the same recitation of facts for all counts of the complaint"); Chapman v. 8th Judicial Juvenile Probation Board, 22 F. Supp. 2d 583, 584 (E.D. Tex. 1998) ("because plaintiff's contract claim is part of the same case or controversy . . . supplemental jurisdiction over that claim is proper as well").

Nothing in the case of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966), on which plaintiff relies (Second Remand Motion at 8), supports plaintiff's argument. To the contrary, in that case, where the federal claims had failed and "the only recovery allowed respondent was on the state claim," the Supreme Court nevertheless *refused* to find "that the District Court exceeded its discretion in proceeding to judgment on the state claim." Id. at 728. In that case, the Court held that "[u]nder the [Federal Rules of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Gibbs, 383 U.S. at 724. As in Gibbs, plaintiff here has failed to demonstrate that his federal claims are "only an appendage" to his state claims. Id. at 727.

### E. The Court Should Retain This Action As One Of The Consolidated RNC Actions

#### (1) Defendants' Interests – And The Tribunal's Interests – Require That The Court Retain This Action In Its Entirety

As the Court is aware, defendants have a very strong interest in having all of these claims adjudicated in federal court. As set forth above, defendants are entitled to a federal forum for the adjudication of federal civil and constitutional claims against them. Defendants also are

entitled to a federal forum for state claims that arise from the same constitutional case or controversy. See Hickerson v. The City of New York, 932 F. Supp. 550, 556 (S.D.N.Y. 1996) (Cedarbaum, J.) ("The City of New York and its officials are entitled to have their responsibilities under the federal constitution determined by a federal court").[4]

In addition, defendants submit that parallel federal and state proceedings in the consolidated RNC cases could invite a host of practical difficulties in these cases, not the least of which is that defendants will be distracted from their concerted efforts to move the federal cases forward. For instance, defendants would run the risk of inconsistent rulings on various legal issues. Such inconsistent rulings could provide a strong incentive to plaintiffs' counsel in other cases who might well seek to maneuver their cases to take advantage of the inconsistencies. Moreover, to permit one or more cases now to proceed outside the consolidated framework established by the Court could only undercut the efficiencies and equities sought to be gained through that framework. Defendants submit that the Court should vigilantly guard against such a result.

Nor should the Court remand plaintiff's state claims alone. That would result in multiple litigations, rather than one, sap the resources of two courts instead of one, require two separate trials instead of one, and would burden two separate juries rather than one. By the same token, it would subject defendants to the burdens of litigating two cases against this same plaintiff rather than one – and would subject defendants to the potential of duplicative damage awards. In short, defendants' interests, and the interests of judicial economy, would be best served by the Court retaining this action in its entirety as one of the consolidated RNC actions.

---

[4] Judge Cedarbaum added that "Although I have held that exceptional circumstances are present which justify staying the federal claims until the state courts have decided the state constitutional claims, the circumstances that would justify a decision entirely to relinquish the federal claims do not exist. That is, the circumstances justify delaying decision on the federal claims, but not complete abdication." Hickerson, 932 F. Supp. at 556.

The federal appellate courts repeatedly have underscored such considerations when reviewing the decisions of district courts on the issues of remand and supplemental jurisdiction. See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 & n.2-3 (2nd Cir. 1998) (reversing the lower court's refusal to exercise supplemental jurisdiction after noting that the lower court's decision would require the parties to initiate additional litigation in the state courts that would impose a "substantial burden" upon them). Similarly, in the Borough of West Mifflin case, the Third Circuit observed that "we are inclined to believe that the dictates of 'judicial economy, convenience, fairness to the parties, and comity' are better served by recognizing pendent jurisdiction. This is especially true where it is desirable to avoid the possibility of duplicating the recovery of damages. Here it is preferable for a single fact finder, under proper instruction from the court, to consider the varying elements of damages recoverable under the federal § 1983 claim and the state [claims]." Borough of West Mifflin, 45 F.3d at 789; see also Kabealo v. Davis, 829 F. Supp. 923, 927-28 (S.D. Ohio 1993) ("remanding the state claims to the state court would result in a needless duplication of expense and judicial resources").

### (2) Plaintiff's Perceived Interests In Avoiding The Federal Forum Are Misplaced

Plaintiff argues that "the New York State Court is a more appropriate venue for bringing a malicious prosecution and falsification of evidence action against a District Attorney and the City of New York." Second Remand Motion at 7. He adds that "Clearly, this Court does not have the same jurisdiction as the State court does on an individual's claim of misconduct against state and city officials." Id. For these remarkable propositions, which were first set forth in plaintiff's letters to the Court, plaintiff cites no authority whatsoever except the case of Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976).

- 19 -

While <u>Imbler</u> raises a number of very serious questions about the viability of plaintiff's claims against the District Attorney (and perhaps about whether counsel has any basis consistent with FRCP Rule 11 to have asserted that claim in the first place), even a cursory review of <u>Imbler</u> plainly demonstrates that it has nothing whatsoever to do with a federal court's *jurisdiction* over such claims.  <u>Imbler</u>, 424 U.S. at 427 ("We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law").[5]

Plaintiff's remaining arguments – that "to force the plaintiff to litigate his claim in federal court would substantially prejudice his right to access to the courts" and that "to deny the plaintiff his state court remedy would substantially prejudice his case and his rights" – both of which remain utterly without explanation and bare of any supporting legal authority -- also must be rejected.

Defendants respectfully submit that there is nothing unfair about the Court's retaining this case for adjudication in the federal forum.  Indeed, as Judge Cedarbaum held in another Southern District case, "[p]laintiffs are the masters of their complaints, and these plaintiffs could have assured themselves a state forum by bringing only claims arising under state law. . . . [I]f plaintiffs choose to assert claims under the Constitution of the United States, defendants are entitled to remove the case to federal court." <u>Hickerson v. The City of New York</u>, 932 F. Supp. 550, 553-54 (S.D.N.Y. 1996) (Cedarbaum, J.) (declining plaintiffs' request to remand the entire action); <u>see also</u> <u>Surprise v. GTE Service Corporation</u>, 47 F. Supp. 2d 240, 244

---

[5] Plaintiff also has argued that "it would be more efficient to proceed with discovery in state court" and that "combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice [plaintiff]."  Plaintiff's Letter of February 22, 2006 (Exh. "A" to Mirro Declaration) at ¶ 3.  Plaintiff apparently misunderstands the framework established by the Court for the RNC cases.  Plaintiff is free to proceed with whatever discovery that plaintiff wishes in federal court (and to decline to participate in consolidated discovery if he wishes).  There is no more efficient system in the state court system, there is no reason for confusion here and plaintiff will not be prejudiced by prosecuting his case in federal court.

(D. Conn. 1999) ("[b]y pleading federal causes of action concurrently with state claims all arising from a common factual scenario, the plaintiffs subjected themselves" to the federal forum); <u>Marcus v. AT&T Corporation</u>, 138 F.3d 46, 52 (2nd Cir. 1998) (same).

## CONCLUSION

For all of the foregoing reasons, defendants submit that plaintiff's motion to remand, for costs and attorney's fees, and all other relief sought by plaintiff, should be denied.

Dated: New York, New York
      April 21, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney For Defendants*

By: _____
      James Mirro (JM 2265)
      Special Assistant Corporation Counsel
      Special Federal Litigation
      100 Church Street, Room 3-137
      New York, New York 10007
      212.788.8026 (ph)
      212.788.9776 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

ALEXANDER DUNLOP,

                              Plaintiff,

        -versus-                               **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                           Defendants.

------------------------------------------------------------------------- x

## DECLARATION OF JAMES MIRRO

        **JAMES MIRRO,** an attorney duly admitted to practice in the State of New York

and before this Court, declares under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that

the following statements are true and correct:

                1.       I am a Special Assistant Corporation Counsel in the office of Michael A.

Cardozo, Corporation Counsel of the City of New York, attorney for defendants The City of New

York, Michael Bloomberg, Raymond Kelly, Joseph Esposito, Thomas Graham, John J. Colgan,

The New York County District Attorney's Office, New York District Attorney Robert

Morgenthau, Maya Gomez and The Hudson River Park Trust (collectively "Defendants").

                2.       I am familiar with the facts stated below and submit this declaration in

support of Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Remand.

                3.       Annexed as Exhibit "A" hereto is plaintiff's first motion to remand this

action, dated February 17, 2006.

                4.       Annexed as Exhibit "B" hereto is plaintiff's Letter to the Court dated

February 22, 2006.

5.      Annexed as Exhibit "C" hereto is plaintiff's Letter to the Court dated February 23, 2006.

6.      Annexed as Exhibit "D" hereto is defendants' Letter to the Court dated March 3, 2006.

7.      I have served a copy of this Declaration, along with the annexed exhibits, and the Defendants' Memorandum of Law In Opposition to Plaintiff's Motion to Remand, to counsel for plaintiff on the date set forth below by email.

Dated: New York, New York
       April 21, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney For Defendants*

By:  _____
       James Mirro (JM 2265)
       Special Assistant Corporation Counsel
       Special Federal Litigation
       100 Church Street, Room 3-137
       New York, New York 10007
       212.788.8026 (ph)
       212.788.9776 (fax)

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ALEXANDER DUNLOP,                                          x

               Plaintiff,

      vs.

THE CITY OF NEW YORK a municipal entity
MICHAEL BLOOMBERG, Mayor of the City of
New York, RAYMOND KELLY, Police
Commissioner of the City of New York, JOSEPH
ESPOSITO, Chief of the Department, New York
City Police Department, THOMAS GRAHAM ,
Commanding Officer of the Disorder Control Unit
of the New York City Police Department, JOHN J.
COLGAN, Deputy Chief and Commanding Officer,
Pier 57, New York City Police Department,
THE NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, NEW YORK DISTRICT
ATTORNEY ROBERT MORGENTHAU, POLICE
OFFICER MAYA GOMEZ, shield number 27230,
POLICE OFFICER JOHN DOE's 1-3, and the
HUDSON RIVER PARK TRUST, in their individual
and official capacities, jointly and severally,

               Defendant(s).

_____x

06-CV-433 (KMK) (JCF)
ECF

**Oral Argument Requested**

**(A)**

## PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED DUE TO THE IMPROPER REMOVAL

      Plaintiff, Alexander Dunlop (hereinafter, "DUNLOP") by his attorneys, Kurland

& Associates, P.C., hereby moves pursuant to § 1447(c) of Title 28 of the United States

Code, for an order of this Court directing:

(1) that this case be remanded in full to the New York County Supreme Court, as the main crux of this matter is *not* related to the actions captioned <u>Schiller v. The City of New York</u> 04-CV-7922 (KMK) (JCF) and <u>MacNamara et al. v. The City of New York et al.,</u> 04 CV 9216 (KMK) (JCF), and the numerous other consolidated cases and class action suits arising out of the protest activity and arrests during the 2004 Republican National Convention, (hereinafter, "consolidated RNC protest cases") as asserted by DEFENDANTS in their removal papers, and

(2) that this case be remanded in full to New York County Supreme Court, pursuant to 18 U.S.C. § 1367(c) (2) as the state law claims substantially predominate over the claim or claims that this Court has original jurisdiction, over, and that for the reasons stated herein it would be more efficient to proceed with discovery in state court, the discovery, evidence, causes of action and witnesses are different enough so that combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice DUNLOP;

(3) that the DEFENDANTS to DUNLOP his just costs, and expenses, including attorney's fees, incurred as a result of the improper removal of this case, and

(4) that this Court grant such other and further relief as may be just and proper.

## Distinguishing The Instance Case

The main cause of action in this case does *not* arise out of the protest activity and arrests during the 2004 Republican National Convention unlike the matters

consolidated by the Honorable Kenneth M. Karas's Amended Consolidation order annexed hereto as Exhibit A. Rather, the crux of this case is the concealment, and falsification of evidence and resulting malicious prosecution by DEFENDANTS, as well as other state law claims. Although this matter includes issues related to the wrongful arrest of DUNLOP, the arrest took place prior to the RNC, at a location different than the locations in the consolidated RNC protest cases, and DUNLOP was not a protestor. As such, the facts of the secondary issues are also not substantially related such that it would allow for effective consolidation.

DUNLOP left his home on August 27, 2004 to pick up dinner at a local restaurant and was falsely arrested in his neighborhood on Tenth Street and Second Avenue. DUNLOP was not a protester of the Republican National Convention, (hereinafter, "RNC") nor was he engaged in any other type of protest at the time of his arrest. DUNLOP was not riding his bicycle with the "Critical Mass" last Friday of the month ride nor had he ever participated in "Critical Mass" rides. DUNLOP was not participating in any 'peaceful assembly' nor was he a participant in a 'peaceful assembly' at the time of his arrest unlike those in the consolidated RNC protest cases. He was a New York City resident riding a bike to pick up dinner and he was falsely arrested. The gravaman of Dunlop's complaint is that the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and the CITY OF NEW YORK falsified evidence during their malicious prosecution in an attempt to cover up the fact that he was an innocent bystander arrested for no reason. See Amended Complaint Annexed hereto as Exhibit B.

The consolidated RNC protest cases were conversely brought in an effort to ". . . vindicate the civil rights of individuals *who wish to participate in or simply observe*

3

*lawful* and peaceful demonstrations in New York City" (emphasis added).[1]  DUNLOP was neither.  As indicated above, DUNLOP's case was brought because he was falsely arrested and prosecuted with intentionally falsified evidence.

In addition, the defendants assert that the causes of action and related discovery are similar enough so that "both sides would benefit from the consolidated discovery and other consolidated pre-trial treatment of these actions." Annexed hereto as Exhibit C is a copy of Defendant's Notice and Statement of Relatedness.   This assertion unfortunately is untrue as the heart of the instant matter is that the DEFENDANTS have tampered with and falsified evidence for the specific purpose of unlawfully and maliciously prosecuting DUNLOP.  The discovery herein concerns the falsification of evidence and has nothing to do with the RNC protest cases. Therefore consolidation would not benefit the parties and in fact may even confuse and hamper discovery and the disposition of these matters. Although there are some federal issues, the overwhelming focus of this action is State defendants who cannot be sued in federal court and State causes of action including but not limited to malicious prosecution, falsifying evidence and false arrest.

Conversely, the consolidated RNC protest cases are based in federal issues including but not limited to violations of their First, Fourth and Fourteenth Amendments. Another difference in the instant matter is that DUNLOP was charged and prosecuted with various offenses, which were not disposed of in the arraignment part or anytime thereafter as the Plaintiffs in the consolidated RNC protest cases were.  DUNLOP faced these charges and was defending himself for almost seven months before the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE dropped the charges when

---

[1] See Verified Complaint Schiller v. The City of New York 04-CV-7922 (KMK) (JCF).

confronted with proof of their misconduct---the altered tape.[2]  Conversely in the great

majority of the consolidated RNC protest cases, the lead Plaintiffs were given desk

appearance tickets or their cases were dismissed at the outset.[3]  Thus the witnesses as to

the claims and the discovery needed in this matter is substantially different.  In essence,

the protestor's main causes of actions is what happened on the street during the protest,

where DUNLOP's case addresses issues that happened in the 'courtroom,' making this

case too unrelated to the consolidate RNC protest cases to benefit from consolidation.

In fact, the consolidated RNC protest cases generally allege if anything, an ease in

the prosecutorial phase of their litigation.  Indicative of this is that in the Schiller matter,

the protesters allege that the NEW YORK COUNTY DISTRICT ATTORNEY'S

OFFICE announced "it would dismiss all of the 227 prosecutions arising out of the

August 31 arrests on Fulton Street",[4]  and that the remainder of the complainants, "have

experiences that were near identical and are representative of the treatment received by

the group of over 200 individuals that were arrested."[5]

In stark contract to DEFENDANTS assertion that both sides will benefit from the

consolidated discovery and other consolidated pretrial treatment of these actions, it would

actually be confusing and time consuming to attempt to fit the square peg of DUNLOP's

case, an unrelated individual who was caught in the cross fire of a protest and maliciously

prosecuted into the round hole of the consolidated RNC protest cases which are asserting

a primary cause of action for violations of their First, Fourth and Fourteenth Amendment

rights.

---

[2] See Plaintiff's Amended Complaint.
[3] See generally Complaint of  Schiller v. The City of New York 04-CV-7922 (KMK) (JCF) and Amended
Complaint MacNamara et al. v. The City of New York et al.,  04 CV 9216 (KMK) (JCF)
[4] Schiller complaint para. 10.
[5] Schiller.

## Federal Court Is Not the Appropriate Venue for this Matter and New York State Court Is the Appropriate Venue

New York State Court is a more appropriate venue for bringing a malicious prosecution and falsification of evidence action against a District Attorney and the City of New York. Clearly, this Court does not have the same jurisdiction, as the State court does on an individual's claim of misconduct against state and city officials. To force DUNLOP to litigate his claim in federal court would substantially prejudice his right to access to the courts to redress individual grievances. There can be no denial that the State court can determine, without any constitutional impediment, the extent that the State and City are liable for what happened to Mr. DUNLOP

## The State Claims Substantially Predominate Over the Claim(s) That the District Court Has Original Jurisdiction,

Under 28 U.S.C. 1331, the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. However, under 28 U.S.C. § 1367, the district court may decline to exercise supplemental jurisdiction over a claim if the state claim(s) "substantially predominates over the claim or claims over which the district court has original jurisdiction." [6] There is little to gain in the way of convenience or judicial economy having a federal court hear a case consisting of State law claims. A federal court will find substantial predominance when it appears that ". . . a state claim constitutes the real body of a case, to which the federal claim is only an appendage." [7]

---

[6] 18 U.S.C. § 1367(c)(2).
[7] *United Mine Workers v. Gibbs*, 383 U.S. 715, 727.

The core of the instant matter is state claims and state defendants. To deny Mr. DUNLOP his State court remedy would substantially prejudice his case and his rights. We ask that Mr. DUNLOP's case be returned to state court where it belongs.

## CONCLUSION

For above reasons, this Court should grant Plaintiff's Motion to Remand and return the case to state court, grant PLAINTIFF his costs, and expenses, including attorney's fees, incurred as a result of the improper removal of this case and order such other and further relief as may be just and proper.

Dated:     February 17, 2006
           New York, New York

Respectfully Submitted,

KURLAND & ASSOCIATES, P.C.

*Gina M. Bonica*

Gina M. Bonica, Esq. (GB-6615)
304 Park Avenue South, Suite 206
New York, NY 10010
212.253.6911(P)
212.614.2532 (F)
*Attorneys for Plaintiff*

TO:    James Mirro, Esq.
       Special Assistant Corporation Counsel

       *Attorney for Defendants*

7

# KURLAND & ASSOCIATES, P.C.

———————————— ATTORNEYS AT LAW ————————————

YETTA G. KURLAND

GINA M. BONICA

APRYL E. HAND*

*OF COUNSEL

304 PARK AVENUE SOUTH, SUITE 206

NEW YORK, NEW YORK 10010

TEL 212-253-6911

FAX 212-614-2532

February 22, 2006



**Via Federal Express Mail**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

**Re:**   **Alexander Dunlop v. The City of New York et al., 06- cv-433 (KMK) (JCF)**

Dear Honorable Karas,

This office represents the Plaintiff, Alexander Dunlop in the above referenced matter. I am writing you to respectfully request a pre-motion conference to discuss Plaintiff's Motion to Remand the matter to the New York County Supreme Court where it was filed in August 2005.

The nature of this case is to seek damages for, among other things, false arrest, falsifying evidence, and maliciously prosecution committed by the Defendants against Mr. Dunlop commencing on or about August 27, 2004. Defendants were timely served on December 22, 2005 and on January 19, 2006, Defendants transferred this matter to the United Stated District Court and filed a Notice of Relatedness and Consolidation claiming that it was related to Republican Nation Convention (hereinafter, "RNC") cases.

However, we dispute this as the main crux of this matter is *not* related to the actions captioned <u>Schiller v. The City of New York</u> 04-CV-7922 (KMK) (JCF) and <u>MacNamara et al. v. The City of New York et al.,</u> 04 CV 9216 (KMK) (JCF), and the numerous other consolidated cases and class action suits arising out of the protest activity and arrests during the 2004 Republican National Convention, as asserted by the Defendants in their removal papers. We also contest this Removal pursuant to 18 U.S.C. § 1367(c) (2) as the state law claims substantially predominate over the claim or claims that this Court has original jurisdiction, over, and it would be more efficient to proceed with discovery in state court, the discovery, evidence, causes of action and witnesses are different enough so that combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice Mr. Dunlop.

I have advised the Defendants' attorney, Mr. James Mirro from Corporation Counsel of our concerns and our intent to make a Motion to Remand. In error, I reviewed judge

Francis' Local Rules which does not require a pre motion conference, instead of Your Honor's Local Rules as Judge Francis is the Magistrate assigned to this matter. I profoundly apologize for this error.

On February 17, 2006, Plaintiff timely file within thirty (30) days of the Notice to Transfer pursuant to § 1447(c) of Title 28 of the United States Code our Motion to Remand and served a copy on Defense counsel accordingly. Enclosed please find two (2) courtesy copies of the Motion to Remand.

We respectfully pray that Your Honor grants the Plaintiff a pre motion conference. Thank you for your consideration.

Gina M. Bonica, Esq. (GB-6615)
304 Park Avenue South, Suite 206
New York, NY 10010
212.253.6911(P)
212.614.2532 (F)
*Attorneys for Plaintiff*

Enc.

TO:    James Mirro, Esq.
       Special Assistant Corporation Counsel

       *Attorney for Defendants*

       Via Facsimile and First Class Mail

2

# KURLAND & ASSOCIATES, P.C.
————————————————— ATTORNEYS AT LAW —————————————————

YETTA G. KURLAND                                    304 PARK AVENUE SOUTH, SUITE 206
GINA M. BONICA                                          NEW YORK, NEW YORK 10010
APRYL E. HAND*                                                 TEL 212-253-6911
*OF COUNSEL                                                    FAX 212-614-2532



February 23, 2006

**Via Federal Express Mail**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

**Re:    Alexander Dunlop v. The City of New York et al., 06- cv-433 (KMK) (JCF)**

Dear Honorable Judge Karas,

This office represents the Plaintiff, Alexander Dunlop in the above referenced matter. I am writing you to respectfully request a pre-motion conference to discuss Plaintiff's Motion to Remand the matter to the New York County Supreme Court where it was originally filed and further respectfully request that Your Honor grants Plaintiff an extension of time to file its Motion to Remand pursuant to § 1447(c) of Title 28 of the United States Code until a pre-motion conference can be held on the matter.

Also, although I understand in a conversation with my managing attorney and your law clerk, Ms. Levine in which Ms. Levine advised our office that you would deny our Motion to Remand without prejudice so as to permit us to file the Motion again. We respectfully request in the interest of time and efficiency that you postpone a decision on this matter pending our pre motion conference.

The nature of this case is to seek damages for, among other things, false arrest, falsifying evidence, and maliciously prosecution committed by the Defendants against Mr. Dunlop commencing on or about August 27, 2004.

On January 19, 2006, Defendants transferred this matter to the United Stated District Court and filed a Notice of Relatedness and Consolidation claiming that it was related to Republican Nation Convention (hereinafter, "RNC") cases. We immediately advised Mr. Mirro that we would file a Motion to Remand. Our office erroneously reviewed Judge Francis' Individual Rules for Motions as Judge Francis is the Magistrate Judge handling this case and not Your Honor's. Judge Francis' Individual Rules does not require a pre-motion conference and therefore this office filed the Motion without requesting a pre-motion conference. We apologize for any inconvenience this caused Your honor and in no way intended to disregard your Individual Rules.

Our office did contact the Defendants' attorney Mr. James Mirro, Esq., from Corporation Counsel, and asked for an extension in filing a Motion to Remand. However, on the morning of February 17, 2006, Mr. Mirro advised us that the Defendants did not agree to an extension in serving our Motion. Accordingly, so as to timely file our Motion within thirty (30) days of the Notice to Transfer pursuant to § 1447(c) of Title 28 of the United States Code we served and filed a copy of our Motion to Remand on Defense counsel and with this Court on February 17, 2006.

Our request for a pre-motion conference is prefaced on our assertion that the main crux of this matter is *not* related to the actions captioned Schiller v. The City of New York 04-CV-7922 (KMK) (JCF) and MacNamara et al. v. The City of New York et al., 04 CV 9216 (KMK) (JCF), and the numerous other consolidated cases and class action suits arising out of the protest activity and arrests during the 2004 RNC, as asserted by the Defendants in their removal papers. The consolidated RNC protest cases were brought in an effort to ". . . vindicate the civil rights of individuals *who wish to participate in or simply observe lawful* and peaceful demonstrations in New York City" (emphasis added).[1] Mr. Dunlop was neither and his case was brought because he was falsely arrested and prosecuted with intentionally falsified evidence.

In addition, the Defendants assert that the causes of action and related discovery are similar. This assertion unfortunately is untrue as the heart of the instant matter is that the Defendants have tampered with and falsified evidence for the specific purpose of unlawfully and maliciously prosecuting Mr. Dunlop. The discovery herein concerns the falsification of evidence and has nothing to do with the RNC protest cases. Therefore consolidation would not benefit the parties and in fact may even confuse and hamper discovery and the disposition of these matters. Although there are some federal issues, the overwhelming focus of this action is State defendants who cannot be sued in federal court and State causes of action including but not limited to malicious prosecution, falsifying evidence and false arrest.

Conversely, the consolidated RNC protest cases are based in federal issues including but not limited to violations of their First, Fourth and Fourteenth Amendments. Another difference in the instant matter is that DUNLOP was charged and prosecuted with various offenses, which were not disposed of in the arraignment part or anytime thereafter as the Plaintiffs in the consolidated RNC protest cases were. Mr. Dunlop faced these charges and was defending himself for almost seven months before the New York District Attorney's Office dropped the charges when confronted with proof of their misconduct---the altered tape.[2] Thus the witnesses as to the claims and the discovery needed in this matter is substantially different. In essence, the protestor's main causes of actions is what happened on the street during the protest, where Mr. Dunlop's case addresses issues that happened in the 'courtroom,' making this case too unrelated to the consolidate RNC protest cases to benefit from consolidation.

---

[1] See Verified Complaint Schiller v. The City of New York 04-CV-7922 (KMK) (JCF).
[2] See Plaintiff's Amended Complaint which was attached as an Exhibit to Defendants' Notice of Motion to Transfer.

New York State Court is a more appropriate venue for bringing a malicious prosecution and falsification of evidence action against a District Attorney and the City of New York. Clearly, this Court does not have the same jurisdiction, as the State court does on an individual's claim of misconduct against state and city officials. To force Mr. Dunlop to litigate his claim in federal court would substantially prejudice his right to access to the courts to redress individual grievances. There can be no denial that the State court can determine, without any constitutional impediment, the extent that the City is liable for what happened to Mr. Dunlop.

We also contest this Removal pursuant to 18 U.S.C. § 1367(c) (2) as the state law claims substantially predominate over the claim or claims that this Court has original jurisdiction, over, and it would be more efficient to proceed with discovery in state court, the discovery, evidence, causes of action and witnesses are different enough so that combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice Mr. Dunlop. A federal court will find substantial predominance when it appears that ". . . a state claim constitutes the real body of a case, to which the federal claim is only an appendage."[3] The core of the instant matter is state claims and state defendants. To deny Mr. Dunlop his State court remedy would substantially prejudice his case and his rights.

We respectfully pray that Your Honor grants the Plaintiff a pre motion conference and further request that Your Honor grants an extension of time to file a Motion to Remand until such time that a pre-motion conference may be had. Thank you for your consideration.

KURLAND & ASSOCIATES, P.C.

Gina M. Bonica, Esq. (GB-6615)
304 Park Avenue South, Suite 206
New York, NY 10010
212.253.6911(P)
212.614.2532 (F)
*Attorneys for Plaintiff*

Enc.

TO:    James Mirro, Esq.
       Special Assistant Corporation Counsel

       *Attorney for Defendants*

       Via Facsimile and First Class Mail

---

[3] *United Mine Workers v. Gibbs*, 383 U.S. 715, 727.

3



THE CITY OF NEW YORK

**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

JAMES MIRRO
*Special Assistant Corporation Counsel*
*phone (212) 788-8026   fax (212) 788-9776*

March 3, 2006

*BY FAX* (tvs mail)

The Honorable Kenneth M. Karas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312

      *Re:*   ***Dunlop v. The City of New York, et al.***
           ***USDC SDNY 06 CV 433 (KMK) (JCF)***

Dear Judge Karas:

        On behalf of defendants, I write to oppose plaintiff's application for permission to file a second or renewed motion to remand this action to the state court. Based upon plaintiff's letter applications and the motion previously filed without permission, it is apparent that the proposed motion lacks merit (and is untimely). Accordingly, plaintiff's application should be denied.

        The Court has jurisdiction over this action. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Amended Verified Complaint ("Complaint") in this action pleads that defendants "deprived the plaintiff of the rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 [and] the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution[.]" Complaint ¶ 1 and Counts 7, 8, 9 and 10. Plaintiff's claim for "[a]ttorneys' fees and costs pursuant to 42 U.S.C. § 1988" similarly arises directly and exclusively from federal law.[1] Accordingly, there is no legitimate dispute that the Court has jurisdiction over this action based upon the existence of numerous federal questions including exclusive federal remedies.

---

[1] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).

Plaintiff's joinder of state law claims in the Complaint does not require remand. Congress expressly provided that when "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, *the entire case may be removed and the district court may determine all issues therein[.]*" 28 U.S.C. § 1441(c) (emphasis added); see also Suissa v. American Export Lines, 507 F.2d 1343, 1345-46 & n.7 (2nd Cir. 1974) (Kaufman, C.J.) ("That Suissa may also have had a right to pursue an otherwise nonremovable claim . . . does not bar a federal court from entertaining the entire controversy"). By the same token, plaintiff's joinder of state law claims in the Complaint does not compel the Court to decline to exercise supplemental jurisdiction. Indeed, the general rule is that "in any civil action of which the district courts have original jurisdiction, *the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.*" 28 U.S.C. § 1367(a).

Contrary to plaintiff's suggestion, this is not an action in which the Court may exercise its discretion to remand the action. Neither Section 1441(c) nor Section 1367(c) authorize the Court to remand an action that contains a claim within the Court's original jurisdiction. "[U]nless the federal question claims removed by the defendant were 'separate and independent' from the state law claims, § 1441(c) cannot apply and the district court must retain the federal claim." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 786-87 (3rd Cir. 1995) (granting mandamus to retain jurisdiction of federal civil rights claim in the federal court); Smith v. Amedisys, Inc., 298 F.3d 434, 440 (5th Cir. 2002) ("the trial court correctly concluded that it was without discretion to remand" where, despite multiple theories of liability, the wrongs alleged arose "from an interlocked series of transactions"). "[N]othing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the civil rights claims, to the state court." 45 F.3d at 787.

In any event, defendants respectfully submit that plaintiff's state law claims are so closely related to plaintiff's federal claims that they cannot be considered "separate and independent" from the federal claims but rather form part of the same case or controversy. This assessment must be made from the face of the complaint. Id. at 790. The Complaint in this case shows that plaintiff elected to plead federal causes of action under Section 1983 for the alleged violation of no fewer than six amendments to the United States Constitution and to seek recovery for attorney's fees and costs exclusively provided by federal law. Plaintiff asserted federal claims in no fewer than four separate counts (7, 8, 9, 10) of the Complaint. Plaintiff relies in the Complaint on the *same* set of facts for both plaintiff's federal causes of action and for plaintiff's state causes of action. Paragraphs 1 – 51 of the Complaint provide the alleged factual predicate for all of plaintiff's claims. Plaintiff's state law claims are pled in the subsequent Counts 1 – 6 of the Complaint. Plaintiff's federal law claims are pled in Counts 7 - 10 of the Complaint. In the first paragraph of *each* of the Counts 7 – 10, plaintiff "repeats and realleges and incorporates by reference" the allegations in all of the preceding paragraphs "with the same force and effect as if herein set forth." Complaint ¶¶ 98, 102, 105 and 111.

Defendants submit that this pleading very strongly suggests a common nucleus of operative facts precluding a finding that plaintiff's state claims are "separate and independent" from plaintiff's federal claims. Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3rd Cir. 1995) ("[plaintiffs] rely on the same series of events for all counts of their complaint, including the federal § 1983 count; therefore, the federal claim is not separate and independent under § 1441(c), and the district court had no authority to remand the case"); see also Surprise v. GTE Service Corporation, 47 F. Supp. 2d 240, 242 (D. Conn. 1999) (denying remand where state and federal counts incorporated by reference many of the same paragraphs of complaint setting forth the pertinent factual allegations); Kabealo v. Davis, 829 F. Supp. 923, 926-27 (S.D. Ohio 1993) (denying remand and finding that plaintiff's claims were pendant, not separate and independent, where "plaintiff relies on the same recitation of facts for all counts of the complaint"); Chapman v. 8th Judicial Juvenile Probation Board, 22 F. Supp. 2d 583, 584 (E.D. Tex. 1998) ("because plaintiff's contract claim is part of the same case or controversy . . . supplemental jurisdiction over that claim is proper as well"). Plaintiff's state law claims in this case certainly do not "predominate" over the federal claims to the extent that "the federal claim is only an appendage," which is the standard that plaintiff recites and that plaintiff must meet. 45 F.3d at 788.

Despite plaintiff's characterization, this action is closely related to the other consolidated RNC actions pending before Your Honor and Magistrate Judge Francis. Defendants' views on this subject are set forth in their Notice and Statement of Relatedness, which is attached as Exhibit "C" to the Notice of Removal. As the Court is aware, defendants have a very strong interest in having these claims adjudicated in federal court, subject to the uniform case management procedures that the Court and the parties have established since the inception of the RNC cases. Defendants submit that parallel federal and state proceedings would invite a host of difficulties in these cases including distracting defendants from their efforts to move the federal cases forward. The appellate courts have recognized similar considerations as persuasive. For instance, in the Borough of West Mifflin case, the Third Circuit observed that "we are inclined to believe that the dictates of 'judicial economy, convenience, fairness to the parties, and comity' are better served by recognizing pendent jurisdiction. This is especially true where it is desirable to avoid the possibility of duplicating the recovery of damages. Here it is preferable for a single fact finder, under proper instruction from the court, to consider the varying elements of damages recoverable under the federal § 1983 claim and the state [claims]." 45 F.3d at 789; see also Kabealo v. Davis, 829 F. Supp. 923, 927-28 (S.D. Ohio 1993) ("remanding the state claims to the state court would result in a needless duplication of expense and judicial resources").

Plaintiff's concerns about the federal forum are entirely misplaced. Plaintiff argues that "it would be more efficient to proceed with discovery in state court" and that "combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice [plaintiff]" (Plaintiff's Letter of February 22, 2006 at ¶ 3). But plaintiff is free to proceed with whatever independent discovery plaintiff wishes (and to decline to participate in consolidated discovery as plaintiff wishes). Plaintiff also argues that "although there are some federal issues, the overwhelming focus of this action is State defendants who cannot be sued in federal court" and that "[the federal court] does not have the same jurisdiction as the State court does on an individual's claim of misconduct against state and city officials" (Plaintiff's Letter of

February 23, 2006 at 2 ¶ 3; at 3 ¶ 1).  Suffice it to say that plaintiff's arguments miss the mark by a very wide margin.

Defendants respectfully submit that there is nothing unfair about the federal forum.  Indeed, "[b]y pleading federal causes of action concurrently with state claims all arising from a common factual scenario, the plaintiffs subjected themselves to the potential removal of the entire case to federal court."  Surprise v. GTE Service Corporation, 47 F. Supp. 2d 240, 244 (D. Conn. 1999).

Accordingly, plaintiff's application for permission to file a second or renewed motion to remand should be denied.  No further briefing on these issues should be permitted.[2]

Very truly yours,

James Mirro

cc:    Gina M. Bonica, Esq. (by fax)

---

[2] Plaintiff's 30-day time frame to move for remand has expired and plaintiff failed to request additional time from the Court until after that period had expired.