UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

ALEXANDER DUNLOP,

               Plaintiff,

    vs.

THE CITY OF NEW YORK a municipal entity
MICHAEL BLOOMBERG, Mayor of the City of
New York, RAYMOND KELLY, Police
Commissioner of the City of New York, JOSEPH
ESPOSITO, Chief of the Department, New York
City Police Department, THOMAS GRAHAM ,
Commanding Officer of the Disorder Control Unit
of the New York City Police Department, JOHN J.
COLGAN, Deputy Chief and Commanding Officer,
Pier 57, New York City Police Department,
THE NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, NEW YORK DISTRICT
ATTORNEY ROBERT MORGENTHAU, POLICE
OFFICER MAYA GOMEZ, shield number 27230,
POLICE OFFICER JOHN DOE's 1-3, and the
HUDSON RIVER PARK TRUST, in their individual
and official capacities, jointly and severally,

               Defendant(s).

—————————————————————— x

06-CV-433 (KMK) (JCF)
ECF


## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALEXANDER DUNLOP,

                            Plaintiff,

        vs.                                          **06-CV-433 (KMK) (JCF)**

THE CITY OF NEW YORK, et al.,                        **ECF**

                            Defendant(s).
-------------------------------------------------------------x


## PRELIMINARY STATEMENT

        The Plaintiff will not re-state the facts that were set forth in Plaintiff's Memorandum of

Law in Support of Motion to Remand but will further expand upon the arguments raised by

Defendants in their Memorandum of Law in Opposition to Plaintiff's Motion to Remand herein.

Annexed hereto is Exhibit A.

        Following the removal of this action from the Supreme Court of the State of New York,

County of New York, to the United States District Court for the Southern District of New York,

Plaintiff filed a timely Motion to Remand on February 17, 2006. The Motion, however, was

inadvertently filed based on Magistrate Judge Francis' Individual Practices, which do not require

advance permission from the Court, since he is the presiding Judge for Discovery and certain

other motions.

        Plaintiff was given permission to re-file his Motion to Remand after a pre-motion

conference was to be held, based on Judge Karas's Individual Motion Practices. At the pre-

motion conference on March 16, 2006, Plaintiff was given explicit permission to file a new

motion to remand, as well as to raise any legal issues and defenses in the new motion. Plaintiff

was not precluded from asserting new or different defenses and was not bound to solely expand

upon those defenses raised in his original motion or at the pre-motion conference. Upon the specific inquiry by Plaintiff's counsel, as to whether counsel could include any additional arguments or defenses not otherwise stated in the original motion, Judge Karas consented to allow any such arguments or defenses to be included. Therefore, Defendants' argument that Plaintiff was not permitted to include any new or different grounds for remand in his new motion to remand, despite having been given permission by the Court, is moot.

Plaintiff filed his Motion to Remand and Memorandum of Law in Support of Motion to Remand ("Second Remand Motion") on March 31, 2006, which expanded upon the grounds addressed in the first Motion. Plaintiff also raised the defense that Defendants' Notice of Removal was improper due to the fact that it failed to submit proper, unambiguous written proof that Defendants unanimously consented to the removal of this action. Pursuant to the explicit instructions and permissions extended to Plaintiff's counsel in the pre-motion conference, Plaintiff's Second Remand Motion, and the grounds for remand contained therein were timely, proper, and entirely relevant.

For the reasons stated in Plaintiff's Second Remand Motion, and for the following reasons, Plaintiff respectfully requests that his Second Remand Motion be granted in its entirety.

## I.    DEFENDANTS DID NOT PROVIDE UNAMBIGUOUS PROOF OF CONSENT TO REMOVAL

The burden of establishing the propriety of removal rests on the party who has filed the petition for removal. Ortiz v. Gen. Motors Acceptance Corp., 583 F.Supp. 526, 530 (N.D.Ill.1984). See Spillers v. C.R. Tillman, 959 F.Supp. 364, (S.D.Miss.1997), Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825, 827 (S.D.Tex.1981). Under the facts of

this case, the rule requiring unanimous and unambiguous consent of all defendants in a multi-party case is insurmountable. There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." Spillers, 959 F.Supp. 364, 368. "As a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal." Green v. National Association of Professionals and Executives, 92 Civ. 0424, 1992 WL 212348, at *2 (S.D.N.Y. 1992). The 'rule of unanimity 'advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and resolving doubts against removal in favor of remand." ' Miller v. First Security Investments, 30 F.Supp.2d 347, 350 (E.D.N.Y.1998). Ell v. S.E.T. Landscape Design, Inc., 34 F.Supp.2d 188, 193 (S.D.N.Y.1999) noting that the Second Circuit has "agreement" to the rule of unanimity".

In addition, mandating written consent to remove "is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand." *Id.* (citations omitted). Written consent to remove from each defendant prevents one defendant from choosing a forum for all. Codapro Corp. v. Wilson 997 F.Supp.322 (E.D.N.Y.,1998), Production Stamping Corp. v. Maryland Cas. Co., 829 F.Supp. 1074, 1076 (E.D.Wis.1993) (citation omitted). This "serves the policy of insuring the unanimity necessary for removal." Henderson, 920 F.Supp. at 1187 n. 2 (citation omitted).

Opposing counsel argues that "[a]ll defendants have consented to the removal of this action." Defendants Notice of Removal Annexed as Exhibit A to Plaintiffs Notice of Motion. Even where the removal motion states that "[a]ll defendants join in this notice" the Second Circuit has held that ". . .this hardly constitutes unambiguous evidence, much less written consent, of [  ] consent to the removal. *See* Codapro, 997 F.Supp. 322, 325 (E.D.N.Y.1998). ("Specifically, [e]ach [defendant] must independently and unambiguously file notice of [  ]

consent and [ ] intent to join in the removal.") (internal citation omitted).  The Court held that the

removal action in that case under these facts would appear to lack the required unanimity of

consent by all defendants necessary to bring this action in federal court. *Id.*

     In Codopro, the Court held that even where one Defendant had letters from some of the

defendants' consent to the removal, that this did not amount to a valid consent to remove. *See*

Payne v. Overhead Door Corp, 172 F.Supp.2d 475, 476-7 (S.D.N.Y.2001); *see also* Berrios v.

Our Lady of Mercy Med. Ctr., 1999 WL 92269, at *2 n. 1 (S.D.N.Y. Feb.19, 1999) ("A majority

of courts ... have taken a strict approach and have held a representation by one defendant in the

notice of removal that all defendants have consented to be insufficient, requiring instead that

each defendant independently notify the court of its consent.").

     In the case at bar, opposing counsel argues, that since the defendants are all represented

by the same counsel, that counsel had authority to from all defendants for removal.  See

Opposition at 5 citing to National Dairy Products Corp. v. Heffernan 195 F.Supp. 153, 156 n.1

(E.D.N.Y. 1961.)  However, the instant case is distinguishable from Heffernan for two reasons.

First, the defendants in Heffernan were all part of the same union and represented by Union

counsel.  In this matter, although Corporation Counsel may represent the Defendants the City of

New York, Bloomberg, Kelly, Esposito, Graham, Colgan, Gomez and even Hudson River Park

Trust, it is not unequivocal that they represent the New York County District Attorney's Office

and Robert Morgenthau as this office was contacted by counsel from the District Attorney's

Office asking for time to extend there time to answer.  Annexed hereto is the Affirmation of Gina

M. Bonica.   In addition, in Heffernan, the Defendants did not pursue the unanimity issue on oral

argument.  In the case at bar, Plaintiff will argue this issue on oral argument as there is reason to

doubt the alleged expressed unanimous consent to removal and as such, defendants notice is defective.

## II.    PLAINTIFF DID PROVIDE TIMELY NOTICE OF THE MOTION TO REMAND

Plaintiff served the Defendant with its motion to remand timely and within the statutory period. On or about February 17, 2006, Plaintiff served Defendant with its Motion to Remand ("First Remand"), Annexed hereto as Exhibit B is a copy of the First Remand, which was dismissed without prejudice by the Court because Plaintiff did not follow the Court's individual practice of requiring the moving party to submit a pre-motion letter before such a motion could be made. Annexed hereto is Exhibit C, a copy of the endorsed letter dismissing the Motion without prejudice.

In Federal Insurance Company v. Tyco International Ltd. --- F.Supp.2d ----, 2006 WL 728400 S.D.N.Y.,2006., (Karas, J) this Court held that the Plaintiffs Motion to Remand was timely where Motion to Remand was denied without prejudice merely for failure to comply with the Court's individual practices, which require a moving party to submit a pre-motion letter outlining the basis for the motion and requesting a pre-motion conference. (Individual Practices of Kenneth M. Karas ¶ 2A).

Although opposing counsel argues that this Court in Tyco found the Remand Motion was timely solely because the remand motion was "identical to the memorandum of law originally submitted. . ." this appears to mask the main reasons that this Court found the remand motion timely. Accordingly, this Court laid out its strongest reason why the remand motion in Tyco was considered timely and stated " . . . [t]he Court's denial of the timely-filed motion was obviously not on the merits, but solely on the procedural default of [  ] Plaintiffs to submit a pre-motion

letter requesting a pre-motion conference;" Tyco at 10. Indeed, the Court has since uniformly

employed this practice when either a pre-motion letter is filed or a motion is filed inconsistent

with the Court's individual practices there is no basis to deem the timely untimely. Tyco citing

to Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir.2006).

As stated above, on March 16, 2006 in the Pre-Motion conference, the Court permitted

the Plaintiffs to re-submit their Motion to Remand ("Second Remand") due to this technical

error. The Court, over opposing counsel's objection, declined to limit Plaintiff to the arguments

raised in its First Remand and permitted the Second Remand to address issues including but not

limited to 2828 USC § 1441(c). Accordingly, Plaintiff argued that this case be remanded in full

to the State Court, pursuant to 28 U.S.C. § 1441(c), as the removal action was improperly

brought under 28 U.S.C. § 1446 as written consent was not submitted to the Court by all

Defendants within 30 days, and pursuant to 28 U.S.C. § 1441(c) as the entire matter is

predominated by state law and this Court has the discretion to remand all matters in which State

law predominates. *See* Plaintiffs Motion for Remand and Memorandum of Law in Support of

Motion to Remand.

Opposing counsel argues that Plaintiff has waived its right to oppose the Notice of

Removal by not asserting the procedural defect within 30 days. *See* Defendant's Opposition.

However, 28 U.S.C. § 1447(c) states that a party waives any non-jurisdictional defect arising

from failure of all defendants to join or consent to removal if they *fail to file a motion to remand*

*within 30 days.* (emphasis added) The rule does not say that the procedural defects must be

articulated but rather a motion to remand must be filed within 30 days. Under 28 U.S.C. §

1447(c), to avoid waiver of any procedural defects in the notice of removal, a *motion for remand*

*must be filed within thirty days of the filing of the notice of removal.* Phoenix Global Ventures,

LLC v. Phoenix Hotel Associates, Ltd. 422 F.3d 72 (2005), Hamilton v. Aetna Life and Cas. Co.
5 F.3d 643-44 (1993) noting that there is no reference to the issue of procedural defect being
raised within 30 days, nor is there any statutory language that purports to limit the court's power
to consider an overdue motion," Federal Insurance Company v. Tyco International Ltd.
--- F.Supp.2d ----, 2006 WL 728400 * 9 (S.D.N.Y.,2006.); Phoenix Global Ventures, LLC v.
Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 75 (2d Cir.2005) . Somlyo v. J. Lu-Rob Enterprises,
Inc. 932 F.2d 1043, 1046.

    In the case at bar, the Plaintiff did file its Motion to remand within 30 days of the Notice
of Removal and thus it should not be precluded from asserting the procedural defects in
Defendant's Notice of Removal.  Moreover, even if the Court was to see it as overdue, there is
nothing that limits the Court's power to consider an overdue motion.

    Defendants have argued that a order remanding on procedural grounds is reviewable
citing to Mitskovski v. Buffaol and Port Erie Public Bridge Authority 435 F. 3d 127 (2nd Cir.
2006).  However, in Mitskovski, the remand was found to be improper because it a lack of "a
short and plain statement of the grounds for removal," as required by 28 U.S.C. § 1446(a), and
lack of subject matter jurisdiction.  Id.

    This is not similar to the instant case as Plaintiffs Motion for Remand is based on wholly
separate grounds.  In addition, the Courts have found that review of remand orders delays
litigation and adds unnecessary expense. A firm policy of declining to review remand orders
allows litigants to proceed with the litigation in a timely fashion in state court. See Hernandez v.
Brakegate, Ltd., 942 F.2d 1223, 1226 (7th Cir.1991)This conclusion is in accord with the "
'strong congressional policy against review of remand orders' [which] underlies [§ ] 1447(d)."
Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 500, 133 L.Ed.2d 461

(1995)(Ginsburg, J., concurring)(quoting <u>Sykes v. Texas Air Corp.</u>, 834 F.2d 488, 490 (5th Cir.1987)).

### III.    THE COURT MAY REMAND THIS ACTION

Pursuant to 28 U.S.C. § 1441(c), this Court has the discretion to both remand the State law claims asserted in Plaintiff's Amended Complaint to the New York County Supreme Court, and also remand all matters in which State law predominates, which ultimately constitutes the majority of claims in this case.

As amended in 1990, Title 28, United States Code, Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, *or*, *in its discretion, may remand all matters in which State law predominates.* (Emphasis added).

Defendants argue that because Judge Cedarbaum's opinion in the case of <u>Hickerson V. The City of New York</u>, 932 F. Supp. 550, 558 (S.D.N.Y. 1996) did not agree with some district court decisions that "have concluded that the revised provision does authorize remand of entire cases," that this Court should also so choose not to remand. What Defendants fail to realize is that the Court has discretion, and these few instances when the Court chooses not to remand does not negate the fact that some such district court decisions remanding a number of similar cases are still good law, should be strongly considered in the case at bar, and this Court has absolute authority to remand. (See <u>Moralez v. Meat Cutters Local 539</u>, 778 F.Supp. 368 (E.D.Mich.1991); <u>McKinney v. City of Grosse Pointe Park</u>, 72 F. Supp. 2d 788, 790 (E.D. Mich. 1999) (holding, pursuant to § 1441(c), that "[w]hen state law claims predominate in a civil action premised on federal question jurisdiction, the district court may remand the whole civil action to

state court" and remanding entire action "in light of the predominance of state law questions")).
It is important to note that Plaintiff requested that this case be remanded in full or, in the
alternative, that this Court remand each and every State law claim, both of which are within the
authority, interpretation, and discretion of this Court based upon 28 U.S.C. § 1441(c).

In their Memorandum, Defendants cite Smith v. Amedisys, Inc., 298 F.3d 434, 440 (5th
Cir. 2002) in support of their argument against remand. Although the court ultimately decided
against remand of the remaining state law claims in that case, the court recognized that in
considering whether or not to exercise supplemental jurisdiction, the court should consider "both
the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial
economy, convenience, fairness, and comity." *Batiste v. Island Records, Inc.,* 179 F.3d 217, 227
(1999)." Smith v. Amedisys, Inc., 298 F.3d 434 (5th Cir. 2002). Moreover, in Smith v.
Amedisys, Inc. the case had been pending for nearly three years, the parties had taken numerous
depositions, the matter was in the advanced stages of litigation, and the trial court was intimately
familiar with the facts and merits of the case. The case at bar is involves entirely different
circumstances; the matter is in the very early stages of litigation, as Defendants have not yet
answered Plaintiff's Amended Complaint, it was improperly removed from State court,
Plaintiff's Federal law claims are "separate and independent" from his State law claims, and
Plaintiff's State law claims predominate, all of which justify remand.

Plaintiff maintains his argument that, when applying the above factors to the case at bar,
it would be the more appropriate and judicially sound decision to remand this matter, and, at the
very least, to remand Plaintiff's State law claims for their proper adjudication. It would be both
fair and economical for Plaintiff to have his State law claims tried in State Court at this early
stage in litigation, especially in light of the fact that the malicious prosecution claim is wholly

based in State law and belongs in State Court. Furthermore, Plaintiff's State law claims "should be decided by the state courts before any federal constitutional issue is reached," which would be accomplished by remand of, at the very least, those State law claims that predominate. Hickerson v. The City of New York, 932 F. Supp. 550 (S.D.N.Y. 1996).

Finally, Defendants' argument that the Court may not remand this case because "Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim," (In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996)) is ultimately inapplicable here since, as demonstrated in Plaintiff's Second Remand Motion and herein, the case as bar was not properly removed due to Defendants' failure to submit proper written proof that Defendants unanimously consented to the removal of this action. For this reason and those stated previously and herein, Defendants' argument fails.

## IV.    PLAINTIFF'S STATE LAW CLAIMS ARE "SEPARATE AND INDEPENDENT" AND PREDOMINATE OVER PLAINTIFF'S FEDERAL CLAIMS

The Federal law claims in Plaintiff's Amended Complaint, as previously argued, are in fact "separate and independent" from the State claims and do not form part of the same case or controversy. Moreover, Plaintiff has suffered numerous wrongs and violations as a result of Defendants' various actions, not a single wrong. For instance, the malicious prosecution is clearly a separate an independent event, involving distinctly different facts from Plaintiff's other claims, and this claim resulted in different injuries and damages to Plaintiff at different times, and by different actors, contrary to those circumstances and facts contained in cases cited by Defendants. (Smith v. Amedisys, Inc., 298 F.3d 434, 440 (5th Cir. 2002); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3rd Cir. 1995); Itar-Tass Russian News Agency v.

Russian Kurier, Inc., 140 F.3d 442, 447 (2nd Cir. 1998); Kabealo v. Davis, 829 F. Supp. 923, 927-27 (S.D. Ohio 1993).

Plaintiff's State law claims predominate by number and content, and Defendants' violation of such form the basis for Plaintiff's claims for false arrest and imprisonment, assault, battery, malicious prosecution, negligent infliction of emotional distress, and negligence. Defendants primarily violated Plaintiff's rights, privileges and immunities secured by the Constitution and laws of the State of New York.

Plaintiff initiated this action in State court specifically because the State law claims in this action form the crux of the matter and are the real body of the case, in particular the claim for malicious prosecution. To force Plaintiff to move to Federal Court and preclude him from availing himself in State Court only because so many of his rights have were violated that they also included Federal issues seems unfair and would subject Plaintiff to further obstruction from justice. Also, there is a wider pool of relief that Plaintiff can seek under New York State and City laws, especially as it relates to his malicious prosecution claim. Of particular importance is the fact that Plaintiff's malicious prosecution claim cannot be alleged in Federal Court, as there is no parallel Federal claim, and the proper adjudication of this State law claim is of paramount importance to the instant matter.

The malicious prosecution claim is based on facts and events that occurred at undeniably separate times and locations, and involved different actors, from Plaintiff's claims of false arrest and battery. It is disturbingly clear that one or more of the Defendants tampered with and falsified evidence for the specific, targeted purpose of unlawfully and maliciously prosecuting the Plaintiff, thereby violating his rights, privileges and immunities secured by the Constitution and laws of the State of New York. The malicious prosecution alone that Plaintiff endured is

11

shocking to the moral conscious and further distinguishes this case from the other unrelated, consolidated RNC actions before this Court. The malicious prosecution of Plaintiff is completely distinctly different and unrelated to the facts and circumstances comprising the consolidated RNC actions. Disallowing Plaintiff's malicious prosecution claim to be heard in its proper venue of the New York County Supreme Court would, at the very least, only serve to further obstruct justice.

## CONCLUSION

For all of the foregoing reasons, as well as those stated in Plaintiff's Memorandum of Law in Support of Motion to Remand, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Remand and return the case to State court, grant the Plaintiff his costs, and expenses, including attorney's fees, incurred as a result of the improper removal of this case, and order such other and further relief as may be just and proper.

Dated: New York, New York
     April 28, 2006

                 Respectfully Submitted,

                 KURLAND & ASSOCIATES, P.C.

                 Gina M. Bonica, Esq. (GB-6615)
                 304 Park Avenue South, Suite 206
                 New York, NY 10010
                 212.253.6911(P)
                 212.614.2532 (F)
                 *Attorneys for Plaintiff*

TO:    James Mirro, Esq.
        Special Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ALEXANDER DUNLOP,

                    Plaintiff,              **06CV 433(KMK)(JCF)**

    -versus-

THE CITY OF NEW YORK, et al.

                  Defendants.

------------------------------------------------------------x

### DECLARATION OF GINA BONICA

        **GINA BONICA**, an attorney duly admitted to practice in the State of New York and before this Court, declares under penalty of perjury, and pursuant to 28 U.S.C§ 1746, that the following statements are true and correct:

    1.    I am an associate of Kurland & Associates, P.C, and counsel for the  Plaintiff Alexander Dunlop.

    2.    I am familiar with the facts stated below and submit this declaration in support of Plaintiff's Supplemental Response to Memorandum of Law in Support of its Motion to Remand.

    3.    On January 6, 2006 and on January 11, 2006, I was contacted by Michael Morgan, an attorney for New York County District Attorney's Office who advised me that the New York County District Attorney's Office represented the New York District Attorney's Office and District Attorney Robert Morgenthau. At no time did Mr. Morgan inform me in that or any other conversation that the New York District Attorney's Office and Robert Morgenthau were represented by Corporation Counsel.

4.    Annexed as Exhibit "A" hereto is Defendant's Memorandum of Law In Opposition to Plaintiff's Motion to Remand, dated April 21, 2006.

5.    Annexed as Exhibit "B" hereto is the Remand Motion dated February 17, 2006.

6.    Annexed as Exhibit "C" hereto is Plaintiff's Letter to Court dated February 22, 2006.

7.    I have served by e-mail correspondence a copy of this Declaration, along with Plaintiff's Supplemental Response to Memorandum of Law In Support Of Motion for Remand and annexed exhibits, to counsel for the Defendants on the date set forth below.

Dated: New York, NY
        April 28, 2006

GINA M. BONICA
Kurland & Associates, P.C.
*Attorney for Plaintiff*

By: Gina M. Bonica
Gina Bonica (GB-6615)
Kurland & Associates, P.C.
304 Park Avenue South
Suite 206
New York, New York 10010
212. 253.6911(ph)
212. 614.2532 (fax)

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

ALEXANDER DUNLOP,

                Plaintiff,

      -versus-                    **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                Defendants.

-------------------------------------------------------------------- x


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**MICHAEL A. CARDOZO**
**Corporation Counsel of the City of New York**
*Attorney For Defendants*

**James Mirro (JM 2265)**
**Special Assistant Corporation Counsel**
**Special Federal Litigation**
**100 Church Street, Room 3-137**
**New York, New York 10007**
**212.788.8026 (ph)**
**212.788.9776 (fax)**

April 21, 2006

# TABLE OF CONTENTS

**Background** ............................................................................ 1

**Argument** ............................................................................... 3

   **I. THE REMOVAL WAS PROPER** ............................................ 3

      **A. Defendants Unanimously Consented To Removal** ................... 3

      **B. Plaintiff's New Arguments Are Untimely And Were Waived** ...... 6

         **(1) Plaintiff's "Procedural Defect" Arguments Were First
            Made 41 Days After Expiration Of The Statutory Period** ...... 7

         **(2) Plaintiff May Not Avoid The Mandate Of The Statutory
            Period By Asserting A "Relation Back" Argument** ............... 8

         **(3) The Court Lacks Authority To Extend The Statutory Period** 10

   **II. THE COURT HAS JURISDICTION OVER THIS ACTION** ......... 12

      **A. Plaintiff Has Pled A Variety Of Federal Questions** ................. 12

      **B. Plaintiff's Joinder Of State Law
         Claims Does Not Require Remand** ..................................... 13

      **C. The Court May Not Remand An Action
         That Pleads A Federal Question** ....................................... 14

      **D. Plaintiff's State Law Claims Are Not "Separate And
         Independent" From Plaintiff's Federal Claims** ....................... 15

      **E. The Court Should Retain This Action As One
         Of The Consolidated RNC Actions** ..................................... 17

         **(1) Defendants' Interests – And The Tribunal's Interests –
            Require That The Court Retain This Action In Its Entirety** ... 17

         **(2) Plaintiff's Perceived Interests In Avoiding
            The Federal Forum Are Misplaced** .................................. 19

**CONCLUSION** .......................................................................... 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

ALEXANDER DUNLOP,

                              Plaintiff,

            -versus-                                    06 CV 433 (KMK)(JCF)

THE CITY OF NEW YORK, et al.

                              Defendants.

-------------------------------------------------------------------- x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

### Background

The "amended verified complaint" ("Complaint") in this action pleads violations of plaintiff's federal civil and constitutional rights. The Complaint was filed in the Supreme Court of the State of New York, County of New York, and was served on the City of New York on or about December 22, 2005. On January 19, 2006, defendants timely removed the action to the United States District Court for the Southern District of New York. Defendants' Notice of Removal was filed by the Office of the Corporation Counsel. The Office of the Corporation Counsel represents all defendants in this action and the Notice of Removal recites explicitly that "[a]ll defendants have consented to the removal of this action." Notice of Removal ¶ 4 (Exhibit "A" to plaintiff's Notice of Motion).

On February 17, 2006, plaintiff filed his original motion to remand this action ("Remand Motion") without permission from the Court (Exhibit "A" to the Declaration of James Mirro ("Mirro Declaration")). The Remand Motion argued, in sum, that the action should be remanded because it is "unrelated" to the other consolidated RNC actions before the Court and because the state claims "predominate" over the federal claims in this action. The Remand

Motion did <u>not</u> argue that there was any defect in the removal procedure.

In letters to the Court dated February 22 and 23, 2006 (Exhibits "B" and "C" to the Mirro Declaration), plaintiff belatedly requested permission to file the Remand Motion. In plaintiff's letter of February 23 (more than 30-days after the Notice of Removal), plaintiff first requested an extension of time to file his motion. Like the Remand Motion, the letters asserted that "the main crux of this matter is not related" to the other consolidated RNC actions. Neither letter asserted that there was <u>any</u> defect in the removal procedure.

On February 23, 2006, for failure to comply with the Judge's Individual Practices, the Court denied plaintiff's Remand Motion without prejudice, tolled plaintiff's time to re-file the motion "as of February 17, 2006" and scheduled a pre-motion conference for March 16, 2006. Defendants responded to plaintiff's arguments in a letter dated March 3, 2006 (Exhibit "D" to the Mirro Declaration). Defendants asserted, among other things, that plaintiff's arguments were wholly without merit and that any new motion to remand would be untimely. On this basis, defendants asked the Court to deny plaintiff's request for permission to re-file the motion.

During a lengthy pre-motion conference on March 16, 2006, plaintiff insisted upon re-filing a motion to remand on the same grounds set forth in his Remand Motion. Plaintiff did <u>not</u> assert that there was any defect in the removal procedure. Defendants pressed their objection to the filing of any "new" motion as untimely pursuant to well-settled authorities but offered to assent to a "renewal" of plaintiff's previously filed Remand Motion. A "renewal" of plaintiff's motion would have restored plaintiff to the position he was in before the Court denied plaintiff's Remand Motion. The Court overruled defendants' objection and permitted plaintiff to file a new motion so that counsel could address a legal issue not previously addressed by plaintiff

- 2 -

to the Court's satisfaction -- whether the Court had authority to remand an action where plaintiff had pled federal claims (the issue previously had been addressed by defendants). In an order dated March 31, 2006, the Court set a briefing schedule calling for plaintiff's new motion to be served by March 31, 2006.

On March 31, 2006, plaintiff filed his new motion to remand and memorandum of law ("Second Remand Motion"). For the first time, plaintiff argued that there was a defect in defendants' removal procedure – that defendants had not filed with the Court separate written consents establishing the unanimous consent of all defendants. See Second Remand Motion. Plaintiff's Second Remand Motion does not assert – and plaintiff never has asserted – that the Court lacks subject matter jurisdiction over this action. For the following reasons, defendants respectfully submit that plaintiff's Second Remand Motion should be denied.

I.

## THE REMOVAL WAS PROPER

### A. Defendants Unanimously Consented To Removal

There is no dispute that, for removal to be proper, all defendants who have been served must have unanimously consented to the removal. In this case, all defendants who have been served *have* unanimously consented to the removal. The removal petition in this action plainly states, at paragraph 4, that *"[a]ll defendants have consented to the removal of this action."* Notice of Removal ¶ 4. That assertion of unanimous consent – which plaintiff fails to credit anywhere in plaintiff's moving papers -- is sufficient to establish the defendants' unanimous consent.

In this case, plaintiff does not argue that defendants' unanimous consent to removal is actually lacking. Nor does plaintiff argue that all defendants must have separately

- 3 -

signed the notice of removal. Here, plaintiff relies upon the argument that the *proof* of defendants' unanimous consent is lacking because each of the various named defendants did not submit *separate* written consents to the Court confirming their consent to the removal. Second Remand Motion at 2. As to defendants' straightforward representation in the Notice of Removal that *"[a]ll defendants have consented to the removal of this action,"* plaintiff argues that "that hardly constitutes unambiguous evidence, much less written consent, of all of the defendants' consent to the removal." Second Remand Motion at 4. Plaintiff's arguments must be rejected.

There is no purpose to the "rule" of separate written consents as cited by plaintiff *except* to ensure that each defendant has, in fact, consented to the removal. Typically, in cases in which there are multiple defendants, with each defendant represented by his or her own counsel, and with potentially varying litigation interests and tactics in play, the "rule" of separate written consents serves the legitimate purpose of establishing *proof* that each defendant has consented to the removal. In such cases, according to some courts, separate written consents are necessary "to bind" the separate defendants to the removal. This is not such a case.

In this case, all named defendants are represented, at least in the first instance, by the same counsel – the Office of the Corporation Counsel.[1] This office has the authority to speak

---

[1] It is well known that the New York City Charter and Administrative Code provides that "[t]he corporation counsel, in his or her discretion may appear, or direct any of his or her assistants to appear, in any action or proceeding, whether criminal or civil, which may be brought against any officer, subordinate or employee in the service of the city . . . whenever the interests of the city require the appearance of the corporation counsel." See Sections 7-109, 7-110. These provisions apply to all of the named defendants in this action except the City itself and the Hudson River Park Trust. The Corporation Counsel represents both the City and, pursuant to separate agreement, the Hudson River Park Trust. Needless to say, in the defense of this action, this office also will rely upon the expertise of the District Attorney's Office (insofar as issues concerning that office are concerned) and the Legal Affairs office of the New York City Police Department (insofar as issues concerning that office are concerned). Moreover, because all named defendants are presumptively eligible for indemnification from the City pursuant to applicable law (see, e.g., New York General Municipal Law § 50-k(2) (providing for defense and indemnification of city employees)), they are merely nominal parties and the City is the only real party in interest. See Jacobs v. District Director of Internal Revenue, 217 F. Supp. 104, 106 (S.D.N.Y. 1963) ("Although the District Director has been named as an interpleaded defendant, he, clearly, is only a nominal party. His interest in the controversy is not personal but merely representative of that of the United States. The action is, in effect, one against the United States").

- 4 -

on behalf of each – and this office has done so. When the Notice of Removal, which was filed pursuant to Rule 11 of the Federal Rules of Civil Procedure, unequivocally states that "[a]ll defendants have consented to the removal of this action," that is *a written statement by counsel on behalf of each of counsel's own clients in this action.* It is a clear and timely statement to the Court and to plaintiff attesting to the unanimous assent of each defendant.

Contrary to plaintiff's urging, no separate or additional pieces of paper are required in this case. Nixon v. Wheatley, 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005) ("In the case at bar, [defendants] are represented by the same counsel. . . . It is sufficient that consent to removal come 'from some person purporting to act formally on [defendants'] behalf and with the authority to do so'. . . . Here, defendants' counsel had the authority to remove on their behalf and did so"); National Dairy Products Corporation v. Heffernan, 195 F. Supp. 153, 156 n.1 (E.D.N.Y. 1961) (Bartels, J.) (rejecting argument that "all defendants did not join" in removal petition where removal petition was filed by counsel who represented all defendants).

This is simply not a case – like those cited by plaintiff – where counsel for one defendant baldly represents in the notice of removal (or at some point after the filing of the notice of removal) that defendants not represented by that counsel have consented to the removal. Plaintiff rightly argues that that procedure has been rejected by the courts. At the same time, plaintiff's own authorities support the proposition that proof of unanimous consent is satisfied so long as an attorney authorized to speak on behalf of each defendant has advised the Court within the statutory period that the client consents to the removal. Codapro v. Wilson, 997 F. Supp. 322, 325-26 (E.D.N.Y. 1998) ("there must be some timely filed written indication from each defendant, *or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so*, that it has actually consented to such action") (emphasis added);

- 5 -

Miller v. First Security Investments, Inc., 30 F. Supp. 2d 347, 351 (E.D.N.Y. 1998) (same).

## B. Plaintiff's New Arguments Are Untimely And Were Waived

Plaintiff's arguments to the effect that there was some procedural defect in the Notice of Removal also must fail because they are untimely and were waived as a matter of law. Defendants emphasize that plaintiff has not argued, nor can he, that the Court lacks subject matter jurisdiction over this action.    The Court itself noted at the March 16 pre-motion conference in this action that the complaint pleads a veritable "Bill of Rights."    Defendants further emphasize that they do not argue here that the whole of plaintiff's Second Remand Motion was untimely.    Defendants do argue that plaintiff's procedural arguments, which were *first asserted* in his Second Remand Motion dated March 31, 2006, are untimely.

Congress expressly has limited the time in which motions to remand based upon procedural defects may be made.  Congress has provided that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  "Under this provision, all motions for remand – except those based on lack of subject matter jurisdiction – must be made within 30 days after removal or they are waived."  Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 643-44 (2nd Cir. 1993); Mitskovski v. Buffalo and Port Erie Public Bridge Authority, 435 F.3d 127, 131 (2nd Cir. 2006) (vacating district court's order remanding the action "more than 30 days after removal"); American Home Assurance Company v. RJR Nabisco Holdings Corporation, 70 F.Supp.2d 296, 299 (S.D.N.Y. 1999) (Rakoff, J.) ("[a]lthough the Court itself, within that 30 day period, could have remanded the case for defects other than lack of subject matter jurisdiction, Judge Sweet [] chose not to do so, and the option is no longer available") (citing cases); Metro Furniture Rental, Inc. v. Alessi, 770 F.Supp. 198, 200 (S.D.N.Y.

1991) (Patterson, J.) (denying remand motion of *defendant* where defendant "did not join in the removal petition [and] never consented to the removal" because defendant's "motion to remand was brought more than 30 days after the notice of removal was filed").

### (1) Plaintiff's "Procedural Defect" Arguments Were First Made 41 Days After Expiration Of The Statutory Period

In this case, where the Notice of Removal was filed on January 19, 2006, plaintiff had until February 21, 2006 at the outside to marshal his arguments for remand. According to plaintiff, after the Notice of Removal he "immediately" knew that he would file a motion to remand – and he was aware of the 30-day limit in which to do so. See Plaintiff's Letter of February 23, 2006 (Exh. "C" to Mirro Declaration) at 1-2.[2] Thus, plaintiff had ample time in which to consider his arguments. In fact, plaintiff ultimately served his Remand Motion on February 17 – several days *before* it was due. Neither that Remand Motion nor plaintiff's letters to the Court of February 22 and February 23 alluded to any procedural defect in defendants' Notice of Removal. During plaintiff's argument to the Court on March 16, there was no mention of any procedural defect of any kind in defendants' Notice of Removal.

The record establishes that plaintiff first pressed his procedural argument in his Second Remand Motion dated March 31, 2006. On the basis of the foregoing authorities, defendants submit that that argument – coming some 71 days after defendants' Notice of Removal and 41 days after expiration of the statutory period – came too late. Hamilton v. Aetna

---

[2] In that letter, plaintiff notes that he sought the consent of defense counsel for "an extension in filing a motion to remand." Plaintiff unfairly claims that "on the morning of February 17, 2006, [defense counsel] advised us that Defendants did not agree to an extension." Plaintiff failed to advise the Court of several key facts. First, plaintiff did not request the extension until about the day before. Second, that request followed extensive discussions between counsel for the parties in which defense counsel explained the utter lack of merit of the argument that plaintiff then intended to make to support its motion to remand. Third, plaintiff filed his Remand Motion before the due date anyway. Fourth, as is evident from the case law cited here, defense counsel had absolutely no legal authority to grant any extension of the Congressionally mandated 30-day time frame — and to have done so could have been viewed as misleading.

-7-

Life and Casualty Co., 5 F.3d 642, 643-44 (2nd Cir. 1993) ("all motions for remand – except those based on lack of subject matter jurisdiction – must be made within 30 days after removal or they are waived").

### (2) Plaintiff May Not Avoid The Mandate Of The Statutory Period By Asserting A "Relation Back" Argument

Nor is plaintiff's argument saved by virtue of the fact that plaintiff's original Remand Motion was timely filed. That is so because the Remand Motion failed to assert any procedural defect whatsoever much less the "lack of unanimous consent" argument first asserted in the Second Remand Motion. Put another way, remand arguments predicated on procedural defects – like a perceived failure to obtain unanimous consent – do not relate back to the filing of a timely earlier motion. Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037-38 (9th Cir. 1995) (vacating remand order based upon argument that the removal petition lacked unanimous consent where that argument was raised for the first time not in timely remand motion but in reply brief filed more than 30 days after removal petition).

In Pittsburg-Des Moines, the Court held that "the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand." 69 F.3d at 1038. The Court added that "[a]ny other reading of the statute would elevate form over substance." Id. "The purpose of the 30-day time limit is to resolve the choice of forum at the early stages of litigation, and to prevent the shuffling of cases between state and federal courts after the first thirty days." Id.; see also Davis v. Ciba-Geigy Corporation, 958 F.Supp. 264, 265-66 (M.D. La. 1997) (denying plaintiff's motion to remand, which was based on alleged lack of unanimous consent, where plaintiff filed timely motion but failed to assert that argument until she filed her reply papers after 30 day statutory period had expired).

Defendants emphasize that this is not a case like <u>Phoenix Global Ventures, LLC</u> <u>v. Phoenix Hotel Associates, Ltd</u>, 422 F.3d 72, 76 (2nd Cir. 2005), in which the Court allowed remand where "[i]t is uncontested and obvious that the notice of removal suffered from procedural defects," the remand motion that ultimately was filed had <i>not</i> amended (to add new arguments) the earlier timely filed motion, and it was filed one day late only because of difficulties with the ECF system. Nor is this a case like <u>Federal Insurance Company v. Tyco</u> <u>International</u>, -- F.Supp.2d --, 2006 WL 728400 (S.D.N.Y. 2006) (Karas, J.), in which the remand was allowed where the remand motion that was ultimately filed was "identical to the memorandum of law originally submitted in support of their timely-made remand motion" and it was filed late only because of difficulties complying with the Judge's Individual Practices. <u>Id.</u> at *10.

In <u>Federal Insurance</u>, as in <u>Phoenix Global</u>, the Court emphasized that "this is not a case where a party is seeking to <i>amend</i> the motion to remand." <u>Id.</u> at *11. That important fact permitted the Court to find that the remand arguments that formed the basis of the Court's remand decision had, in fact, been asserted <i>within the statutory period</i>. Accordingly, in <u>Federal Insurance</u>, the Court reasoned that, but for the Court's Individual Practices, the motion would have been timely filed. This closely followed the Second Circuit's reasoning in <u>Phoenix Global</u>, in which, but for the difficulty to comply with the court's ECF system, the motion would have been timely filed.

Here, plaintiff encountered <u>no</u> difficulty timely filing his original motion and memorandum of law (which were denied after they were filed for failure to comply with the Judge's Individual Practices). Then, when permitted by the Court to re-file that motion, plaintiff took the opportunity to <i>amend</i> that motion to add procedural defect arguments. In short,

plaintiff's difficulties here do *not* arise from the Judge's Individual Practices, nor from any "'quirks' in the local rules," nor from difficulties with the electronic case filing system. They arise from plaintiff's decision to amend his motion to remand -- to assert procedural arguments -- notwithstanding the time frame set forth for such arguments in the federal statute itself. See Id.

### (3) **The Court Lacks Authority To Extend The Statutory Period**

According to the Second Circuit, federal district courts lack authority to extend the statutory period -- and the federal appellate courts have not hesitated to review remand orders predicated on such unauthorized extensions. "[A]n order remanding on procedural grounds either upon an untimely motion or *sua sponte* more than 30 days after removal, since such an order is not authorized by § 1447(c), is reviewable." Mitskovski v. Buffalo and Port Erie Public Bridge Authority, 435 F.3d 127, 131 (2nd Cir. 2006) (vacating district court's order remanding the action "more than 30 days after removal"); Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 644 (2nd Cir. 1993) (recognizing that mandamus is the proper vehicle for appellate review of such orders); Air-Shields, Inc. v. Fullam, 891 F.2d 63, 66 (3rd Cir. 1989) (granting defendants' petition for mandamus and holding that "[b]y remanding the case for procedural defects after the thirty day limit imposed by the revised Section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power'"); Federal Deposit Insurance Corporation v. Loyd, 955 F.2d 316, 323 (5th Cir. 1992) (vacating lower court order and holding that "[t]he district court is therefore not empowered by § 1447(c) to remand a case because of a procedural defect in removal, *sua sponte* or on motion of the parties, more than thirty days after removal").

In addition, as several federal appellate courts have noted, the United States Supreme Court has observed bluntly that "Congress did not intend to 'extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding

- 10 -

cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.'" See, e.g., Air-Shields, 891 F.2d at 66 (quoting Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S.Ct. 584, 593 (1975)).

In the circumstances of this case – where nothing prevented plaintiff from asserting his procedural arguments on a timely basis in his original Remand Motion -- defendants respectfully submit that even the District Court's "tolling" of plaintiff's time to file the second motion cannot save plaintiff's belated argument. Mitskovski v. Buffalo and Port Erie Public Bridge Authority, 435 F.3d 127, 131 (2nd Cir. 2006) (vacating district court's order remanding the action on procedural grounds "more than 30 days after removal"); Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 644 (2nd Cir. 1993) ("an order remanding on procedural grounds either upon an untimely motion or *sua sponte* more than 30 days after removal [is] not authorized by § 1447(c)"); Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd, 422 F.3d 72, 76 (2nd Cir. 2005) ("[w]e emphasize that we are not carving out an exception to the mandatory deadline of Section 1447. The district court did not have authority to do so, and it did not do so here. Our decision today simply recognizes the district court's authority to excuse [the] failure to comply with the ECF system").[3]

---

[3] For all of the reasons articulated in the final section of this brief, it would be inequitable and prejudicial to defendants to permit plaintiffs to make their procedural defect arguments. In the event, however, that the Court deems the Notice of Removal insufficient, and plaintiff's procedural argument timely, defendants hereby request that the Court permit defendants to file an amended Notice of Removal that states more clearly the consent of each individual defendant. The Courts freely permit such amendments in situations such as this, so long as no new grounds for removal are asserted. See, e.g., Jacobs v. District Director of Internal Revenue, 217 F. Supp. 104, 105 (S.D.N.Y. 1963) (MacMahon, J.) ("a removal petition may be amended at any time to state more specifically a ground for removal already imperfectly stated"); Barrientos v. UT-Battelle, LLC, 284 F.Supp.2d 908, 912 (S.D. Ohio 2003) ("If a removal petition is defective in form, this defect is amendable at any time, even beyond the thirty day period").

## II.

## THE COURT HAS JURISDICTION OVER THIS ACTION

Plaintiff's second argument is that "28 U.S.C. § 1441(c) allows for remand of the entire case when state claims predominate." Second Remand Motion at 4. Plaintiff, however, has demonstrated *neither* that state claims "predominate" in this case *nor* that Section 1441(c) allows for remand of the "entire case" when state claims do predominate. Based on the Complaint, and on binding legal authorities, both assertions fail.

Plaintiff has failed to identify a single opinion from the Second Circuit, from any other appellate circuit, or from the Southern District, that supports his position here. Instead, plaintiff relies upon a single *dissenting* opinion of a judge in the Eleventh Circuit and a handful of district court cases from Michigan, Alabama and Mississippi. The *majority* opinion in In re City of Mobile, 75 F.3d 605 (11th Cir. 1996) granted petitioner's request for mandamus and ordered the district court to reconsider its decision remanding the action. In addition, all of the district court cases cited by plaintiff long have been discredited by Judge Cedarbaum's opinion in the case of Hickerson v. The City of New York, 932 F. Supp. 550, 558 (S.D.N.Y. 1996) ("Some district court decisions [] have concluded that the revised provision does authorize remand of entire cases[.] *The better view, however, is that it does not*") (emphasis added). Defendants respectfully submit that plaintiff's argument should be rejected.

### A. Plaintiff Has Pled A Variety Of Federal Questions

There is no legitimate dispute that the Court has subject matter jurisdiction over this action. Congress has provided that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, "any civil action brought in a State court of which the district courts of the

- 12 -

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  In this action, plaintiff chose to plead a wide variety of federal claims.  According to the Complaint, defendants "deprived the plaintiff of the rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 [and] the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution[.]"  Complaint ¶ 1 and Counts 7, 8, 9 and 10.  Plaintiff's claim for "[a]ttorneys' fees and costs pursuant to 42 U.S.C. § 1988" similarly arises directly and exclusively from federal law.

## B. Plaintiff's Joinder Of State Law Claims Does Not Require Remand

Plaintiff -- like virtually all other plaintiffs in the 100+ consolidated RNC actions before the Court -- has pled state law claims along with his federal claims.  Plaintiff's joinder of those state law claims does not require the Court to remand the action.  In fact, the law is just the opposite.  Congress provided that when "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, *the entire case may be removed and the district court may determine all issues therein[.]*"  28 U.S.C. § 1441(c) (emphasis added); see also Suissa v. American Export Lines, 507 F.2d 1343, 1345-46 & n.7 (2nd Cir. 1974) (Kaufman, C.J.) ("That Suissa may also have had a right to pursue an otherwise nonremovable claim . . . does not bar a federal court from entertaining the entire controversy").

By the same token, plaintiff's joinder of state law claims in the Complaint does not compel the Court to decline to exercise supplemental jurisdiction.  Again, the general rule is just the opposite.  Congress provided that "in any civil action of which the district courts have original jurisdiction, *the district courts shall have supplemental jurisdiction over all other claims*

- 13 -

*that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.*" 28 U.S.C. § 1367(a) (emphasis added). Thus, according to the Second Circuit, "once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, *supplemental jurisdiction over the related claim is mandatory.*" Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2nd Cir. 1998) (reversing district court's refusal to exercise supplemental jurisdiction) (emphasis added).

## C. The Court May Not Remand An Action That Pleads A Federal Question

Contrary to plaintiff's argument, this is not an action in which the Court may exercise discretion to remand the entire action. Neither Section 1441(c) nor Section 1367(c) authorize the Court to remand an action that contains a claim within the Court's original jurisdiction. Borough of West Mifflin v. Lancaster, 45 F.3d 780, 786-87 (3rd Cir. 1995) (granting mandamus to retain jurisdiction of federal civil rights claim in the federal court and holding that "unless the federal question claims removed by the defendant were 'separate and independent' from the state law claims, *§ 1441(c) cannot apply and the district court must retain the federal claim*") (emphasis added); Smith v. Amedisys, Inc., 298 F.3d 434, 440 (5th Cir. 2002) ("the trial court correctly concluded that it was without discretion to remand" where the wrongs alleged arose "from an interlocked series of transactions").

By the same token, "nothing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the civil rights claims, to the state court." Borough of West Mifflin, 45 F.3d at 787; see also In re City of Mobile, 75 F.3d

- 14 -

605, 607 (11th Cir. 1996) ("Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim"); Hickerson v. The City of New York, 932 F. Supp. 550, 559 (S.D.N.Y. 1996) (Cedarbaum, J.) (same).    Nor is this a case in which the abstention doctrine applies.    "Abstention is an extraordinary and narrow exception to '*the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.*'"    Hickerson, 932 F. Supp. at 553-54 (*quoting* Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 (1976)) (emphasis added).

In Hickerson, which is nowhere cited by plaintiff, Judge Cedarbaum of the Southern District rejected the same arguments made here by plaintiff.    Denying plaintiffs' request to remand the entire case where both state and federal claims were asserted, the Court held that "[o]nly extraordinary circumstances justify a federal court's refusal to decide claims that fall within its original jurisdiction."    932 F. Supp. at 556.    "The Court's responsibility to exercise jurisdiction is especially strong when, as here, substantial claims under the federal constitution are presented."    Id.    The Court held that "[p]laintiff's argument [that state law claims predominate] is not persuasive," that "[Section 1441(c) continues to be inapplicable to cases comprised of federal question claims and pendent state claims," and that "*even in those cases to which it applies, Section 1441(c) does not authorize remand of federal claims.*"    Id. at 558 (*citing* Borough of West Mifflin) (emphasis added).

## D. Plaintiff's State Law Claims Are Not "Separate And Independent" From Plaintiff's Federal Claims

In this case, plaintiff's state law claims are so closely related to plaintiff's federal claims that they cannot be considered "separate and independent" from the federal claims but rather form part of the same case or controversy.    This assessment must be made from the face of

the complaint. Federal Insurance Company v. Tyco International, -- F.Supp.2d --, 2006 WL
728400, \*9 (S.D.N.Y. 2006) (Karas, J.) ("Another guiding principle is that the propriety of
removal is to be determined by the pleadings at the time of removal"), *citing* Pullman Co. v.
Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347 (1939).

   In this case, the Complaint shows that plaintiff elected to plead federal causes of
action under Section 1983 for the alleged violation of no fewer than six amendments to the
United States Constitution and to seek recovery for attorney's fees and costs exclusively
provided by federal law. Plaintiff asserted federal claims in no fewer than four separate counts
(7, 8, 9, 10) of the Complaint. In addition, defendants emphasize that plaintiff relies in the
Complaint on the *same* set of facts for both plaintiff's federal causes of action and for plaintiff's
state causes of action. Paragraphs 1 – 51 of the Complaint provide the alleged factual predicate
for all of plaintiff's claims. Plaintiff's state law claims are pled in the subsequent Counts 1 – 6 of
the Complaint. Plaintiff's federal law claims are pled in Counts 7 - 10 of the Complaint. In the
first paragraph of *each* of the Counts 7 – 10, plaintiff "repeats and realleges and incorporates by
reference" the allegations in all of the preceding paragraphs "with the same force and effect as if
herein set forth." Complaint ¶¶ 98, 102, 105 and 111.

   Defendants submit that the Complaint pleads a common nucleus of operative facts
that precludes any finding that plaintiff's state claims are "separate and independent" from
plaintiff's federal claims. Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3rd Cir.
1995) ("[plaintiffs] rely on the same series of events for all counts of their complaint, including
the federal § 1983 count; therefore, the federal claim is not separate and independent under §
1441(c), and the district court had no authority to remand the case"); see also Surprise v. GTE
Service Corporation, 47 F. Supp. 2d 240, 242 (D. Conn. 1999) (denying remand where state and

- 16 -

federal counts incorporated by reference many of the same paragraphs of complaint setting forth the pertinent factual allegations); Kabealo v. Davis, 829 F. Supp. 923, 926-27 (S.D. Ohio 1993) (denying remand and finding that plaintiff's claims were pendant, not separate and independent, where "plaintiff relies on the same recitation of facts for all counts of the complaint"); Chapman v. 8th Judicial Juvenile Probation Board, 22 F. Supp. 2d 583, 584 (E.D. Tex. 1998) ("because plaintiff's contract claim is part of the same case or controversy . . . supplemental jurisdiction over that claim is proper as well").

Nothing in the case of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966), on which plaintiff relies (Second Remand Motion at 8), supports plaintiff's argument.  To the contrary, in that case, where the federal claims had failed and "the only recovery allowed respondent was on the state claim," the Supreme Court nevertheless *refused* to find "that the District Court exceeded its discretion in proceeding to judgment on the state claim."  Id. at 728.  In that case, the Court held that "[u]nder the [Federal Rules of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  Gibbs, 383 U.S. at 724.  As in Gibbs, plaintiff here has failed to demonstrate that his federal claims are "only an appendage" to his state claims.  Id. at 727.

## E. The Court Should Retain This Action As One Of The Consolidated RNC Actions

### (1) Defendants' Interests – And The Tribunal's Interests – Require That The Court Retain This Action In Its Entirety

As the Court is aware, defendants have a very strong interest in having all of these claims adjudicated in federal court.  As set forth above, defendants are entitled to a federal forum for the adjudication of federal civil and constitutional claims against them.  Defendants also are

entitled to a federal forum for state claims that arise from the same constitutional case or controversy. See Hickerson v. The City of New York, 932 F. Supp. 550, 556 (S.D.N.Y. 1996) (Cedarbaum, J.) ("The City of New York and its officials are entitled to have their responsibilities under the federal constitution determined by a federal court").[4]

In addition, defendants submit that parallel federal and state proceedings in the consolidated RNC cases could invite a host of practical difficulties in these cases, not the least of which is that defendants will be distracted from their concerted efforts to move the federal cases forward. For instance, defendants would run the risk of inconsistent rulings on various legal issues. Such inconsistent rulings could provide a strong incentive to plaintiffs' counsel in other cases who might well seek to maneuver their cases to take advantage of the inconsistencies. Moreover, to permit one or more cases now to proceed outside the consolidated framework established by the Court could only undercut the efficiencies and equities sought to be gained through that framework. Defendants submit that the Court should vigilantly guard against such a result.

Nor should the Court remand plaintiff's state claims alone. That would result in multiple litigations, rather than one, sap the resources of two courts instead of one, require two separate trials instead of one, and would burden two separate juries rather than one. By the same token, it would subject defendants to the burdens of litigating two cases against this same plaintiff rather than one – and would subject defendants to the potential of duplicative damage awards. In short, defendants' interests, and the interests of judicial economy, would be best served by the Court retaining this action in its entirety as one of the consolidated RNC actions.

---

[4] Judge Cedarbaum added that "Although I have held that exceptional circumstances are present which justify staying the federal claims until the state courts have decided the state constitutional claims, the circumstances that would justify a decision entirely to relinquish the federal claims do not exist. That is, the circumstances justify delaying decision on the federal claims, but not complete abdication." Hickerson, 932 F. Supp. at 556.

- 18 -

The federal appellate courts repeatedly have underscored such considerations when reviewing the decisions of district courts on the issues of remand and supplemental jurisdiction. See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 & n.2-3 (2nd Cir. 1998) (reversing the lower court's refusal to exercise supplemental jurisdiction after noting that the lower court's decision would require the parties to initiate additional litigation in the state courts that would impose a "substantial burden" upon them). Similarly, in the Borough of West Mifflin case, the Third Circuit observed that "we are inclined to believe that the dictates of 'judicial economy, convenience, fairness to the parties, and comity' are better served by recognizing pendent jurisdiction. This is especially true where it is desirable to avoid the possibility of duplicating the recovery of damages. Here it is preferable for a single fact finder, under proper instruction from the court, to consider the varying elements of damages recoverable under the federal § 1983 claim and the state [claims]." Borough of West Mifflin, 45 F.3d at 789; see also Kabealo v. Davis, 829 F. Supp. 923, 927-28 (S.D. Ohio 1993) ("remanding the state claims to the state court would result in a needless duplication of expense and judicial resources").

### (2) Plaintiff's Perceived Interests In Avoiding The Federal Forum Are Misplaced

Plaintiff argues that "the New York State Court is a more appropriate venue for bringing a malicious prosecution and falsification of evidence action against a District Attorney and the City of New York." Second Remand Motion at 7. He adds that "Clearly, this Court does not have the same jurisdiction as the State court does on an individual's claim of misconduct against state and city officials." Id. For these remarkable propositions, which were first set forth in plaintiff's letters to the Court, plaintiff cites no authority whatsoever except the case of Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976).

- 19 -

While Imbler raises a number of very serious questions about the viability of plaintiff's claims against the District Attorney (and perhaps about whether counsel has any basis consistent with FRCP Rule 11 to have asserted that claim in the first place), even a cursory review of Imbler plainly demonstrates that it has nothing whatsoever to do with a federal court's *jurisdiction* over such claims. Imbler, 424 U.S. at 427 ("We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law").[5]

Plaintiff's remaining arguments – that "to force the plaintiff to litigate his claim in federal court would substantially prejudice his right to access to the courts" and that "to deny the plaintiff his state court remedy would substantially prejudice his case and his rights" – both of which remain utterly without explanation and bare of any supporting legal authority -- also must be rejected.

Defendants respectfully submit that there is nothing unfair about the Court's retaining this case for adjudication in the federal forum. Indeed, as Judge Cedarbaum held in another Southern District case, "[p]laintiffs are the masters of their complaints, and these plaintiffs could have assured themselves a state forum by bringing only claims arising under state law. . . . [I]f plaintiffs choose to assert claims under the Constitution of the United States, defendants are entitled to remove the case to federal court." Hickerson v. The City of New York, 932 F. Supp. 550, 553-54 (S.D.N.Y. 1996) (Cedarbaum, J.) (declining plaintiffs' request to remand the entire action); see also Surprise v. GTE Service Corporation, 47 F. Supp. 2d 240, 244

---

[5] Plaintiff also has argued that "it would be more efficient to proceed with discovery in state court" and that "combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice [plaintiff]." Plaintiff's Letter of February 22, 2006 (Exh. "A" to Mirro Declaration) at ¶ 3. Plaintiff apparently misunderstands the framework established by the Court for the RNC cases. Plaintiff is free to proceed with whatever discovery that plaintiff wishes in federal court (and to decline to participate in consolidated discovery if he wishes). There is no more efficient system in the state court system, there is no reason for confusion here and plaintiff will not be prejudiced by prosecuting his case in federal court.

- 20 -

(D. Conn. 1999) ("[b]y pleading federal causes of action concurrently with state claims all arising from a common factual scenario, the plaintiffs subjected themselves" to the federal forum); Marcus v. AT&T Corporation, 138 F.3d 46, 52 (2nd Cir. 1998) (same).

## CONCLUSION

For all of the foregoing reasons, defendants submit that plaintiff's motion to remand, for costs and attorney's fees, and all other relief sought by plaintiff, should be denied.

Dated: New York, New York
      April 21, 2006

                           MICHAEL A. CARDOZO
                           Corporation Counsel of the City of New York
                           *Attorney For Defendants*

By: _____
                      James Mirro (JM 2265)
                      Special Assistant Corporation Counsel
                      Special Federal Litigation
                      100 Church Street, Room 3-137
                      New York, New York 10007
                      212.788.8026 (ph)
                      212.788.9776 (fax)

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

ALEXANDER DUNLOP,

        Plaintiff,

    vs.

THE CITY OF NEW YORK a municipal entity
MICHAEL BLOOMBERG, Mayor of the City of
New York, RAYMOND KELLY, Police
Commissioner of the City of New York, JOSEPH
ESPOSITO, Chief of the Department, New York
City Police Department, THOMAS GRAHAM ,
Commanding Officer of the Disorder Control Unit
of the New York City Police Department, JOHN J.
COLGAN, Deputy Chief and Commanding Officer,
Pier 57, New York City Police Department,
THE NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, NEW YORK DISTRICT
ATTORNEY ROBERT MORGENTHAU, POLICE
OFFICER MAYA GOMEZ, shield number 27230,
POLICE OFFICER JOHN DOE's 1-3, and the
HUDSON RIVER PARK TRUST, in their individual
and official capacities, jointly and severally,

        Defendant(s).

—————————————————————————— x

06-CV-433 (KMK) (JCF)
ECF

**Oral Argument Requested**

## PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED DUE TO THE IMPROPER REMOVAL

    Plaintiff, Alexander Dunlop (hereinafter, "DUNLOP") by his attorneys, Kurland

& Associates, P.C., hereby moves pursuant to § 1447(c) of Title 28 of the United States

Code, for an order of this Court directing:

(1) that this case be remanded in full to the New York County Supreme Court, as the main crux of this matter is *not* related to the actions captioned Schiller v. The City of New York 04-CV-7922 (KMK) (JCF) and MacNamara et al. v. The City of New York et al., 04 CV 9216 (KMK) (JCF), and the numerous other consolidated cases and class action suits arising out of the protest activity and arrests during the 2004 Republican National Convention, (hereinafter, "consolidated RNC protest cases") as asserted by DEFENDANTS in their removal papers, and

(2) that this case be remanded in full to New York County Supreme Court, pursuant to 18 U.S.C. § 1367(c) (2) as the state law claims substantially predominate over the claim or claims that this Court has original jurisdiction, over, and that for the reasons stated herein it would be more efficient to proceed with discovery in state court, the discovery, evidence, causes of action and witnesses are diffierent enough so that combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice DUNLOP;

(3) that the DEFENDANTS to DUNLOP his just costs, and expenses, including attorney's fees, incurred as a result of the improper removal of this case, and

(4) that this Court grant such other and further relief as may be just and proper.

## Distinguishing The Instance Case

The main cause of action in this case does *not* arise out of the protest activity and arrests during the 2004 Republican National Convention unlike the matters

consolidated by the Honorable Kenneth M. Karas's Amended Consolidation order annexed hereto as Exhibit A. Rather, the crux of this case is the concealment, and falsification of evidence and resulting malicious prosecution by DEFENDANTS, as well as other state law claims. Although this matter includes issues related to the wrongful arrest of DUNLOP, the arrest took place prior to the RNC, at a location different than the locations in the consolidated RNC protest cases, and DUNLOP was not a protestor. As such, the facts of the secondary issues are also not substantially related such that it would allow for effective consolidation.

DUNLOP left his home on August 27, 2004 to pick up dinner at a local restaurant and was falsely arrested in his neighborhood on Tenth Street and Second Avenue. DUNLOP was not a protester of the Republican National Convention, (hereinafter, "RNC") nor was he engaged in any other type of protest at the time of his arrest. DUNLOP was not riding his bicycle with the "Critical Mass" last Friday of the month ride nor had he ever participated in "Critical Mass" rides. DUNLOP was not participating in any 'peaceful assembly' nor was he a participant in a 'peaceful assembly' at the time of his arrest unlike those in the consolidated RNC protest cases. He was a New York City resident riding a bike to pick up dinner and he was falsely arrested. The gravaman of Dunlop's complaint is that the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and the CITY OF NEW YORK falsified evidence during their malicious prosecution in an attempt to cover up the fact that he was an innocent bystander arrested for no reason. See Amended Complaint Annexed hereto as Exhibit B.

The consolidated RNC protest cases were conversely brought in an effort to ". . . vindicate the civil rights of individuals *who wish to participate in or simply observe*

3

*lawful* and peaceful demonstrations in New York City" (emphasis added).[1]  DUNLOP
was neither.  As indicated above, DUNLOP's case was brought because he was falsely
arrested and prosecuted with intentionally falsified evidence.

In addition, the defendants assert that the causes of action and related discovery
are similar enough so that "both sides would benefit from the consolidated discovery and
other consolidated pre-trial treatment of these actions." Annexed hereto as Exhibit C is a
copy of Defendant's Notice and Statement of Relatedness.  This assertion unfortunately
is untrue as the heart of the instant matter is that the DEFENDANTS have tampered with
and falsified evidence for the specific purpose of unlawfully and maliciously prosecuting
DUNLOP.  The discovery herein concerns the falsification of evidence and has nothing
to do with the RNC protest cases. Therefore consolidation would not benefit the parties
and in fact may even confuse and hamper discovery and the disposition of these matters.
Although there are some federal issues, the overwhelming focus of this action is State
defendants who cannot be sued in federal court and State causes of action including but
not limited to malicious prosecution, falsifying evidence and false arrest.

Conversely, the consolidated RNC protest cases are based in federal issues
including but not limited to violations of their First, Fourth and Fourteenth Amendments.
Another difference in the instant matter is that DUNLOP was charged and prosecuted
with various offenses, which were not disposed of in the arraignment part or anytime
thereafter as the Plaintiffs in the consolidated RNC protest cases were.  DUNLOP faced
these charges and was defending himself for almost seven months before the NEW
YORK COUNTY DISTRICT ATTORNEY'S OFFICE dropped the charges when

---

[1] See Verified Complaint Schiller v. The City of New York 04-CV-7922 (KMK) (JCF).

4

confronted with proof of their misconduct---the altered tape.[2]  Conversely in the great
majority of the consolidated RNC protest cases, the lead Plaintiffs were given desk
appearance tickets or their cases were dismissed at the outset.[3]  Thus the witnesses as to
the claims and the discovery needed in this matter is substantially different.  In essence,
the protestor's main causes of actions is what happened on the street during the protest,
where DUNLOP's case addresses issues that happened in the 'courtroom,' making this
case too unrelated to the consolidate RNC protest cases to benefit from consolidation.

    In fact, the consolidated RNC protest cases generally allege if anything, an ease in
the prosecutorial phase of their litigation.  Indicative of this is that in the Schiller matter,
the protesters allege that the NEW YORK COUNTY DISTRICT ATTORNEY'S
OFFICE announced "it would dismiss all of the 227 prosecutions arising out of the
August 31 arrests on Fulton Street",[4] and that the remainder of the complainants, "have
experiences that were near identical and are representative of the treatment received by
the group of over 200 individuals that were arrested."[5]

    In stark contract to DEFENDANTS assertion that both sides will benefit from the
consolidated discovery and other consolidated pretrial treatment of these actions, it would
actually be confusing and time consuming to attempt to fit the square peg of DUNLOP's
case, an unrelated individual who was caught in the cross fire of a protest and maliciously
prosecuted into the round hole of the consolidated RNC protest cases which are asserting
a primary cause of action for violations of their First, Fourth and Fourteenth Amendment
rights.

---

[2] See Plaintiff's Amended Complaint.
[3] See generally Complaint of Schiller v. The City of New York 04-CV-7922 (KMK) (JCF) and Amended
Complaint MacNamara et al. v. The City of New York et al., 04 CV 9216 (KMK) (JCF)
[4] Schiller complaint para. 10.
[5] Schiller.

## Federal Court Is Not the Appropriate Venue for this Matter and New York State Court Is the Appropriate Venue

New York State Court is a more appropriate venue for bringing a malicious prosecution and falsification of evidence action against a District Attorney and the City of New York. Clearly, this Court does not have the same jurisdiction, as the State court does on an individual's claim of misconduct against state and city officials. To force DUNLOP to litigate his claim in federal court would substantially prejudice his right to access to the courts to redress individual grievances. There can be no denial that the State court can determine, without any constitutional impediment, the extent that the State and City are liable for what happened to Mr. DUNLOP

## The State Claims Substantially Predominate Over the Claim(s) That the District Court Has Original Jurisdiction.

Under 28 U.S.C. 1331, the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. However, under 28 U.S.C. § 1367, the district court may decline to exercise supplemental jurisdiction over a claim if the state claim(s) "substantially predominates over the claim or claims over which the district court has original jurisdiction." [6] There is little to gain in the way of convenience or judicial economy having a federal court hear a case consisting of State law claims. A federal court will find substantial predominance when it appears that ". . . a state claim constitutes the real body of a case, to which the federal claim is only an appendage." [7]

---

[6] 18 U.S.C. § 1367(c)(2).
[7] *United Mine Workers v. Gibbs,* 383 U.S. 715, 727.

6

The core of the instant matter is state claims and state defendants. To deny Mr. DUNLOP his State court remedy would substantially prejudice his case and his rights. We ask that Mr. DUNLOP's case be returned to state court where it belongs.

## CONCLUSION

For above reasons, this Court should grant Plaintiff's Motion to Remand and return the case to state court, grant PLAINTIFF his costs, and expenses, including attorney's fees, incurred as a result of the improper removal of this case and order such other and further relief as may be just and proper.

Dated:    February 17, 2006
          New York, New York

Respectfully Submitted,

KURLAND & ASSOCIATES, P.C.

*Gina M. Bonica*

Gina M. Bonica, Esq. (GB-6615)
304 Park Avenue South, Suite 206
New York, NY 10010
212.253.6911(P)
212.614.2532 (F)
*Attorneys for Plaintiff*

TO:    James Mirro, Esq.
       Special Assistant Corporation Counsel

       *Attorney for Defendants*

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ALEXANDER DUNLOP

                         Plaintiff,                Index No.: 06-CV-433

                                               AFFIDAVIT OF
      --against--                             SERVICE BY MAIL

THE CITY OF NEW YORK et al.,

                               Defendant(s)
----------------------------------------------------------------X

STATE OF NEW YORK    }
                          ss:
COUNTY OF NEW YORK  }

I, Audrey Mars, being sworn; I am not a party to the action, am over 18 years of age and reside in Nassau County, New York.

On February 17, 2006 I served the within **Plaintiff's Motion for Demand and attached Exhibits** by mailing via Federal Express Mail, a true copy thereof enclosed in a postage-paid wrapper to Defense counsel at the address below :

              TO:    James Mirro
                       Corporation Counsel of the City of New York
                       100 Church Street, Room 3-137
                       New York, NY 10007

DATED:  February 17, 2006
             New York, New York                             Audrey Mars

Sworn to before me
this 17th day of February, 2006

Notary Public

GINA M. BONICA
Notary Public, State of New York
No. 02BO6120286
Qualified in Suffolk County
Commission Expires On December 20, 20 08

Exhibit C

## KURLAND & ASSOCIATES, P.C.

──────── ATTORNEYS AT LAW ────────

YETTA G. KURLAND
GINA M. BONICA
APRYL E. HAND*
*OF COUNSEL.

304 PARK AVENUE SOUTH, SUITE 208
NEW YORK, NEW YORK 10010
TEL. 212-253-6911
FAX 212-614-2692

February 22, 2006

**Via Federal Express Mail**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

# MEMO ENDORSED

Re:     <u>Alexander Dunlop v. The City of New York et al., 06- cv-433 (KMK) (JCF)</u>

Dear Honorable Karas,

This office represents the Plaintiff, Alexander Dunlop in the above referenced matter. I am writing you to respectfully request a pre-motion conference to discuss Plaintiff's Motion to Remand the matter to the New York County Supreme Court where it was filed in August 2005.

The nature of this case is to seek damages for, among other things, false arrest, falsifying evidence, and maliciously prosecution committed by the Defendants against Mr. Dunlop commencing on or about August 27, 2004. Defendants were timely served on December 22, 2005 and on January 19, 2006, Defendants transferred this matter to the United States District Court and filed a Notice of Relatedness and Consolidation claiming that it was related to Republican Nation Convention (hereinafter, "RNC") cases.

However, we dispute this as the main crux of this matter is *not* related to the actions captioned <u>Schiller v. The City of New York</u> 04-CV-7922 (KMK) (JCF) and <u>MacNamara et al. v. The City of New York et al.,</u> 04 CV 9216 (KMK) (JCF), and the numerous other consolidated cases and class action suits arising out of the protest activity and arrests during the 2004 Republican National Convention, as asserted by the Defendants in their removal papers. We also contest this Removal pursuant to 18 U.S.C. § 1367(c) (2) as the state law claims substantially predominate over the claim or claims that this Court has original jurisdiction, over, and it would be more efficient to proceed with discovery in state court, the discovery, evidence, causes of action and witnesses are different enough so that combining the actions would be inefficient, cause confusion of the issues and substantially and unfairly prejudice Mr. Dunlop.

I have advised the Defendants' attorney, Mr. James Mirro from Corporation Counsel of our concerns and our intent to make a Motion to Remand. In error, I reviewed judge

Francis' Local Rules which does not require a pre motion conference, instead of Your Honor's Local Rules as Judge Francis is the Magistrate assigned to this matter. I profoundly apologize for this error.

On February 17, 2006, Plaintiff timely file within thirty (30) days of the Notice to Transfer pursuant to § 1447(c) of Title 28 of the United States Code our Motion to Remand and served a copy on Defense counsel accordingly. Enclosed please find two (2) courtesy copies of the Motion to Remand.

We respectfully pray that Your Honor grants the Plaintiff a pre motion conference. Thank you for your consideration.

Gina M. Bonica, Esq. (GB-6615)
304 Park Avenue South, Suite 206
New York, NY 10010
212.253.6911(P)
212.614.2532 (F)
*Attorneys for Plaintiff*

Enc.

TO:    James Mirro, Esq.
       Special Assistant Corporation Counsel

       *Attorney for Defendants*

       Via Facsimile and First Class Mail

The Defendants are to respond to this letter by March 3, 2006. The Court will hold a pre-motion conference on March 16, 2006 at 11:30 AM. Plaintiff's time to file her remand motion 28 USC §1447(c) i's tolled as of February 17, 2006. The motion is therefore denied without prejudice and the Clerk is directed to terminate this motion. #9.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

2/23/06

2