UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER DUNLOP,

                        Plaintiff,

  -v-

THE CITY OF NEW YORK, et al.,

                        Defendants.

Case No. 06-CV-433 (KMK) (JCF)

OPINION AND ORDER

Appearances:

Yetta G. Kurland, Esq.
Kurland & Associates, PC
New York, NY
*Counsel for Plaintiff*

James Mirro, Esq.
NYC Law Department
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Plaintiff filed this action in the Supreme Court of the State of New York, New York County on December 16, 2005, alleging various state and federal causes of action arising out of his arrest during the Republican National Convention ("RNC") on August 27, 2004. On January 20, 2006, Defendants filed a notice of removal. Plaintiff moves the Court to remand the entire action to New York County Supreme Court. First, Plaintiff asserts that remand is appropriate based on a procedural defect, namely the alleged failure to provide written consent from each Defendant for removal, pursuant to 28 U.S.C. § 1441. Second, Plaintiff argues that 28 U.S.C. § 1441(c) requires remand of the entire case, or at the least the state claims, because state law

predominates. In reply, Defendants claim there was no procedural defect. They also argue that Plaintiff waived his right to assert procedural defect by failing to allege it in his first Motion. Finally, Defendants argue that state law does not predominate and that Plaintiff's state and federal claims are not separate and independent, making remand under section 1441(c) inappropriate. For the reasons stated herein, Plaintiff's motion is denied.

## I. Background

### A. Statement of Facts

The following facts, as alleged in the Complaint, are assumed to be true for purposes of this Motion. On or about August 27, 2004, Plaintiff was riding his bicycle in New York City in the vicinity of the RNC when he saw barricades and people being arrested. (Pl.'s Mem. of Law in Supp. of Mot. for Remand of Improperly Removed Case and for Just Costs and Expenses, Including Attorney's Fees, Incurred Due to the Improper Removal, Ex. B ¶¶ 23-24 ("Pl.'s Mem.")) Plaintiff walked his bike to a barricade of police officers to determine what was happening and how to leave the scene. (*Id.* ¶ 25) Based on instructions from Defendant Officer John Doe 1, Plaintiff attempted to leave the area, but was placed under arrest. (*Id.* ¶¶ 26-27) Plaintiff alleges that while he was trying to determine the reason for his arrest, officers made malicious and rude comments. (*Id.* ¶ 29) Plaintiff was then placed in a car without windows where he waited for one and a half hours. (*Id.* ¶ 33)

Based on procedures established by Defendants for arrests made near the RNC, Plaintiff was then transported and detained in a holding facility at Pier 57. (*Id.* ¶ 35) Plaintiff asserts that this protocol intentionally and maliciously delayed his processing. (*Id.* ¶ 36) Plaintiff alleges that Pier 57 presented many health and safety hazards and had a chemical smell that made

Plaintiff feel ill. (*Id.* ¶¶ 38-39)  Plaintiff was taken to 100 Centre Street on the morning of August 28, 2004, where he was searched, finger printed, and placed in a cell. (*Id.* ¶¶ 44-45)  That evening Plaintiff was arraigned and met with a lawyer for the first time. (*Id.* ¶ 46)

Plaintiff was charged with obstruction of governmental administration in the second degree, disorderly conduct, parading without a permit, and resisting arrest. (*Id.* ¶ 47)  At his arraignment, the Assistant District Attorney ("ADA") assigned to Plaintiff's case sought to introduce a videotape as evidence. (*Id.* ¶ 48)  The ADA represented that this was a complete, unedited recording of the events leading up to and including Plaintiff's arrest. (*Id.* ¶ 49)  Later, however, Plaintiff's attorneys determined that the videotape had been edited, removing all footage of Plaintiff acting peacefully and of his interactions with Officer John Doe 1. (*Id.* ¶ 50)

B.  Procedural History

Plaintiff, Alexander Dunlop, filed this action against Defendants, the City of New York, Mayor Michael Bloomberg, Police Commissioner Raymond Kelly, Police Chief Joseph Esposito, Commanding Officer Thomas Graham, Deputy Chief John J. Colgan, the New York District Attorney's Office, District Attorney Robert Morgenthau, Police Officer Maya Gomez, Police Officer John Does 1-3, and the Hudson River Park Trust, alleging various state and federal law violations.

The Complaint was filed on December 16, 2005.  Defendants filed a timely Notice of Removal on January 20, 2006, pursuant to U.S.C. §§ 1331, 1441, and 1446.  In the Notice of Removal, Defendants asserted original jurisdiction for Plaintiff's claims arising under the U.S. Constitution and 42 U.S.C. § 1983. (Pl.'s Mem. Ex A ¶ 2)  The Notice also asserts that "all defendants have consented to the removal of this action." (Pl.'s Mem. Ex. A ¶ 4)

On February 17, 2006, Plaintiff made his first Motion to Remand within the statutorily required thirty days after the filing of the Notice of Removal. *See* 28 U.S.C. § 1447(c). However, the first Motion was denied without prejudice for failure to follow the Court's Individual Practices, namely to first submit a pre-motion letter requesting permission to file a motion. At a pre-motion conference on March 16, 2006, the Court allowed Plaintiff to file his second Motion to Remand even though the thirty days had passed. Plaintiff served the instant Motion to Remand on March 31, 2006.

## II.  Discussion

### A.  Rule of Unanimity

Under 28 U.S.C. § 1447 Plaintiff has a right to bring a motion for remand on the basis of any defect in the notice of removal. There is general agreement among the courts that "[a]ll the defendants must join in seeking removal" from state court. *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960). This requirement is known as the rule of unanimity. *See Smith v. Kinkead*, No. 03 Civ. 10283, 2004 WL 728542, at *2 (S.D.N.Y. Apr. 5, 2004).

"The majority of courts interpret 'consent' to mean that each defendant must submit written consent unambiguously agreeing to removal." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001). However, there is no requirement that each defendant must personally consent. *See Beatie and Osborn, LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006) ("[M]ost courts have required some form of unambiguous written evidence of consent." (quoting *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998))). Rather, a defendant's attorney can consent on that defendant's behalf. *See Codapro Corp.*, 997 F. Supp. at 325 ("[T]here must be some timely filed written indication from each

4

served defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988))); *see also Schepis v. Local Union No. 17*, 989 F. Supp. 511, 513 n.1 (S.D.N.Y. 1998) (holding the notice of removal filed by one defendant was not defective absent express consent from the other defendant because the constitution governing the relationship between the defendants provided that the removing defendant was authorized to act on behalf of the other defendant without its consent). Thus, attorneys can consent for their own clients. *Cf. Payne*, 172 F. Supp. 2d at 476 (holding petitioning defendant's notice of removal asserting that co-defendants had consented did not provide evidence of their consent because they were represented by different counsel). By requiring written consent from each defendant or someone who has authority to act formally on their behalf, the court can ensure that one defendant is not choosing the forum for all defendants.

In the present case, James Mirro is the legal counsel for each Defendant, and is therefore authorized to act on their behalf. Mr. Mirro filed the Notice of Removal, which stated unambiguously that, "all defendants have consented to the removal of this action." (Pl.'s Mem. Ex. A ¶ 4) This is sufficient. *See Esposito v. Home Depot, U.S.A., Inc.*, 436 F. Supp. 2d 343, 347 (D.R.I. 2006) (denying motion to remand where all defendants were represented by the same counsel, there was no risk that one defendant had imposed its will on the others or that the plaintiff would be forced to sue in two fora, and the plaintiff had not demonstrated any prejudice resulting from one defendant's failure to explicitly join notice of removal); *Beatie and Osborn, LLP*, 431 F. Supp. 2d at 383-84 (holding it was clear that all defendants unambiguously consented to removal when the notice identified all of the defendants and the signing attorney

identified himself, his firm, and his co-counsel as "attorneys for the defendants"); *cf. Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 645 (S.D. Miss. 2001) (finding notice of removal by one defendant insufficient where the movant averred that the non-moving defendant was not required to join in the notice). Accordingly, there was no procedural defect in Defendants' Notice of Removal that requires remand.[1]

B.  Remand Pursuant to 28 U.S.C. § 1441

In determining whether a federal court has jurisdiction over a removed action, the court must look to the face of the complaint. *See Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 390 (1998) (relying on complaint, not potential defenses, to determine removal jurisdiction). "[E]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997).

Plaintiff's Amended Complaint states the following allegations against Defendants: 1) false arrest and imprisonment; 2) assault; 3) battery; 4) malicious prosecution; 5) negligent infliction of emotional distress; 6) negligence; and 7) a deprivation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution and laws of the State of New York. (Pl.'s Mem. Ex. B ¶¶ 1, 53, 63, 68, 71, 78, 89-91, 100, 103, 107, 112) Specifically, Plaintiff's causes of action seven through ten are explicitly based on section 1983

---

[1] Because the Court rejects Plaintiff's procedural defect argument on substantive grounds, it need not reach the question of whether Plaintiff timely raised the procedural defect argument.

and allege a denial of Plaintiff's "privileges or immunities secured by the United States Constitution or by Federal law . . . ." (Pl.'s Mem. Ex. B ¶ 100)  Therefore, Plaintiff's Amended Complaint unquestionably states a basis for original federal jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Plaintiff now protests that "[t]o force the Plaintiff to litigate his claim in federal court would substantially prejudice his right to access to the courts to redress individual grievances." (Pl.'s Mem. 7-8)  Yet, Plaintiff is the master of his Complaint, and he "could have assured [himself] a state forum by bringing only claims arising under state law." *Hickerson v. City of New York*, 932 F. Supp. 550, 556 (S.D.N.Y. 1996). "[W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal." *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir. 1986).  Whether by oversight or by deliberate action, Plaintiff included federal claims in his Complaint, and therefore left himself wide open to removal.

Plaintiff asserts that removal is improper under 28 U.S.C. § 1441(c).  Although Defendants did not state explicitly upon which subsection of section 1441 they were basing their removal, it is clear from the language of the Notice of Removal that Defendants based removal upon section 1441(a).  In the Notice, Defendants stated that "[t]he Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because plaintiff alleges a variety of claims arising under the Constitution of the United States and under 42 U.S.C. § 1983 . . . ." (Pl.'s Mem. Ex. A

¶ 2) Section 1441(a) provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

42 U.S.C. § 1441(a). Therefore, analysis of remand under section 1441(c) in inappropriate. *See Surprise v. GTE Serv. Corp.*, 47 F. Supp. 2d 240, 242 (D. Conn. 1999) (reviewing motion for remand under section 1441(a) where action was removed pursuant to that section, even though plaintiff erroneously argued for remand pursuant to section 1441(c)).

While the Court has original jurisdiction over causes of action seven through ten, it does not have original jurisdiction over causes of action one through six, which are based on state law. However, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims are part of the same case or controversy if they derive from a common nucleus of operative fact[s]." *SAT Int'l Corp. v. Great White Fleet (US) Ltd.*, No. 03 Civ. 7481, 2006 WL 661042, at *5 (S.D.N.Y. Mar. 16, 2006) (exercising supplemental jurisdiction over state law claims where court had original jurisdiction over admiralty claim and all claims were related to plaintiff's misdelivered property and resulting loss).

Here, Plaintiff's state and federal claims arise out of a common nucleus of operative facts, namely his arrest on August 27, 2004 and subsequent prosecution. This is evidenced by the fact that the federal law causes of action incorporate by reference the same paragraphs upon which the state causes of action are based. *See Surprise*, 47 F. Supp. 2d at 242 ("Plaintiff's [federal

law] claims are based on much of the same employer conduct as the state law claims, as evidenced in part by the fact that [the federal law claims] incorporate by reference many of the paragraphs alleging the conduct on which [the state law claims] are based."). Moreover, Plaintiff's state and federal claims are linked by Defendants' alleged hostility to anyone considered to be protesting at the RNC. *See Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 605 F.2d 1228, 1247 (2d Cir. 1979) ("Although the federal claims arose primarily from the union disciplinary proceedings and the state claims from the confrontation in [defendant's] office . . . both were linked by the hostility of Union officials toward appellees' assertion of their § 101 rights."). Therefore, the Court has supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff urges the Court to exercise its discretion to decline supplemental jurisdiction and to remand the entire case, or alternatively, just the state law claims.[2] A district court has discretion to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other

---

[2]The weight of authority suggests that section 1367(c) does not give the Court authority to remand claims over which it has original jurisdiction. *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1037 (8th Cir. 1999) (noting that where there is a federal question, the court is without discretion to remand); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995) ("[N]othing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the civil rights claims, to the state court."); *Hickerson*, 932 F. Supp. at 559 ("Nothing in section 1367 authorizes a district court to dismiss or remand any claim over which the district court has original jurisdiction . . . ."). Accordingly, even if the Court has discretion to remand the state law claims, it does not have discretion to remand the federal law claims.

compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "In the Second Circuit, the supplemental jurisdiction analysis has two steps. First, the court must 'identif[y] one of the factual predicates which corresponds to one of the subsection 1367(c) categories.'" *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 456 (S.D.N.Y. 2003) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998)). Second, the court may exercise its discretion, based on considerations of "judicial economy, convenience, fairness, and comity." *Id.* (finding no grounds for declining to exercise supplemental jurisdiction).

Three of the four exceptions do not apply here. First, Plaintiff's claims do not raise novel or complex issues of state law. Indeed, they are relatively common state law claims. Second, the Court has not dismissed all of the federal law claims. Third, there are no exceptional circumstances that compel the Court to decline jurisdiction. *See SST Global Tech., LLC*, 270 F. supp. 2d at 459 (noting that exceptional circumstances exist where jury confusion would result because "the state and federal claims rely on different legal theories, where adjudication of the state claims would disrupt the adjudication of the primary claim, and where the claims raised in parallel state and federal actions are duplicative and the exercise of federal jurisdiction would frustrate judicial economy" (citations omitted)).

Plaintiff argues, albeit in the context of section 1441(c), that the Court should decline to exercise jurisdiction because the state law claims predominate. That argument is applicable to section 1367(c) as well. In determining whether state law claims predominate, courts consider the type of proof necessary, the comprehensiveness of remedies, and the scope of the issues raised. *See Surprise*, 47 F. Supp. 2d at 243 (citing *Gibbs*, 383 U.S. at 726-27). Courts in this

10

district have found that state law claims predominate when the federal law claims are merely peripheral or cover a much narrower issue than the state law claims, or where the factual or legal analysis of the claims are unrelated. *See SST Global Tech., LLC*, 270 F. Supp. 2d at 456-58 (finding state law claims did not predominate where there was "substantial interplay" between the federal and state law claims). In *Borough of West Mifflin*, the Third Circuit found that the state law claims did not predominate because they sought the same remedy for the same set of injuries to the plaintiff as the federal claims, they were not broader in scope than the federal claims, and they did not sufficiently outnumber the federal claims. 45 F.3d at 789-90 ("While federal constitutional tort law under § 1983 derives much of its content from the general common law of torts, plaintiffs' civil rights claims based on the alleged assault, arrest, and prosecution are nevertheless governed exclusively by federal law."); *cf. Moralez*, 778 F. Supp. at 371 (remanding the case based on finding that state law predominates because "plaintiff's state law claims are more complex and would require more judicial resources to adjudicate than their federal counterparts. Moreover, the majority of claims in this case are based on state law" (footnote omitted)).

Although six of Plaintiff's ten claims are based in state law, it is not the ratio of state to federal claims that is determinative, but the substance. *See Itar-Tass Russian News Agency*, 140 F.3d at 448 ("Appellants' supplemental claims do not 'substantially predominate' over the copyright claims. In contrast to the extensive and complex copyright litigation involved in the action, Appellants merely seek payment for services rendered and fees incurred throughout the course of the litigation."); *McConnell v. Costigan*, No. 00 Civ. 4598, 2000 WL 1716273, at *5 (S.D.N.Y. Nov. 16, 2000) (declining to exercise supplemental jurisdiction where state law claims

implicated broader issues than narrow federal law claim). Substantively, Plaintiff's state law claims do not predominate. Plaintiff's federal law claims will require virtually the same proof as the state law claims. *Cf. McConnell*, 2000 WL 1716273, at *5 (declining to exercise supplemental jurisdiction where proof required to decide state law claims was much broader than proof required to decide federal law claims). The federal claims are not merely peripheral to the state claims, rather they present serious allegations of constitutional violations that are properly addressed in federal court. *See Mendez v. Roman*, No. 05 Civ. 1257, 2006 WL 276976, at *2 (D. Conn. Feb. 2, 2006) (finding state law claims did not predominate where federal and state law claims implicated "similar, and even identical, issues"); *Hickerson*, 932 F. Supp. at 558 ("Plaintiffs have raised claims under the First Amendment; their allegations that the resolution also violates the state constitution do not diminish the importance of the federal constitutional issues. A 'matter' that includes a substantial federal constitutional claim cannot be a matter in which state law predominates."). Moreover, all of Plaintiff's claims arise out of a series of events that are interrelated. Therefore, remanding the state law claims would result in duplicative work for the attorneys and the court system.[3]

Plaintiff, however, argues that because there is no remedy for malicious prosecution in federal court, the entire case should be remanded to state court.[4] First, Plaintiff's lawyers make it appear as if the question of the legality of his prosecution is only a state-based claim. However,

---

[3]Remanding Plaintiff's state law claims would also result in duplication from the fact that this Court has nearly 100 RNC-related cases, all of which have been consolidated for discovery purposes.

[4]It is worth noting that many of the other RNC-related cases being litigated before this Court include malicious prosecution claims. The Court reviewed a sample of complaints in ten RNC-related cases, and eight of them included malicious prosecution cases.

Plaintiff specifically incorporates both the malicious prosecution claim, and the factual allegations supporting it, into his federal law claims. (*See* Pl.'s Mem. Ex. B ¶¶ 98, 102, 105, 111)  Therefore, it is irrelevant for remand purposes that some Defendants may raise a defense of absolute immunity to that claim.  *See Wisconsin Dept. of Corrs.*, 524 U.S. at 390 (relying on complaint, not potential defenses, to determine removal jurisdiction).  Second, the Court may properly exercise supplemental jurisdiction over Plaintiff's state law malicious prosecution claim and, consequently, may afford complete relief to Plaintiff, regardless of the fact that there is no federal cause of action for malicious prosecution.  *See Fielder*, 188 F.3d at 1038 (finding insufficient to remand where the district court could afford complete relief on state and federal law claims).  As Plaintiff does not present state law claims that substantially predominate, the Court need not address the *Gibbs* factors and is without cause to decline to exercise supplemental jurisdiction.[5]  *See Itar-Tass Russian News Agency*, 140 F.3d at 448 ("[T]he discretion to decline

---

[5]If the Court were to consider the *Gibbs* factors, it would reach the same result.  In light of the large number of related cases and the lack of any unfairness to Plaintiff in keeping the case here, each of the *Gibbs* factors – judicial economy, convenience, fairness, and comity – argue for retaining the case in federal court.  *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) ("[A] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs* . . . .").



supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c).").

### III. Conclusion

Accordingly, Plaintiff's Motion to Remand is DENIED.

SO ORDERED.

Dated:   October 3, 2006
         New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE