**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**ROBERT M. MORGENTHAU**
DISTRICT ATTORNEY

October 10, 2006

**BY HAND DELIVERY**



Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312

Re:   Alexander Dunlop v. City of New York, 06-CV-0433 (KMK) (JCF)

Your Honor:

    I am appearing in this matter as a Special Assistant Corporation Counsel, and together with Special Assistant Corporation Counsel James Mirro, I represent District Attorney Robert M. Morgenthau ("DA Morgenthau") and the "New York County District Attorney's Office" (collectively "the DA Defendants"), defendants in the above-captioned case. I plan to file a motion to dismiss the complaint against the DA Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). In accordance with Your Honor's Individual Rule of Practice 2(A), I respectfully request a pre-motion conference on this motion.

    Plaintiff's complaint stems from his arrest during a protest that preceded the 2004 Republican National Convention, and raises various claims under 42 U.S.C. § 1983 and state law arising out of that arrest and ensuing criminal prosecution. As against the DA Defendants, plaintiff asserts state law claims of malicious prosecution (Count 4) and negligence (Count 6) based on this criminal prosecution, and he also claims that those events support an analogous cause of action under 42 U.S.C. § 1983 (Count 9), as well as a § 1983 conspiracy claim (Count 10). In particular, plaintiff claims that the Assistant District Attorney assigned to his case pursued that prosecution "[d]espite the fact that there was no probable cause" (Amended Complaint ¶ 47), and he also claims that the prosecutor, "while acting under the supervision of" DA Morgenthau, failed to disclose a purportedly exculpatory videotape during pretrial discovery (Amended Complaint ¶¶ 48-51). On April 6, 2004, the criminal case against plaintiff was dismissed upon motion by the prosecution.

    To begin, plaintiff's complaint against the "New York County District Attorney's Office" must be dismissed, for the simple reason that this defendant is not a suable entity. E.g., Calderon v. Morgenthau, 2005 U.S. Dist. LEXIS 14270, *10 (S.D.N.Y. July 15, 2005) (holding that "the New York County District Attorney's Office" is not a suable entity under New York law); Steed v. Delohery, 1998 U.S. Dist. LEXIS 2754, *3 (S.D.N.Y. Mar. 11, 1998) ("The New York County District Attorney's Office is not a suable entity.").

**DISTRICT ATTORNEY, NEW YORK COUNTY**

Hon. Kenneth M. Karas                   Page 2                   October 10, 2006

Insofar as plaintiff is suing DA Morgenthau in his official capacity as a public prosecutor, it is clear that he is not a "person" subject to liability under § 1983, Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), and that, in any case, this claim is barred by the Eleventh Amendment. Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993). The Eleventh Amendment also precludes any such state law claim brought in this forum against DA Morgenthau in his official capacity. Penhurst State Schools & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984).

Plaintiff's individual-capacity claims against DA Morgenthau fair no better. As to plaintiff's claims sounding in malicious prosecution, plaintiff does not allege that DA Morgenthau was himself personally involved in plaintiff's misdemeanor case. Indeed, plaintiff specifically states that his § 1983 claims against DA Morgenthau are predicated on the theory of respondeat superior (Amended Complaint ¶¶ 101, 108-09, 120). But of course, this is not a viable theory of recovery under the federal civil rights statutes. Monell v. Department of Social Servs., 436 U.S. 658, 691-95 (1978). Nor may plaintiff pursue any state law claims against DA Morgenthau under this doctrine. N.Y. County Law §§ 54, 491; Barr v. County of Albany, 50 N.Y.2d 247, 257 (1980); Shmueli v. New York City Police Dept., 295 A.D.2d 271 (1st Dept. 2002).

Even if plaintiff could plausibly allege that DA Morgenthau played some active role in his prosecution, his claims against DA Morgenthau would nevertheless be barred by absolute prosecutorial immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Arteaga v. State, 72 N.Y.2d 212, 217 n.1 (1988); Drakeford v. City of New York, 6 A.D.3d 302 (1st Dept. 2004). As particularly relevant here, this immunity encompasses any claim that the prosecutor knowingly prosecuted an innocent individual, Shmueli v. City of New York, 424 F.3d 231, 236-39 (2d Cir. 2005); Johnson v. Town of Colonie, 102 A.D.2d 925, 925-26 (3d Dept. 1984); relied upon false evidence to bring that prosecution, Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994); Cunningham v. State, 77 A.D.2d 756, 757 (3d Dept. 1980), or withheld or suppressed exculpatory evidence. Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004); Hill v. City of New York, 45 F.3d 653, 661-62 (2d Cir. 1995); Whitmore v. City of New York, 80 A.D.2d 638, 639 (2d Dept. 1981). And, this immunity likewise precludes any claim that these prosecutorial acts were taken as part of a nefarious conspiracy, Pinaud v. County of Suffolk, 52 F.3d 1139, 1148-49 (2d Cir. 1995), a conspiracy claim which, it must be noted, is simply too conclusory as against DA Morgenthau to survive a motion to dismiss. See Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000).

Plaintiff's negligence claim against DA Morgenthau fails because New York law does not permit any negligence-based tort claim predicated upon a criminal investigation or prosecution. Johnson v. Kings County District Attorney's Office, 308 A.D.2d 278, 384-85 (2d Dept. 2003); see also Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). This likewise precludes any claim that DA Morgenthau negligently supervised his subordinate prosecutors during plaintiff's prosecution, Jenkins v. City of New York, 1992 U.S. Dist. LEXIS 8279, *23 (S.D.N.Y. June 15, 1992), a claim that is not only too conclusory to survive a motion to dismiss, see Moore v. First Fed. S&L Ass'n, 237 A.D.2d 956, 957 (4th Dept. 1997), but which is barred by New York's governmental immunity doctrine in any event. Maloney v. Board of Educ. of Buffalo, 177 A.D.2d 1012 (4th Dept. 1991); see also Aiken v. Nixon, 236 F. Supp. 2d 211, 240-41 (N.D.N.Y. 2002), aff'd, 80 Fed. Appx. 146 (2d Cir. 2003).

DISTRICT ATTORNEY, NEW YORK COUNTY

Hon. Kenneth M. Karas        Page 3        October 10, 2006

       Finally, all of plaintiff's state law claims suffer from a fundamental pleading defect. Under New York law, not only is service of a timely notice of claim a condition precedent to bringing a tort action against a public corporation or any of its officers, agents, or employees, N.Y. Gen. Mun. Law §§ 50-e(1)(a), 50-i(1)(a), it must also "appear as an allegation in the complaint . . . that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment or payment thereof has been neglected or refused." N.Y. Gen. Mun. Law § 50-i(1)(b). Plaintiff's complaint does not allege that he timely filed a notice of claim against any of the defendants, nor does he allege that, prior to filing his complaint, at least thirty days had lapsed without his claims having been settled following service of a notice of claim. Thus, plaintiff has, at a minimum, failed to comply with the condition precedent established by N.Y. Gen. Mun. Law § 50-i(1)(b), and this failure is fatal to all of his state law claims. Giblin v. Nassau County Med. Center, 61 N.Y.2d 67, 74-76 (1984); accord Duran v. City of New York, 1999 U.S. Dist. LEXIS 6853, *8-*9 (S.D.N.Y. May 7, 1999).

       In short, it is clear that plaintiff has no claim against either of the DA Defendants that can withstand a motion to dismiss. Accordingly, I respectfully ask the Court to schedule a pre-motion conference in this matter, or, in the alternative, permit the DA Defendants to file a motion to dismiss the complaint.

       Respectfully submitted,

       *[signature]*

       Michael S. Morgan (MM-9360)
       Senior Appellate Counsel
       as Special Assistant Corporation Counsel
       (212) 335-9371 (telephone)
       (212) 335-9288 (fax)

cc     James Mirro                                Yetta G. Kurland
       Special Assistant Corporation Counsel       Attorney for Plaintiff
       New York City Law Department                Kurland & Associates, PC
       100 Church Street                              304 Park Avenue South, Suite 206
       New York, NY 10007                          New York, NY 10010

       (by fax)

*[Handwritten:]* The Court will hold a pre-motion conference on November 3, 2006 at 3:15 pm. The time for Defendants Morgenthau and the NY District Attorney to file any motion to dismiss is tolled until then.

SO ORDERED

*[signature]* KENNETH M. KARAS U.S.D.J.

10/16/06