

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

# MEMO ENDORSED

JOSEPH MIRRO
*Special Assistant Corporation Counsel*
phone (212) 788-8026   fax (212) 788-9776

October 13, 2006

**BY HAND**

The Honorable Kenneth M. Karas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312



    Re:   *Dunlop v. The City of New York, et al.*
            *USDC SDNY 06 CV 433 (KMK) (JCF)*

Dear Judge Karas:

        Pursuant to Your Honor's Individual Practice Rules, defendants hereby request permission to file a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as to those Causes of Action ("Counts") in the Amended Verified Complaint ("Complaint") numbered one through six and ten.

        As to Counts one through six, the City defendants seek to join in the arguments set forth in the October 10, 2006 letter to the Court by Special Assistant Corporation Counsel Michael Morgan. Plaintiff simply has failed to plead adequately his state law claims under New York law. Accordingly, those Counts should be dismissed.

        The same is true of Count 10, which pleads a "conspiracy" to violate plaintiff's constitutional rights. In the Second Circuit, the law is clear that "claims alleging conspiracies to violate civil rights must be pled with specificity." Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 470 (S.D.N.Y. 2006) (Hellerstein, J.). To survive a motion to dismiss, civil rights conspiracy claims must plead *facts* sufficient to support the elements of the conspiracy including that "(1) two or more people entered into an agreement; (2) the alleged co-conspirators shared in the general objective of the conspiracy; and (3) the particular defendant committed an act in furtherance of the conspiracy." Id.; see also Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (same).

        The Second Circuit particularly has scrutinized allegations concerning the "agreement" or "meeting of the minds" to violate the law that is an essential element of the

conspiracy claim. "In order to maintain an action [based upon a civil rights conspiracy], a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb v. Goord, 340 F.3d 105, 110-11 (2nd Cir. 2003). "Without a 'meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy.'" Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.). Thus, in Fisk, Judge Marrero dismissed plaintiff's conspiracy claim where her complaint alleged "dialogues," "communications" and "interactions" between defendants but failed to set forth any facts tending to show a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights. In Webb, the Court of Appeals recognized that "[t]he plaintiffs have not alleged, except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants." The Court held that "[t]heir conspiracy allegation must therefore fail." Id. at 111.

Judge Marrero's holding in Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (Marrero, J.) was to the same effect. In Romer, the Court held that "[s]pecifically, plaintiff must provide some factual basis supporting a 'meeting of the minds.'" Id. "[P]laintiff must also provide 'some details of time and place and the alleged effects of the conspiracy.'" Id. "[M]ere allegations that defendants' actions were committed 'in furtherance of a conspiracy' were not enough, as 'plaintiff has alleged no facts at all from which a meeting of the minds between [defendants] on a course of action intended to deprive plaintiff of her constitutional rights can be inferred.'" Id. (dismissing conspiracy claim as "too general and conclusory"); see also Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff failed to allege "a meeting of the minds" and failed to "identify[y] the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (same); Peavey v. Polytechnic Institute of New York, 775 F. Supp. 75, 77-78 (E.D.N.Y. 1991) (Glasser, J.) (dismissing conspiracy claim where "complaint is utterly vague and conclusory as to the nature of [defendant's] participation in the alleged agreement"), aff'd, 969 F.2d 1042 (2nd Cir. 1992).

According to the Second Circuit, "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2nd Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Id. (dismissing conspiracy claim where plaintiff failed to provide any "details of time and place"); Jessamy, 292 F. Supp. 2d at 513-14 (same). In any event, "[i]t is well established that 'where the individual defendants are all employees of the institutional defendant, a claim of conspiracy will not stand." Jessamy, 292 F. Supp. 2d at 514.

Count 10 of the Complaint, pled between paragraphs 111 and 121, fails these requirements as a matter of law. Taken together, these allegations are nothing more than a recitation of legal conclusions wholly unsupported by any factual pleading. For instance, the Complaint fails to identify any one or more individuals who actually entered into any "agreement." According to the Complaint, "Upon information and belief, Defendants agreed that the object or course of action was to arrest, detain and confine Dunlop and others in the vicinity of the RNC without probable cause, and maliciously charge and prosecute him with crimes." Complaint ¶ 119. Pleading "upon information and belief" fails to satisfy the

heightened pleading requirements applied to civil conspiracy claims. It is, in fact, a concession that plaintiff lacks the necessary factual predicate for this key element of the claim. Accordingly, no "agreement" is pled. Second, plaintiff's vague allegation that "defendants" entered into this agreement fails to identify any particular defendants that allegedly did so. Third, plaintiff fails to allege that the Mayor, the Commissioner of Police or any other defendant actually knew Mr. Dunlop before his arrest. Fourth, plaintiff fails to plead either the time or the place at which the "defendants" reached their alleged "agreement."

Fifth, plaintiff fails to allege that any particular defendant committed any particular act in furtherance of the alleged conspiracy. Plaintiff merely alleges in broad-brush fashion that "Bloomberg, City of New York, Kelly, Esposito and the New York County District Attorney's Office advised and strategized, practices or customs of detaining the individuals arrested at the RNC . . . ." Complaint ¶ 114. The Complaint fails to plead any specific facts – for example, which defendant engaged in any particular overt act; when that overt act was allegedly committed; where that overt act allegedly was committed; or the purpose of that act. In fact, the Complaint is wholly devoid of any pleading to the effect that any of these defendants had any personal involvement whatsoever in any agreement or overt act to abridge Mr. Dunlop's constitutional rights.

Finally, plaintiff's conspiracy claim must be dismissed with prejudice because plaintiff has not pled that any party other than the City engaged in the conspiracy. Plaintiff cannot sustain a cause of action predicated upon City employees conspiring among themselves. Jessamy, 292 F. Supp. 2d at 514. Nor can plaintiff sustain a cause of action for conspiracy by pleading negligence. See Complaint ¶¶ 116 ("Defendants . . . knew or should have known"); 117, 118 ("Defendants . . . had knowledge or, had they diligently exercised their duties . . . should have had knowledge that the wrongs conspired to be done . . . were about to be committed").

By signing the "Amended Verified Complaint," counsel has certified, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, "that the allegations and other factual contentions [contained in that pleading] have evidentiary support." Notwithstanding Rule 11 and the heightened pleading requirements for a conspiracy claim, plaintiff has failed to plead any particular facts that support his claim. Accordingly, defendants request permission to file a motion to dismiss.

In light of the anticipated motions to dismiss the Complaint, defendants also request permission to serve their answer to any remaining claims 10 days after receipt of the Court's order on these motions to dismiss. Defendants have attempted but have been unable to reach opposing counsel to secure their consent to this additional answer time.

Very truly yours,

James Mirro

cc: Gina M. Bonica, Esq. (by fax)

*[Handwritten note:]* Plaintiff is to respond to this letter by October 23, 2006. The Court will take up the Defendants' other would-be motions at the Nov. 3, 2006 conference. Defendants' time to answer is stayed until then. So Ordered. 10/17/06

3