UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                    Plaintiff,

       -versus-                                **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                    Defendants.

------------------------------------------------------------------------ x

## NOTICE OF MOTION

        PLEASE TAKE NOTICE that, upon the accompanying memorandum of law and other materials, the undersigned will move this Court at the United States Courthouse, 500 Pearl Street, New York, New York 10007, on April 30, 2007, or as soon thereafter as counsel may be heard, for an order pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6) dismissing Count Ten of the second amended complaint for failure to state a claim upon which relief may be granted, for failure to plead with particularity and for failure to set forth a short and plain statement of the claim; and, pursuant to Rule 12(f), striking from the current pleading all references to any "conspiracy" and all related language; and for any other relief that may be appropriate.

Dated: New York, New York
      March 21, 2007

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the City of New York
                                   *Attorney For Defendants*

By: _____
                 James Mirro (JM 2265)
                 Special Assistant Corporation Counsel

Special Federal Litigation
100 Church Street, Room 3-130
New York, New York 10007
212.788.8026 (ph)
212.788.9776 (fax)

cc:    Michael S. Morgan
        Yetta G. Kurland

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                         Plaintiff,

          -versus-                           <u>06 CV 433 (KMK)(JCF)</u>

THE CITY OF NEW YORK, et al.

                         Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S "CONSPIRACY" CLAIMS

**MICHAEL A. CARDOZO**
**Corporation Counsel of the City of New York**
*Attorney For Defendants*

**James Mirro (JM 2265)**
**Special Assistant Corporation Counsel**
**Special Federal Litigation**
**100 Church Street, Room 3-130**
**New York, New York 10007**
**212.788.8026 (ph)**
**212.788.9776 (fax)**

**March 22, 2007**

# TABLE OF CONTENTS

Background ................................................................ 1

Argument .............................................................…....... 3

    Plaintiff Has Failed To Plead A "Conspiracy" .............................. 3

    Legal Standards ........................................................ 3

    I.    The Complaint Fails To Plead A Viable Conspiracy Claim
          Based Upon The Alteration Of A Videotape ......................... 5

    II.   The Complaint Fails To Plead Any Other
          Viable Conspiracy Claim ................................................. 11

      A.  The Second Amended Complaint, Fairly Read, Pleads
          Nothing More Than A Conspiracy Among City Employees ...... 11

        (1)  Plaintiff's Allegations Concerning
            David Norcross Are Insufficient ................................... 12

        (2)  Plaintiff's Allegations Concerning The United States
            Secret Service Are Insufficient ....…............................ 14

      B.  Plaintiff Has Failed To Plead Other Essential Facts …............. 18

Conclusion .…............................................................... 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                Plaintiff,

    -versus-                            **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS
## PLAINTIFF'S "CONSPIRACY" CLAIMS

### Background

The "amended verified complaint" ("Amended Complaint") in this action was filed in the Supreme Court of the State of New York, County of New York, and was served on the City of New York on or about December 22, 2005. On January 19, 2006, defendants timely removed the action to the United States District Court for the Southern District of New York. Plaintiff moved to remand and the Court denied plaintiff's motion by order of October 4, 2006.

On October 13, 2006, by letter to the Court, defendants sought permission to file a motion to dismiss certain counts of the Amended Complaint (Exhibit "A" hereto). At a subsequent conference with the Court, in which defendants recited various serious defects in the Amended Complaint, plaintiff requested and was granted a final opportunity to re-plead. On or about January 16, 2007, plaintiff served his Second Amended Complaint (Exhibit "A" to the DA's Motion). In a subsequent conference with the Court, in which defendants again sought permission to move to dismiss certain counts of the pleading, the Court granted permission.

During the week of the 2004 Republican National Convention ("RNC"), the City of New York accommodated hundreds of thousands of protesters. In that time frame, approximately 1800 were arrested for violating the law, most of whom were charged with violations (such as blocking vehicular and pedestrian traffic). Of those, many took adjournments in contemplation of dismissal while others were granted voluntarily dismissals. Now, approximately 565 of those individuals have sued the City, the Mayor, the Police Commissioner and other individual defendants, primarily on a theory of false arrest. Of all of the pending RNC actions, plaintiffs in only <u>two</u> actions currently known to defendants allege a "conspiracy" of any kind.

In his most recent pleading, plaintiff Dunlop appears to plead two separate conspiracies – one conspiracy whose object was to arrest Dunlop and others in the vicinity of protests during the RNC (the "Arrest Conspiracy"); and another conspiracy whose object was to alter certain videotaped evidence depicting him (the "Video Conspiracy"). <u>See</u> Second Amended Complaint at ¶¶ 2, 3, 16-19, 65-84 and Count 10 (¶¶ 154 – 181). Despite its length, however, upon close inspection it is evident that plaintiff's conspiracy pleading is no more than a loosely knit patchwork of speculation, surmise and guesswork – a far cry from the pleading with particularity required of civil conspiracy claims. Plaintiff fails to identify with any degree of particularity, for instance, what "personal involvement" each defendant actually had in the alleged conspiracies; and whether, when and under what circumstances each defendant reached an "agreement" willfully to violate plaintiff's Constitutional rights.

Accordingly, and based upon the following additional authorities, defendant City of New York ("Defendants") now respectfully submits that the Court should dismiss with prejudice Count Ten of the Second Amended Complaint pursuant to Rules 8(a)(2) and 12(b)(6)

of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, for failure to plead civil conspiracy with the requisite level of particularity, and for failure to provide a short and plain statement of the claim; and, pursuant to Rule 12(f), the Court should strike from that pleading all references to any "conspiracy" and any similar language as scandalous and impertinent.  Defendants also join in the motion by District Attorney Robert Morgenthau and former Assistant District Attorney Willa Concannon (the "DA Defendants" and the "DA's Motion") for all of the reasons stated in their separate motion.

## ARGUMENT

### Plaintiff Has Failed To Plead A "Conspiracy"

#### Legal Standards

In the Second Circuit, "claims alleging conspiracies to violate civil rights must be pled with specificity." Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 470 (S.D.N.Y. 2006) (Hellerstein, J.) (dismissing conspiracy claim); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (dismissing conspiracy claim).  To survive a motion to dismiss, a civil rights conspiracy claim must allege "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Jessamy, 292 F. Supp. 2d at 513 ("[t]he requisite specificity requires that the plaintiff 'make an effort to provide some details of time and place and the alleged effect of the conspiracy'").

"[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' and fails to 'reveal the specific relationship, if any, [the] defendants share' is insufficient pleading under Rule 8(a)(2)." Jones, 409 F. Supp. 2d at 464 ("A complaint

should be dismissed if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised'"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) (dismissing conspiracy complaint that generally referred to conduct of all seventeen defendants without differentiating conduct of particular defendants or describing how parties were interrelated). "A plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct' because such 'allegations fail to give adequate notice to the [] defendants as to what they did wrong." Id. According to the Second Circuit, such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (affirming dismissal of conspiracy claim).

Put another way, "[a] plaintiff cannot survive a motion to dismiss simply by stating legal conclusions as if they were facts." Jones, 409 F. Supp. 2d at 470 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "The Second Circuit has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights should be dismissed." Peavey v. Polytechnic Institute of New York, 775 F. Supp. 75, 77 (E.D.N.Y. 1991) (Glasser, J.) (dismissing conspiracy complaint), aff'd, 969 F.2d 1042 (2nd Cir. 1992). "This approach stems from the recognition of the ease with which such claims can be made and their ability to precipitate protracted proceedings." 775 F. Supp. at 77. "This principle applies with full force to claims under the civil rights laws." Id.

"Because Section 1983 imposes liability only upon those who actually cause a deprivation of rights, 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983.'" Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) (reversing jury verdict in favor of plaintiff). Of course, where there is no

"actual violation of constitutional rights," there can be no claim based upon a conspiracy to violate those rights. Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (affirming dismissal of conspiracy claim); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy claim).

In addition, "[i]t is well established that 'where the individual defendants are all employees of the institutional defendant, a claim of conspiracy will not stand." Jessamy, 292 F. Supp. 2d at 514 (collecting cases); Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

## I.

### The Complaint Fails To Plead A Viable Conspiracy Claim Based Upon The Alteration Of A Videotape

For all of the reasons set forth in the DA's Motion, plaintiff has failed to plead a viable conspiracy claim against either of the DA Defendants and those defendants should be dismissed from the action. Indeed, the DA Defendants have established that plaintiff's conspiracy claim based upon the alleged alteration of a videotape fails as a matter of law with respect to all of the defendants because, among other things, there was never any actual violation of plaintiff's constitutional rights as a result of that alleged conspiracy. That is because, as pled in the Second Amended Complaint, (i) plaintiff's counsel was in possession of the allegedly altered videotape (even before the prosecution was); (ii) the charges against the plaintiff were dismissed by the DA before the video ever was used as evidence and, therefore, before there could have been any violation of plaintiff's rights, or any damages resulting from the use of the video as evidence; and (iii) the video never was used as evidence. See Singer v. Fulton County

Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (affirming dismissal of conspiracy claim); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy claim).

   Although the Second Amended Complaint alleges in wholly conclusory fashion that unnamed parties other than the DA Defendants somehow were involved in the Video Conspiracy, that pleading fails to identify any of them and fails to allege sufficient facts to tie any of them into that alleged conspiracy.  For instance, the Second Amended Complaint only vaguely identifies the other members of the Video Conspiracy as "Officer Doe," "John Roe Technicians," "the Defendants," "the NYPD" and "City of New York."  See Second Amended Complaint at ¶¶ 68-69, 80, 176-79.  Of these, if the conspiracy involved only "the NYPD," it would number approximately 40,000 members.  At the same time, it is entirely unclear how the "City of New York" could have had a "meeting of minds" with anyone.

   Nor is it sufficient to plead a civil conspiracy without identifying the individuals allegedly involved in that conspiracy.  Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 472 (S.D.N.Y. 2006) (Hellerstein, J.) (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513-14 (S.D.N.Y. 2003) (Conner, J.) (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached").  Put another way, this blunderbuss pleading fails to fairly put defendants on notice of the claim against them.  See, e.g., Jones, 409 F. Supp. 2d at 464 ("A complaint should be dismissed if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised'").

The Second Amended Complaint also fails to identify with specificity what role, if any, each of "the Defendants" allegedly played in the Video Conspiracy. For instance, while Mayor Bloomberg and Commissioner Kelly nominally are included in the alleged Video Conspiracy (as "Defendants"), the Second Amended Complaint utterly fails to articulate any role played by the Mayor or the Police Commissioner in the alleged Video Conspiracy. The same is true of *all* of the remaining defendants -- including Chief of Department Joseph Esposito, Chiefs Thomas Graham and John Colgan, as well as Police Officer Maya Gomez. The Second Amended Complaint is utterly silent, moreover, as to *all* of the key factual particulars – whether, when and under what circumstances *each* defendant (i) reached an "agreement" to violate plaintiff's constitutional rights by altering the videotape; and (ii) took any independent overt action in furtherance of the alleged Video Conspiracy. Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").[1]

---

[1] The Second Circuit and the Southern District particularly have scrutinized allegations concerning the "agreement" or "meeting of the minds" to violate the law that is an essential element of the conspiracy claim. "In order to maintain an action [based upon a civil rights conspiracy], a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb v. Goord, 340 F.3d 105, 110-11 (2nd Cir. 2003) (affirming dismissal of conspiracy complaint). "Without a 'meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy.'" Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving

Plaintiff's sweeping allegations that "defendants" collectively engaged in a "conspiracy" to violate plaintiff's constitutional rights are simply insufficient in the absence of any explanation as to what, if any, personal involvement each defendant had. Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (affirming dismissal of conspiracy claim and holding that such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct"); Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) (dismissing conspiracy complaint and holding that "[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); see also Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., et al., 117 F.3d 655, 665 (2d Cir. 1997) (affirming dismissal of fraud complaint and holding that "[w]hile appellants nominally include all of the appellees in their claims of fraud . . . they have not managed to allege specifically a sufficient basis to sustain these claims as against [various appellees]").

---

Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim"); Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff "never properly alleges a meeting of the minds, nor identifies the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (dismissing conspiracy claim where pleading "does not refer to an agreement or state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached"); Peavey, 775 F. Supp. at 77-78 (dismissing conspiracy claim where "complaint is utterly vague and conclusory as to the nature of [defendant's] participation in the alleged agreement"), aff'd, 969 F.2d 1042 (2nd Cir. 1992).

To the extent that any "facts" are pled in plaintiff's scattershot 181-paragraph pleading, defendants note that they are pled almost entirely "upon information and belief." See Second Amended Complaint ¶¶ 27, 28, 32-33, 35-37, 39-40, 43, 47-50, 52-55, 58, 66, 68-69, 73, 76, 78-79, 159–161, 165–175 (all pled "upon information and belief"). As a practical matter, pleading "upon information and belief" is a concession by plaintiff that he lacks the knowledge required to plead the claim on the basis of facts. Put another way, it is a concession that plaintiff requires discovery even before he can plead his conspiracy claim. But that procedure has been rejected repeatedly in the Southern District. "Presumably, Romer's theory is that, were his complaint to survive the motion to dismiss, he would be able through discovery to develop a record substantiating his general pleadings. This aspiration need not detain the Court; Romer is entitled to proceed only if the facts he seeks to prove would state a legally cognizable claim." Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint).

In the Second Circuit, moreover, when pleading matters that require particularity – such as fraud and civil conspiracy – the Courts strongly disfavor pleading "upon information and belief." See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief" because it was "conclusory" and "insufficient to state a § 1983 claim"); Leon v. Murphy, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief" on the ground that "[a] complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); see also Gilkey v. Sheahan,

1995 WL 646231, *6 (N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief" on the basis that plaintiff did not plead "any essential facts" but "has merely made conclusory allegations").

Nor does plaintiff cure this serious defect by providing a meaningful statement of facts upon which plaintiff's "beliefs" are founded – leaving plaintiff's conspiracy complaint overwhelmingly, if not entirely, unsupported by facts. See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., et al., 117 F.3d 655, 664 (2d Cir. 1997) (affirming dismissal of fraud complaint pled "upon information and belief" and holding that "appellants have failed to provide a statement of facts upon which the belief is founded [and] the unsupported nature of the allegation weighs against finding it indicative of fraudulent intent").

In any event, plaintiff cannot sustain a cause of action predicated upon City employees allegedly conspiring among themselves. "It is well established that 'where the individual defendants are all employees of the institutional defendant, a claim of conspiracy will not stand." Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 514 (S.D.N.Y. 2003) (Conner, J.) (collecting cases); Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

Together, these flaws are fatal to plaintiff's conspiracy claim. Accordingly, and for all of the reasons set forth in the DA Defendants' motion, plaintiff's cause of action based upon an alleged Video Conspiracy should be dismissed.

## II.

### The Complaint Fails To Plead
### <u>Any Other Viable Conspiracy Claim</u>

Plaintiff attempts to plead one other "conspiracy" in the Second Amended Complaint. In sum and substance, the object of that alleged conspiracy was to arrest Dunlop and others in the vicinity of protests during the RNC without probable cause. <u>See</u> Second Amended Complaint at ¶¶ 2, 65, 66, 84, 154-175. Putting aside the practical matter that this is little more than a restatement of plaintiff's first cause of action – for false arrest – this alleged "conspiracy" suffers from the same fatal defects as does the alleged Video Conspiracy.

### A.

### The Second Amended Complaint, Fairly Read, Pleads
### <u>Nothing More Than A Conspiracy Among City Employees</u>

Fairly read, this alleged conspiracy includes no one <u>except</u> City employees. Plaintiff does not appear to plead, for instance, that the DA Defendants or the Hudson River Park Trust were involved in the conspiracy to arrest plaintiff. Instead, the plaintiff appears to plead that only the remaining defendants – the City and its employees – conspired to violate plaintiff's rights. For instance, the plaintiff identifies "[t]he Defendants including but limited to the City of New York, Bloomberg, Kelly, Esposito, Colgan and Graham. . . ." Second Amended Complaint at ¶ 65. Throughout most of the pleading, plaintiff refers generally to "All Defendants" or simply to "Defendants." <u>See</u> Second Amended Complaint at ¶¶ 155-75. Of course, it is well established in the Second Circuit that plaintiff cannot sustain a cause of action predicated upon City employees conspiring among themselves. <u>See</u>, <u>e.g.</u>, <u>Jessamy v. City of New Rochelle</u>, 292 F. Supp. 2d 498, 514 (S.D.N.Y. 2003) (Conner, J.) (collecting cases); <u>Herrman v. Moore</u>, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is

essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

## (1)

### Plaintiff's Allegations Concerning David Norcross Are Insufficient

Apparently in an effort to sidestep this serious legal defect, plaintiff makes a half-hearted effort to sweep several other individuals and entities into the alleged conspiracy. Those efforts fail for a variety of reasons. For instance, toward the end of the Second Amended Complaint, plaintiff pleads that "upon information and belief . . . David Norcross, Chairman of the Committee on Arrangements for the 2004 Republican National Convention stated on more than one occasion that the City of New York and the Republican National Committee had met and discussed security for the RNC for at leas [sic] a year prior to the convention." Second Amended Complaint at ¶ 159. "Upon information and belief . . . David Norcross had conversations with Bloomberg and other City of New York officials regarding controlling the visibly negative publicity surrounding the RNC." Second Amended Complaint at ¶ 160. "Upon information and belief, these conversations included but were not limited to the promulgation and implementation of a practice, tactic or strategy to keep visible signs of dissent and/or protest out of the public eye. . . ." Second Amended Complaint at ¶ 161.[2]

_____

[2] Continuing with his scattershot approach, plaintiff also alleges that "Defendants . . . conspired with the RNC" and that "Defendants . . . conspired with the Republican National Party." See Second Amended Complaint at ¶¶ 65, 84. In plaintiff's Second Amended Complaint, "RNC" is defined at paragraph 1 to mean "Republican National Convention." Second Amended Complaint ¶ 1. It is difficult to conceive how defendants could have had a "meeting of minds" with the "Convention" itself or, for that matter, with the "Party." If the conspiracy was not with the "Convention" or the "Party," then defendants are left to wonder as to whom exactly plaintiff's pleading refers. See Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached"). In any event, these conspiracy allegations -- which are pled in the absence of any of the particular facts required -- fail for the same reasons that the remaining conspiracy allegations fail.

These allegations fail as a matter of law to state a claim for civil conspiracy. First, plaintiff has failed to plead that David Norcross agreed to act in concert to inflict an unconstitutional injury upon anyone.   Indeed, plaintiff has failed to plead that David Norcross reached any "agreement" or "meeting of the minds" -- with any defendant or with anyone else -- about anything.  Having failed to plead the first two predicates of a conspiracy claim, plaintiff necessarily has failed to plead that anything done by David Norcross (or by any of the defendants in combination with David Norcross) resulted in a violation of plaintiff's constitutional rights or in damages to plaintiff.  In fact, the allegations of the Second Amended Complaint fall well short of making these necessary allegations – allegations that form a bare minimum standard for pleading civil conspiracy in the Second Circuit.  See Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (reciting elements necessary to plead conspiracy).

In any event, it seems self-evident that meetings, discussions and conversations about "security for the RNC" or about "publicity surrounding the RNC" – the only conduct in which plaintiff alleges that David Norcross engaged – does not amount to a conspiracy.  Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").

- 13 -

Nor does plaintiff allege that any of that conduct actually resulted in a violation of plaintiff's civil rights.  See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim where there was no "actual violation of constitutional rights"); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (same); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (same).

That *all* of plaintiff's allegations concerning David Norcross are pled "upon information and belief" – and without any supporting or explanatory pleading articulating the factual basis for those beliefs – militates strongly in favor of dismissal.  See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief" because it was "conclusory" and "insufficient to state a § 1983 claim"); Leon v. Murphy, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief" on the ground that "[a] complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); see also Gilkey v. Sheahan, 1995 WL 646231, *6 (N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief" on the basis that plaintiff did not plead "any essential facts" but "has merely made conclusory allegations").

**(2)**

**Plaintiff's Allegations Concerning
The United States Secret Service Are Insufficient**

The only other entity identified in connection with the Arrest Conspiracy is the United States Secret Service ("Secret Service").  Plaintiff alleges that "[u]pon information and belief, Defendants including but limited to Kelly, Esposito, Graham, and Colgan and other

members of the NYPD conspired . . . with the United States Secret Service and all planned and agreed upon how to arrest, detain and confine individuals who were within the vicinity of the RNC protests without probable cause. . . ." Second Amended Complaint at ¶¶ 169, 172, 173.

Plaintiff's attempt to sweep the Secret Service within the alleged conspiracy fails. First, upon a review of the Second Amended Complaint, it is evident that plaintiff's allegations concerning the defendants' conspiracy with the Secret Service are entirely boilerplate. See Second Amended Complaint ¶¶ 165-75. For instance, plaintiff alleges only that "*Defendants*" collectively planned, agreed and conspired with the Secret Service, without pleading any individual conduct of any defendant. Likewise, plaintiff has failed to plead specifically, or even generally, what was said, and by whom, in any of those alleged conversations and meetings. Plaintiff has failed to plead whether, when and how any of the defendants reached an "agreement" with the Secret Service to violate plaintiff's rights. Plaintiff similarly has failed to plead that any defendant committed any overt act in furtherance of any agreement that he or she had with the Secret Service. What is pled – and it is pled in boilerplate fashion in each paragraph and with respect to each alleged meeting – is plaintiff's ultimate conclusion that the conspirators "all planned and agreed upon how to arrest, detain and confine individuals who were within the vicinity of the RNC protests without probable cause. . . ." See Second Amended Complaint at ¶¶ 165-75 (containing virtually identical pleading).

This pleading, which fails to identify the specific role played by any particular defendant – including whether any particular defendant actually agreed with the Secret Service about anything – is simply too conclusory. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Jones v. National Communication and Surveillance

Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) ("[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct").

In addition, of course, plaintiff has failed to identify any individual within the Secret Service who participated in any of the alleged plans, meetings and agreements. And, just as plaintiff has completely failed to describe the conduct of defendants at those alleged meetings, so too plaintiff has failed to describe the conduct of anyone from the Secret Service at those meetings. Plaintiff, for instance, has failed to plead what the alleged individual from the Secret Service said to defendants in the course of those meetings -- and whether that individual actually reached any agreement with one or more of the defendants to violate plaintiff's constitutional rights. These facts are necessary for the reasons stated in the case law cited above and because, more fundamentally, defendants are entitled to notice of the nature of the claims asserted against them. See cases discussed immediately above; see also Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to

conspire was reached").

Even assuming that plaintiff had properly pled that one or more defendants each had reached an agreement with an individual from the Secret Service to act in concert, plaintiff's pleading still would fail. That is because, as pled, the "agreement" reached does <u>not</u> call for the violation of anyone's rights. According to the pleading, the only agreement reached was an agreement on "*how to* arrest, detain and confine individuals . . . without probable cause." Second Amended Complaint at ¶¶ 169, 172, 173 (emphasis added). Plaintiff does not go so far as to plead that there was any agreement "*to arrest, detain and confine individuals without probable cause.*" As a result, the pleading is insufficient to state a claim for civil conspiracy because an agreement about "how to" violate plaintiff's rights is not an agreement "to inflict an unconstitutional injury." See <u>Jessamy</u>, 292 F. Supp. 2d at 513 (reciting minimum elements of conspiracy pleading); <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 119 (2d Cir. 1995) (there must be an "actual violation of constitutional rights" to support conspiracy); <u>Young v. County of Fulton</u>, 160 F.3d 899, 904 (2d Cir. 1998) (same); <u>Romer v. Morgenthau</u>, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (same).

That all of plaintiff's allegations, again, are pled "upon information and belief" – without any supporting or explanatory pleading articulating the factual basis for those beliefs – again militates strongly in favor of dismissal. See, e.g., <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief"); <u>Leon v. Murphy</u>, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief"); <u>Romer v. Morgenthau</u>, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); see also <u>Gilkey v. Sheahan</u>, 1995 WL 646231, *6

(N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief").

**B.**

**Plaintiff Has Failed To Plead Other Essential Facts**

Setting aside the fact that, fairly read, plaintiff has pled no more than a "conspiracy" among City employees -- and that plaintiff's pleading concerning David Norcross and the Secret Service are insufficient to bring them into the conspiracy -- plaintiff's pleading suffers from other insurmountable difficulties.

Most importantly, the pleading fails to allege any agreement between Police Officer Maya Gomez (or any of the other officers involved in plaintiff's arrest) and anyone else for the purpose of violating plaintiff's constitutional rights. Nor does the pleading allege any conduct taken by Officer Gomez for the purpose of violating plaintiff's rights. These failures are fatal to plaintiff's claim because the arrest itself is the essential link between the Arrest Conspiracy allegedly implemented by the Mayor and the Police Commissioner and the plaintiff himself. Indeed, the names of the officers involved in plaintiff's arrest (including Officer Gomez) and all of the necessary factual particulars relating to them (which we will not review again here) are notably absent from plaintiff's conspiracy allegations. See Second Amended Complaint at ¶¶ 65, 84, 154-75; see also Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (reciting elements necessary to plead conspiracy including agreement); Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) (absent allegation of "personal involvement by the defendants . . . the complaint should be dismissed").

In addition, of course, while Mayor Bloomberg and Commissioner Kelly nominally are included in the alleged Arrest Conspiracy (as "Defendants"), the Second Amended Complaint fails to articulate with any particularity what role, if any, either the Mayor or the Police Commissioner played in that conspiracy.    The same is true of *all* of the remaining defendants -- including Chief of Department Joseph Esposito, Chiefs Thomas Graham and John Colgan.    Instead, plaintiff treats virtually all defendants collectively – referring to them throughout simply as "Defendants" and describing their conduct as a group – without any differentiation based upon actual facts.    See Second Amended Complaint at ¶¶ 154-75.    As discussed more fully above, claims such as this -- which fail to plead the particulars of each defendant's "personal involvement" in a constitutional violation -- routinely have been dismissed in the Second Circuit.    Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) ("[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct").

In any event, as discussed more fully above, to the extent that any "facts" are pled in the Second Amended Complaint, they are pled almost entirely "upon information and belief." See Second Amended Complaint ¶¶ 27, 28, 32-33, 35-37, 39-40, 43, 47-50, 52-55, 58, 66, 68-69, 73, 76, 78-79, 159–161, 165–175 (all pled "upon information and belief"). Pleading all or virtually all of the essential facts "upon  information and belief" in a claim for civil conspiracy fails as a matter of law.  See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief"); Leon v. Murphy, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief"); Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); see also Gilkey v. Sheahan, 1995 WL 646231, *6 (N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief").

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that the Court should dismiss with prejudice Count Ten of the Second Amended Complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, for failure to plead civil conspiracy with the requisite level of particularity, and for failure to provide a short and plain statement of the claim; and, pursuant to Rule 12(f), the Court should strike from that pleading all references to any "conspiracy" and any similar language as scandalous and impertinent.

Dated: New York, New York
       March 22, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney For Defendants*

By: _____

James Mirro (JM 2265)
Special Assistant Corporation Counsel
Special Federal Litigation
100 Church Street, Room 3-130
New York, New York 10007
212.788.8026 (ph)
212.788.9776 (fax)

Exhibit A



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

JAMES MIRRO
*Special Assistant Corporation Counsel*
phone (212) 788-8026   fax (212) 788-9776

October 13, 2006

**_BY HAND_**

The Honorable Kenneth M. Karas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312

> Re:    **_Dunlop v. The City of New York, et al._**
> **_USDC SDNY 06 CV 433 (KMK) (JCF)_**

Dear Judge Karas:

Pursuant to Your Honor's Individual Practice Rules, defendants hereby request permission to file a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as to those Causes of Action ("Counts") in the Amended Verified Complaint ("Complaint") numbered one through six and ten.

As to Counts one through six, the City defendants seek to join in the arguments set forth in the October 10, 2006 letter to the Court by Special Assistant Corporation Counsel Michael Morgan. Plaintiff simply has failed to plead adequately his state law claims under New York law. Accordingly, those Counts should be dismissed.

The same is true of Count 10, which pleads a "conspiracy" to violate plaintiff's constitutional rights. In the Second Circuit, the law is clear that "claims alleging conspiracies to violate civil rights must be pled with specificity." Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 470 (S.D.N.Y. 2006) (Hellerstein, J.). To survive a motion to dismiss, civil rights conspiracy claims must plead *facts* sufficient to support the elements of the conspiracy including that "(1) two or more people entered into an agreement; (2) the alleged co-conspirators shared in the general objective of the conspiracy; and (3) the particular defendant committed an act in furtherance of the conspiracy." Id.; see also Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (same).

The Second Circuit particularly has scrutinized allegations concerning the "agreement" or "meeting of the minds" to violate the law that is an essential element of the

conspiracy claim. "In order to maintain an action [based upon a civil rights conspiracy], a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb v. Goord, 340 F.3d 105, 110-11 (2nd Cir. 2003). "Without a 'meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy.'" Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.). Thus, in Fisk, Judge Marrero dismissed plaintiff's conspiracy claim where her complaint alleged "dialogues," "communications" and "interactions" between defendants but failed to set forth any facts tending to show a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights. In Webb, the Court of Appeals recognized that "[t]he plaintiffs have not alleged, except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants." The Court held that "[t]heir conspiracy allegation must therefore fail." Id. at 111.

Judge Marrero's holding in Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (Marrero, J.) was to the same effect. In Romer, the Court held that "[s]pecifically, plaintiff must provide some factual basis supporting a 'meeting of the minds.'" Id. "[P]laintiff must also provide 'some details of time and place and the alleged effects of the conspiracy.'" Id. "[M]ere allegations that defendants' actions were committed 'in furtherance of a conspiracy' were not enough, as 'plaintiff has alleged no facts at all from which a meeting of the minds between [defendants] on a course of action intended to deprive plaintiff of her constitutional rights can be inferred.'" Id. (dismissing conspiracy claim as "too general and conclusory" ); see also Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff failed to allege "a meeting of the minds" and failed to "identify[y] the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (same); Peavey v. Polytechnic Institute of New York, 775 F. Supp. 75, 77-78 (E.D.N.Y. 1991) (Glasser, J.) (dismissing conspiracy claim where "complaint is utterly vague and conclusory as to the nature of [defendant's] participation in the alleged agreement"), aff'd, 969 F.2d 1042 (2nd Cir. 1992).

According to the Second Circuit, "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2nd Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Id. (dismissing conspiracy claim where plaintiff failed to provide any "details of time and place"); Jessamy, 292 F. Supp. 2d at 513-14 (same). In any event, "[i]t is well established that 'where the individual defendants are all employees of the institutional defendant, a claim of conspiracy will not stand." Jessamy, 292 F. Supp. 2d at 514.

Count 10 of the Complaint, pled between paragraphs 111 and 121, fails these requirements as a matter of law. Taken together, these allegations are nothing more than a recitation of legal conclusions wholly unsupported by any factual pleading. For instance, the Complaint fails to identify any one or more individuals who actually entered into any "agreement." According to the Complaint, "Upon information and belief, Defendants agreed that the object or course of action was to arrest, detain and confine Dunlop and others in the vicinity of the RNC without probable cause, and maliciously charge and prosecute him with crimes." Complaint ¶ 119. Pleading "upon information and belief" fails to satisfy the

heightened pleading requirements applied to civil conspiracy claims. It is, in fact, a concession that plaintiff lacks the necessary factual predicate for this key element of the claim. Accordingly, no "agreement" is pled. Second, plaintiff's vague allegation that "defendants" entered into this agreement fails to identify any particular defendants that allegedly did so. Third, plaintiff fails to allege that the Mayor, the Commissioner of Police or any other defendant actually knew Mr. Dunlop before his arrest. Fourth, plaintiff fails to plead either the time or the place at which the "defendants" reached their alleged "agreement."

Fifth, plaintiff fails to allege that any particular defendant committed any particular act in furtherance of the alleged conspiracy. Plaintiff merely alleges in broad-brush fashion that "Bloomberg, City of New York, Kelly, Esposito and the New York County District Attorney's Office advised and strategized, practices or customs of detaining the individuals arrested at the RNC . . . ." Complaint ¶ 114. The Complaint fails to plead any specific facts – for example, which defendant engaged in any particular overt act; when that overt act was allegedly committed; where that overt act allegedly was committed; or the purpose of that act. In fact, the Complaint is wholly devoid of any pleading to the effect that any of these defendants had any personal involvement whatsoever in any agreement or overt act to abridge Mr. Dunlop's constitutional rights.

Finally, plaintiff's conspiracy claim must be dismissed with prejudice because plaintiff has not pled that any party other than the City engaged in the conspiracy. Plaintiff cannot sustain a cause of action predicated upon City employees conspiring among themselves. Jessamy, 292 F. Supp. 2d at 514. Nor can plaintiff sustain a cause of action for conspiracy by pleading negligence. See Complaint ¶¶ 116 ("Defendants . . . knew or should have known"); 117, 118 ("Defendants . . . had knowledge or, had they diligently exercised their duties . . . should have had knowledge that the wrongs conspired to be done . . . were about to be committed").

By signing the "Amended Verified Complaint," counsel has certified, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, "that the allegations and other factual contentions [contained in that pleading] have evidentiary support." Notwithstanding Rule 11 and the heightened pleading requirements for a conspiracy claim, plaintiff has failed to plead any particular facts that support his claim. Accordingly, defendants request permission to file a motion to dismiss.

In light of the anticipated motions to dismiss the Complaint, defendants also request permission to serve their answer to any remaining claims 10 days after receipt of the Court's order on these motions to dismiss. Defendants have attempted but have been unable to reach opposing counsel to secure their consent to this additional answer time.

Very truly yours,

James Mirro

cc:    Gina M. Bonica, Esq. (by fax)

3

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that, on today's date, a true and correct copy of the foregoing, *Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss Plaintiff's "Conspiracy" Claims*, was served upon all counsel of record, at the addresses listed below, by email.

_____
JAMES MIRRO

Dated: March 22, 2007

TO:     Yetta G. Kurland, Esq.
        Gina M. Bonica, Esq.
        KURLAND & ASSOCIATES, P.C.
        304 Park Avenue South, Suite 206
        New York, New York 10010
        212.253.6911 (ph)
        *Attorneys for Plaintiff*

        Michael S. Morgan, Esq.
        Assistant District Attorney
        ROBERT M. MORGENTHAU
        District Attorney, New York County
        As Special Assistant Corporation Counsel
        One Hogan Place
        New York, New York 10013
        212.335.9000 (ph)
        *Attorneys for the District Attorney Defendants*