UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ALEXANDER DUNLOP,

                            Plaintiff,

     -versus-                                                 **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                            Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' REPLY MEMORANDUM
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S "CONSPIRACY" CLAIMS**

 

**MICHAEL A. CARDOZO**
**Corporation Counsel of the City of New York**
*Attorney For Defendants*

**James Mirro (JM 2265)**
**Special Assistant Corporation Counsel**
**Special Federal Litigation**
100 Church Street, Room 3-130
New York, New York 10007
212.788.8026 (ph)
212.788.9776 (fax)

JUNE 5, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                                Plaintiff,

    -versus-                                                             **06 CV 433 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                                Defendants.

------------------------------------------------------------------ x

## DEFENDANTS' REPLY MEMORANDUM
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
## PLAINTIFF'S "CONSPIRACY" CLAIMS

Defendants write briefly in further support of their motion to dismiss plaintiff's conspiracy claims. Defendants' motion was served on plaintiff on March 22, 2007. After requesting several extensions, plaintiff served his opposition on undersigned counsel on May 21, 2007. Undersigned counsel has not been served with any opposition to the DA's separate motion to dismiss, which was due to be served on defendants on May 31, 2007. Defendants, therefore, who have joined in the DA's motion, proceed on the assumption that plaintiff has elected not to oppose that motion.[1]

With respect to defendants' motion on plaintiff's conspiracy claims, defendants note as a preliminary matter that plaintiff appears not to have responded directly to any of the legal arguments made by defendants in their motion to dismiss. Instead, in his opposition brief and supporting papers, plaintiff pursues several misguided tactics to oppose defendants' Rule

---

[1] At approximately 7 p.m. this evening, June 5, I was advised by opposing counsel that plaintiff had executed a stipulation of dismissal with the DA Defendants and that that stipulation had been filed with the Court. Undersigned counsel was not served with a copy of that stipulation until we pressed for it this evening. Because all of the served defendants, not just the DA Defendants, have joined in the DA Defendants' motion, and rely at least in part upon arguments made in that motion, defendants shall provide a copy of that motion to chambers for the Court's convenience.

12(b)(6) motion – he attempts to introduce factual material from outside the pleadings, to introduce purported evidence through two attorney affidavits, to request permission pursuant to Rule 56 to take discovery before the Court rules on defendants' motion to dismiss, and to create factual disputes pursuant to Rule 56. All of these efforts miss the point.

As the Court itself has counseled plaintiff repeatedly in the series of conferences leading to this point, plaintiff must sufficiently plead his claim (pursuant to Second Circuit and Southern District authorities) before he is entitled to take discovery on it or to prove it. This plaintiff simply has failed to do. Defendants emphasize the following points.

## I.

### The Complaint Fails To Plead A Viable Conspiracy Claim Based Upon The Alteration Of A Videotape

In their initial brief, defendants showed that plaintiff's conspiracy claim based upon the alleged alteration of a videotape fails as a matter of law with respect to all of the defendants because, among other things, there was never any actual violation of plaintiff's constitutional rights as a result of that alleged conspiracy. There was no violation because, among other things, the charges against the plaintiff were dismissed by the DA before either version of the video ever was used as evidence and, therefore, before there could have been any violation of plaintiff's rights, or any damages, resulting from the use of the video as evidence. In fact, because the charges were dismissed, the video never was used as evidence. Plaintiff does not dispute these points and directs the Court to nothing in his Complaint that suggests otherwise. Accordingly, plaintiff's conspiracy claim fails because there was no "actual violation of constitutional rights."[2]

---

[2] See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (affirming dismissal of conspiracy claim); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy claim).

In their initial brief, defendants showed that the Complaint fails to identify any parties other than the DA defendants who participated in the alleged Video Conspiracy -- and that the Complaint fails to allege sufficient facts to tie any of them into that alleged conspiracy. This includes the failure to plead with any degree of specificity whether, when and under what circumstances each defendant reached any "agreement" to violate plaintiff's constitutional rights by altering the videotape.[3] A pleading of civil conspiracy that fails to identify the individuals allegedly involved in that conspiracy, and that fails to plead facts sufficient to support a finding that those individuals were personally involved, is insufficient as a matter of law. Plaintiff does not contest these points of law; and has pointed to nothing in his pleading that identifies the individuals involved in the alleged Video Conspiracy (aside from the DA Defendants) or that describes the personal involvement of any such individuals with the requisite particularity.

Defendants also have argued that plaintiff's conspiracy allegations are pled almost entirely "upon information and belief" (See Second Amended Complaint ¶¶ 27, 28, 32-33, 35-37, 39-40, 43, 47-50, 52-55, 58, 66, 68-69, 73, 76, 78-79, 159–161, 165–175 (all pled "upon information and belief")) and that, as a practical matter, such pleading is a concession by plaintiff that he lacks the knowledge required to plead the claim on the basis of facts. In his opposition, plaintiff does not contest this argument. Defendants have argued that such pleading is a concession that plaintiff requires discovery even before he can plead his conspiracy claim.

---

[3] See Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 472 (S.D.N.Y. 2006) (Hellerstein, J.) (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513-14 (S.D.N.Y. 2003) (Conner, J.) (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) (dismissing conspiracy complaint and holding that "[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").

- 3 -

In response, plaintiff has devoted an entire section of his brief (at point III, page 19) to the argument that "Discovery Will Unearth Additional Proof of the Conspiracy."[4]

## II.

### The Complaint Fails To Plead Any Other Viable Conspiracy Claim

In their initial brief, defendants have established that plaintiff cannot sustain a cause of action predicated upon City employees allegedly conspiring among themselves.[5] In response, plaintiff argues only that other entities have been named in the Complaint – citing the District Attorney's Office, David Norcross, the Secret Service and the Hudson River Park Trust.[6]

The DA Defendants have been dismissed voluntarily from this action, leaving only City employees for liability purposes on the alleged Video Conspiracy claim. Even if the DA Defendants were considered for purposes of the Video Conspiracy, plaintiffs have failed to allege sufficient facts to bring them into the conspiracy. This is particularly true with respect to the requisite allegation that they agreed with one or more of the remaining defendants to violate plaintiff's constitutional rights. That allegation is simply not sufficiently pled (if it is pled at all). With respect to the alleged Arrest Conspiracy, plaintiff does not appear to plead that the DA Defendants were personally involved at all.

As discussed more fully in the defendants' initial brief, moreover, those

---

[4] See Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "Presumably, Romer's theory is that, were his complaint to survive the motion to dismiss, he would be able through discovery to develop a record substantiating his general pleadings. This aspiration need not detain the Court; Romer is entitled to proceed only if the facts he seeks to prove would state a legally cognizable claim.").

[5] See Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 514 (S.D.N.Y. 2003) (Conner, J.) (collecting cases); Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

[6] Defendants note again that, contrary to plaintiff's argument, all defendants in this matter are represented by the Office of the Corporation Counsel. Michael Morgan, who has appeared in this matter on behalf of the DA Defendants, has appeared as a Special Assistant Corporation Counsel.

allegations of the Complaint pertaining to David Norcross and the Secret Service are simply too conclusory to bring them within the alleged Arrest Conspiracy. Plaintiff has failed to plead that David Norcross agreed to act in concert to inflict an unconstitutional injury upon anyone. In fact, plaintiff has failed to plead that David Norcross reached any "agreement" or "meeting of the minds" -- with any defendant or with anyone else -- about anything. Plaintiff points to nothing in his Complaint that suggests that the facts are otherwise.

Defendants also have argued that meetings, discussions and conversations about "security for the RNC" or about "publicity surrounding the RNC" – the only conduct in which plaintiff alleges that David Norcross engaged – does not amount to a conspiracy.[7] Plaintiff does not dispute this argument. Indeed, defendants submit that David Norcross, like anyone else, had a First Amendment right to engage in conversations about the Republican National Convention, including conversations concerning "security for the RNC" and "publicity surrounding the RNC." In his Complaint, plaintiff has not alleged any conduct, or any "agreement" reached by Mr. Norcross, that even suggests that his "conversations" veered into the conspiratorial or were otherwise actionable.

Defendants similarly have shown that plaintiff's allegations concerning the defendants' conspiracy with the Secret Service are entirely boilerplate. See Second Amended Complaint ¶¶ 165-75. All that plaintiff has pled is his ultimate conclusion that the unidentified conspirators "all planned and agreed upon how to arrest, detain and confine individuals who were within the vicinity of the RNC protests without probable cause. . . ." See Second Amended

---

[7] See Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").

Complaint at ¶¶ 165-75 (containing virtually identical pleading). In response, plaintiff has not pointed to any more specific allegations in the Complaint – concerning either the identity of the "conspirators," their alleged "agreement" or their alleged conduct in furtherance of the conspiracy.[8]

Plaintiff's reference to the Hudson River Park Trust truly is a mystery. Defendants have been unable to identify in the Complaint any reference to that entity in the context of either the Arrest Conspiracy or the Video Conspiracy, much less a sufficiently detailed factual pleading supporting such a claim.

Defendants have shown that the Complaint fails to allege any agreement between Police Officer Maya Gomez (or any of the other officers involved in plaintiff's arrest) and anyone else for the purpose of violating plaintiff's constitutional rights; and fails to allege any conduct taken by Officer Gomez for the purpose of violating plaintiff's rights. Defendants have noted that these failures are fatal to plaintiff's conspiracy claims because the arrest itself is the essential link between the conspiracies allegedly implemented by the Mayor and the Police Commissioner and the plaintiff himself. Plaintiff has not pointed to anything in his Complaint to the contrary.

Defendants have argued that the Complaint fails to articulate with any particularity what role, if any, any of the other defendants – including the Mayor, the Police

---

[8] See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) ("[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct").

Commissioner, Chief of Department Joseph Esposito, Chief Thomas Graham and Chief John Colgan – played in either of the alleged conspiracies. Plaintiffs have not pointed to any part of the Complaint that pleads what "personal involvement" any of these individuals had in the alleged conspiracy.

## CONCLUSION

The Complaint does not sufficiently plead a civil conspiracy. Accordingly, defendants respectfully submit that defendants' motion, and all of the relief requested in that motion, should be granted.

Dated: New York, New York
      June 5, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              *Attorney For Defendants*

By: _____
       James Mirro (JM 2265)
       Special Assistant Corporation Counsel
       Special Federal Litigation
       100 Church Street, Room 3-130
       New York, New York 10007
       212.788.8026 (ph)
       212.788.9776 (fax)

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that, on today's date, a true and correct copy of the foregoing, *Defendants' Reply Memorandum In Further Support Of Their Motion To Dismiss Plaintiff's "Conspiracy" Claims*, was served upon all counsel of record, at the addresses listed below, by email.

                                                              _____
                                                                        JAMES MIRRO

Dated: June 5, 2007

TO:   Yetta G. Kurland, Esq.
         Gina M. Bonica, Esq.
         KURLAND & ASSOCIATES, P.C.
         304 Park Avenue South, Suite 206
         New York, New York 10010
         212.253.6911 (ph)
         *Attorneys for Plaintiff*