

# MEMO ENDORSED

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JAMES MIRRO
*Special Assistant Corporation Counsel*
*phone (212) 788-8026  fax (212) 788-9776*

August 9, 2007

**BY FAX**

The Honorable Kenneth M. Karas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/10/07

Re:  *Dunlop v. The City of New York, et al.*
     **USDC SDNY 06 CV 433 (KMK) (JCF)**

Dear Judge Karas:

I write in response to plaintiff's letter of August 2, 2007 ("Plaintiff's Letter"). In that letter, plaintiff advises the Court that "we intend to take the deposition of Ms. Williams at our offices . . . on August 10, 2007 at 11:00 a.m." Ms. Williams is alleged to be the "John Roe, Technician" from the "New York County District Attorney's Office" who is alleged to have been "involved in editing, copying, or otherwise reproducing the videotape identified in this matter" at the behest of the District Attorney. See Plaintiff's Letter and "So Ordered" Stipulation of Dismissal of June 5, 2007 (Exhibit "A").

Plaintiff has failed to apprise the Court that, on June 5, 2007, Your Honor "so ordered" the foregoing stipulation between the plaintiff and the District Attorney defendants. That stipulation called for the dismissal "with prejudice" of all claims against the District Attorney's office. Notwithstanding that voluntary dismissal, plaintiff now asks the Court for permission to depose the video technician who apparently acted at the direction of the DA. Defendants submit that this exercise is pointless. The action against the DA's office was dismissed "with prejudice" on June 5. In any event, there can be no viable "malicious prosecution" claim against a video technician because a video technician is not in a position either to "initiate" or "commence" a prosecution. And if she were, that claim would be barred by absolute immunity. In short, any proposed amendment to the complaint to add this individual would be futile.

Plaintiff also fails to remind the Court that, on December 15, 2006, Your Honor entered an order staying discovery in this action "until . . . the Court's order" on defendants' motion to dismiss (Exhibit "B" hereto). That motion, which is directed to plaintiff's blunderbuss "conspiracy" claims (including the alleged conspiracy concerning the edited videotape) remains pending. As the Court recognized when the Court issued its *sua sponte* order staying discovery, plaintiff should not be permitted discovery on a claim that cannot survive a motion to dismiss.

In addition, plaintiff has failed to advise the Court that, as a former employee of the District Attorney's office, Ms. Williams may be the City's client. "The district attorney and the employees of his or her office in each of the counties within the city shall be entitled to legal representation by the corporation counsel . . . pursuant to the provisions of . . . the general municipal law." New York City Charter and Administrative Code §§ 7-109, 7-110. Notwithstanding, plaintiff's counsel provided defendants with no notice of her intent to depose Ms. Williams, no opportunity for us to contact Ms. Williams, nor for us to discuss legal representation with her, until plaintiff's letter to the Court of August 2. Defendants emphasize that plaintiff has neither served Ms. Williams with a subpoena nor noticed her deposition. Before Ms. Williams, or any other employee of the DA's office, is deposed, defendants must be permitted an opportunity to discuss legal representation with her.[1]

For all of these reasons, the Court should deny permission for plaintiff to take the deposition of Ms. Williams at this time. Plaintiff also asks the Court to "grant an enlargement of the time . . . to take the necessary steps to substitute any named defendants for the current 'John Does' and 'John Roes.'" Even assuming that the Court has jurisdiction to grant such open-ended relief, defendants submit that plaintiff has made no showing as to why it should grant that relief in this case. Plaintiff has not identified any proposed new defendants with the exception of Ms. Williams and, as set forth above, any new claim against her would be futile. When and if plaintiff identifies any new parties against whom plaintiff believes that he may assert a colorable cause of action, consistent with FRCP Rule 11, then plaintiff may make the application to the Court at that time. Until then, defendants respectfully submit that plaintiff's application should be denied.

*For the reasons stated in this letter, plaintiff's applications to depose Ms. Williams and to extend the statute of limitations are denied.*

Very truly yours,

James Mirro

cc: Yetta Kurland, Esq. (by email)

SO ORDERED

KENNETH M. KARAS U.S.D.J.
8/10/07

---

[1] Despite her representation to the Court that she "intend[s] to take the deposition of Ms. Williams at our offices . . . on August 10, 2007 at 11:00 a.m.," plaintiff's counsel represents that she has not communicated with Ms. Williams. At defendants' request, she has agreed to adjourn the August 10 deposition date.

2