# KURLAND, BONICA & ASSOCIATES, P.C.

ATTORNEYS AT LAW

YETTA G. KURLAND
GINA M. BONICA
GREGORY E. BINSTOCK
AUDREY A. MARS*

* PARALEGAL

**MEMO ENDORSED**

304 PARK AVENUE SOUTH, SUITE 206
NEW YORK, NEW YORK 10010
TEL 212-253-6911
FAX 212-614-2532

WWW.KURLANDASSOCIATES.COM

August 16, 2007

*Via Facsimile (212) 805-7968*
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY F[ILED]
DOC #:
DATE FILED: 8/22/07
```

Re:    **Alexander Dunlop v. The City of New York et al., 06- cv-433 (KMK) (JCF)**

Dear Honorable Judge Karas,

I write in response to Your Honor's recent decision denying Plaintiff's request to depose former City employee Ilise Williams, and Plaintiff's request to enlarge the statutory time for Plaintiff to name the unnamed defendants under Fed. R. Civ. P 6(b).

Plaintiff therefore requests a Pre-Motion conference under Your Honor's Individual Rules so that Plaintiff may amend the complaint to substitute Ilise Williams, as one of the "John Roes" in the Caption. This individual has only recently been identified by District Attorney Robert Morganthau as one of individuals directly involved in the manufacture and fabrication of evidence used to deprive Plaintiff of his rights.

The statutory time to add Ms. Williams expires on August 27, 2007. Plaintiff therefore requests that the Pre-Motion conference date be scheduled as soon as possible.

Under Fed. R. Civ. P. 8(a)(2), Plaintiff need only set forth a short and plain statement showing that the pleader is entitled to relief. Plaintiff's second amended complaint (the "Complaint") outlines the illegal and negligent conduct of the Defendants and outlines Plaintiff's "good faith belief" that Ilise Williams was part of this illegal conduct. The Complaint alleges in sufficient detail that scenes showing Plaintiff behaving peacefully and lawfully at the time of his arrest were removed from the videotape by employees of the Defendant, including but not limited to Ilise Willims, so as to unlawfully deprive Plaintiff of his rights. (*See* Second Amended Complaint, ¶¶ 68 - 70, 74, 75, 79, 80, 81, 82, 133, 135, 140, 176-178.)

Pursuant to a stipulation of Discontinuance, Defendant District Attorney Morganthau identified Ilise Williams as the technician ". . . involved in editing, copying, or otherwise reproducing the videotape identified in this matter." (See So Ordered Stipulation dated June 5, 2007). However, Defendants opposed Plaintiff's request to depose Ms. Williams despite the fact that she has been identified as the individual responsible for the ". . . .editing of the tape of Mr. Dunlop's arrest." They also opposed Plaintiff's request to enlarge the statutory period of time to add Ms. Williams and other defendants, despite Plaintiff's exclusion from participating in discovery, thus shutting out any possibility of Plaintiff discovering the identity of the "John Does" and "John Roes." (See email from Michael Morgan, Esq. to Yetta Kurland, Esq. dated June 19, 2007 annexed hereto as Exhibit A). Plaintiff therefore has no choice other than to move for a Motion to Amend the Complaint or be barred from added Ms. Williams.[1]

Despite Defendants' claim that Ms. Williams enjoys absolute immunity from suit, her conduct at the most would be entitled to qualified immunity because her actions are administrative in nature. Ms. Williams was not participating in any prosecutorial function at the time the violation took place. The Second Circuit instructs in King v. Simpson, 189 F.3d 284 (2d Cir.1999), that a district court must determine "whether an official is entitled to absolute immunity [by taking] a functional approach and look [ing] to the particular acts or responsibilities that the official performed." *Id.* at 287-89 (citing Montero v. Travis, 171 F.3d 757, 761 (2d Cir.1999)). In particular, a court must conduct a factual inquiry to assess whether the duties performed by the official were judicial or prosecutorial in nature, or whether the duties were merely administrative, thereby only affording qualified immunity to the official. Williams v. City of New York, 2005 WL 901405 (S.D.N.Y.2005), *See* Stewart v. Lattanzi, 832 F.2d 12, 13 (2d Cir.1987) (*per curiam*).

Plaintiff argues that Ms. Williams' actions violated a constitutional right that was clearly established at the time of her conduct. The first step in a qualified immunity analysis is to "determine whether the plaintiff[ ] ha[s] alleged a violation of a constitutional right." African Trade & Info. Ctr., Inc. v. Abromaitis, 294 F.3d 355, 359 (2d Cir.2002); see also Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir.2002). The second step is to "determine whether the right was clearly established at the time of the alleged violation." African Trade, at 359.

The right not to be deprived of liberty (i.e. fabrication of evidence by a government officer acting in an investigating or administrative capacity) is not protected by absolute immunity and is precluded by qualified immunity, provided that the deprivation of liberty of which plaintiff complains can be shown to be the result of defendant officer's fabrication of evidence. Zahrey v. Coffey, 221 F.3d 342, (2000). District Attorney Morganthau has stipulated that Ms. Williams was directly ". . . involved in editing, copying, or otherwise reproducing the videotape identified in this matter." (See So Ordered Stipulation dated June 5, 2007). Her actions have a direct connection to Plaintiff's claims for negligence, conspiracy and malicious prosecution.

---

[1] Defendants brought a Motion to Dismiss Plaintiff's conspiracy claims which Plaintiff opposed and is currently pending before your Honor.

2

In the interest of justice, Ms. Williams must be named as a defendant in this action as District Attorney Morganthau has identified her as one of his employees against whom Plaintiff has a viable claim. Because it was clearly established at the time of the alleged conduct that manufacturing false evidence violates an individual's constitutional rights, the defense of qualified immunity is not available. Boomer v. Lanigan, 2002 WL 31413804 (S.D.N.Y.2002).

Ms. Williams must be substituted for "John Roe" technician as there are serious allegations made against her for which she needs to answer. The Defendants cannot play the "bait and switch game" of entering into a stipulation to provide the identity of "John Roe" in exchange for the removal of certain defendants and then claim that Ms. Williams cannot be a party to this suit or even deposed.

In the instant matter, Ilise Williams was directly involved in the manufacture and fabrication of false evidence. Plaintiff is therefore entitled to substitute Ilise Williams as a Defendant in this action.

For these reasons, we respectfully request that Plaintiff be entitled to amend Plaintiff's second amended complaint to substitute Ilise Williams for "John Roe" technician.

Respectfully submitted,

*Gina M. Bonica*
Gina M. Bonica

cc:   James Mirro, Esq.
      *(Via email)*

[Handwritten order:] Plaintiff is granted leave to file his proposed Amended Complaint by August 27, 2007, to include Ms. Ilise Williams. After considering the City's letters on this topic, the Court cannot conclude that amendment would be futile. Of course, counsel for Plaintiff is no doubt aware of its Rule 11 obligations and Ms. Williams may file a motion to dismiss at the appropriate time. The Court also has considered the City's argument that the June 5, 2007 stipulation bars the Plaintiff from adding Ms. Williams, but that stipulation only covers the named Defendants from the Manhattan DA's office. In fact, the stip clearly contemplates that other employees from the DA's office might be added as defendants in this case.

SO ORDERED

KENNETH M. KARAS, U.S.D.J.
8/21/07

3