**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

ALEXANDER DUNLOP,

                Plaintiff,

                         **06-CV-433 (RJS) (JCF)**

    vs.

THE CITY OF NEW YORK, et al.,

                Defendant(s).

-------------------------------------------------------------x

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSPIRACY CLAIMS

KURLAND, BONICA & ASSOCIATES, P.C.
f/k/a KURLAND & ASSOCIATES, P.C.
Gina M. Bonica, Esq. (GB- 6615)
304 Park Avenue South, Suite 206
New York, New York 10010
(212) 253-6911

Plaintiff Alexander Dunlop (hereinafter, "Plaintiff" or "Mr. Dunlop") by his attorneys, Kurland, Bonica & Associates, P.C., f/k/a Kurland & Associates, P.C., 304 Park Avenue South, Suite 206, New York, New York, respectfully submits this Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Conspiracy Claims.

## PRELIMINARY STATEMENT

As detailed in Plaintiff's Opposition to the Motion to Dismiss filed May 21, 2007, in light of the plausibility standard recently clarified by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), and the Second Circuit's interpretation of this standard in Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007), Defendants' Motion to Dismiss must be denied as matter of law. The reasons are as follows: (a) Plaintiff has pled a conspiracy with sufficient plausibility meeting the standard set forth in Bell Atlantic and Iqbal as detailed in the amended complaints;[1] (b) Defendants have the burden to prove that Plaintiff has facially failed to plead facts that if true could not plausibly be concluded to be conspiracy, and Defendants have failed to meet that burden; and (c) Defendants' motion is premature, because assuming _ex arguendo_ that the complaint does not meet the plausibility pleading requirement, Plaintiff has not yet had the opportunity to participate in discovery which will unearth additional facts in support of Plaintiff's pleadings.

The holdings in Bell Atlantic Corp, and Iqbal have strengthened Mr. Dunlop's opposition to the Defendants' Motion to Dismiss as the amended complaints sufficiently plead "plausible" allegations, the only requirement necessary to survive a Motion to Dismiss. Mr. Dunlop has pled

---

[1] Since the time Plaintiff filed his Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Conspiracy Claims, dated May 21, 2007, Plaintiff has filed a Proposed Third Amended Complaint dated August 27, 2007.

factual allegations concerning the Defendants' conspiracy during the 2004 Republican National Convention (hereinafter, "RNC") to keep visible signs of dissent and/or protest of the RNC out of the public eye, out of the media, and off the streets of New York City by stopping protesters and individuals in the vicinity of the protesters without individualized suspicion, by making arrests without probable cause and holding individuals for unreasonable and excessive periods of time in unsanitary, dangerous, deplorable conditions simply because they exercised their First Amendment rights or were in the vicinity of those exercising that right. (See Plaintiff's Second Amended Complaint, Exhibit A, Plaintiff's Third Amended Complaint, Exhibit B).

Mr. Dunlop has also alleged facts which make it plausible that Defendants conspired to deprive Mr. Dunlop of his civil rights when they manufactured and created false evidence to use against him in his criminal trial. As alleged in the amended complaints, Police Officer Maya Gomez falsely swore in a criminal court complaint that Mr. Dunlop unlawfully protested, paraded without a permit and resisted arrest despite the fact that this never occurred. (Plaintiff's Second Amended Complaint, Exhibit A, ¶ 109, Plaintiff's Third Amended Complaint, Exhibit B ¶ 113).

In furtherance of the conspiracy, in or around September 2004, scenes showing Mr. Dunlop behaving peacefully and lawfully were removed by Ilise Williams, a technician for the New York County District Attorney's Office from a videotape presented to the Court in furtherance of Mr. Dunlop's unlawful arrest and conspiracy. (See Plaintiff's Second Amended Complaint, Exhibit A, at ¶ 171) Plaintiff's Third Amended Complaint, Exhibit B ¶¶ 69, 114, 139, 183). The New York County District Attorney's Office submitted this manufactured and fabricated tape as evidence against Mr. Dunlop so as to unlawfully deprive him of his rights and then maliciously prosecuted Mr. Dunlop for offenses despite a lack of probable cause.

(Plaintiff's Second Amended Complaint, <u>Exhibit A,</u> ¶¶ 2, 3, 68, 71, 176, 177) Plaintiff's Third Amended Complaint, <u>Exhibit B</u> ¶¶ 2, 42, 69, 72, 182,184). When the fabricated evidence was ultimately discovered, the District Attorney's Office dropped the charges against Mr. Dunlop. (See Plaintiff's Second Amended Complaint, <u>Exhibit A,</u> at ¶¶ 93, 107, 112) Plaintiff's Third Amended Complaint, <u>Exhibit B</u> ¶¶ 82, 97, 117).

## STATEMENT OF FACTS

The facts are more fully set forth in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Conspiracy claims dated May 21, 2007 (See Plaintiff's Memorandum of Law in Opposition to Defendant's motion to Dismiss the Conspiracy Claims, <u>Exhibit C</u>) along with the Declaration of Yetta G. Kurland, Esq. dated May 21, 2007 annexed thereto as Exhibit B, and will not be restated herein except to clarify several erroneous assertions of "fact" and procedure set forth by Defendants during oral argument on February 6, 2008. Opposing counsel on the record misstates a number of facts, including but not limited to his version of the history leading up to the amended complaints submitted by Plaintiff, as well as misstating Judge Karas' reference of FRCP Rule 11(b) by way of allowing Plaintiff to amend his complaint to include other Defendants. Therefore, it is important, for the record to note the correct procedural history regarding this complaint.

Plaintiff's proposed third amended complaint named Ilise Williams as a party and added facts relevant to Ms. Williams. Plaintiff did not add any new, additional or unrelated causes of action to the Complaint as suggested by Defendant during oral argument. (See Plaintiff's Proposed Third Amended Complaint, <u>Exhibit B</u>).

Moreover, Judge Karas's endorsed memo of August 21, 2007 did not limit Plaintiff's

3

third amended complaint solely to a substitution of a name in the caption, but instead allowed Plaintiff to file his Amended Complaint "to include Ms. Ilise Williams," See letter of Gina M. Bonica endorsed by Judge Kenneth M. Karas on August 21, 2007, Exhibit D).

This is of particular importance in addressing another misstatement made by Defendants during Oral Argument on February 6, 2008, because nowhere in Judge Karas's memo was Plaintiff required to remove the District Attorney Defendants from the caption or the complaint, as suggested by Defendant. Id. Nor was Plaintiff required to remove the District Attorney Defendants from the complaint under the Stipulation of Dismiss between Plaintiff and Defendants District Attorney Robert M. Morgenthau and former Assistant District Attorney Willa Concannon dated May 31, 2007, and "so ordered" by Judge Kenneth M. Karas on June 5, 2007, (See Stipulation of Dismissal dated June 31, 2007, Exhibit E).

Lastly, in direct contradiction to Defendants' assertion during oral argument that Plaintiff *has* been entitled to participate in discovery, per Judge Karas' December 15, 2006 Order all discovery *has been stayed* in this case. (See December 15, 2006 Order of Judge Kenneth M. Karas, Exhibit F). Moreover, Defendants remind the Court of this stay in their letter dated January 7, 2008, stating "Judge Karas *sua sponte* ordered a stay of discovery in this case pending the resolution of defendants' motion to dismiss." (See Letter of Jeffery C. Brooks, counsel for Defendants, dated January 7, 2008, Exhibit G).

## ARGUMENT

### I. The Complaint is Sufficient Under the Plausibility Standard of *Bell Atlantic*

Mr. Dunlop has pled factual allegations sufficient to meet the requirements of F.R.C.P. 8(a) particularly in light of the "plausibility" standard discussed in Bell Atlantic Corp v.

Twombly, 127 S.Ct. 1955, 1969 (2007).    As interpreted by this Circuit, Bell Atlantic Corp. *did*

*not* announce a "universal standard of heightened fact pleading, but ... instead requir[es] a

flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible."

Genesis Office Systems, Inc. v. Gestetner/Savin Corp., 2008 WL 313934 (S.D.N.Y., 2008)

*quoting* Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007).

Defendants, who have the burden of proving that Plaintiff failed to plead even a

'plausible' cause of action, argue there is a 'heightened' level of pleading required for conspiracy

in light of Bell Atlantic Corp.    However, it appears that any question of a 'heightened' pleading

requirement was laid to rest by the Supreme Court in Erickson v. Pardus, 127 S.Ct. 2197 (2007)

when it reiterated just two weeks after Bell Atlantic Corp. that "Federal Rule of Civil Procedure

8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled

to relief.'    Specific facts are not necessary; the statement need only "'give the defendant fair

notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. at 1959

(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).    In addition,

when ruling on a defendant's motion to dismiss, the Court must accept as true all of the factual

allegations contained in the complaint. Bell Atlantic Corp., *supra*, at 1975 (citing Swierkiewicz

v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, (2002); Neitzke v. Williams, 490 U.S.

319, 327, 109 S.Ct. 1827, (1989); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, (1974)).

In Erickson, Plaintiff alleged that Defendants' decision to remove him from his

prescribed medication was endangering his life, that this medication was withheld shortly after

petitioner had commenced a one year treatment program, that he was still in need of treatment

for this disease, and that the defendants refused to allow Plaintiff to undergo treatment. Erickson

at 2200. The Court held this alone was enough to satisfy Rule 8(a)(2). Id.

Similarly, Mr. Dunlop alleges in his Second Amended Complaint that Defendants met on several occasions and agreed to the "...promulgation and implementation of a practice, tactic or strategy to keep visible signs of dissent and/or protest out of the public eye, out of the media, and off the streets of New York City. (See Plaintiff's Second Amended Complaint, Exhibit A, ¶¶ 159-174), Third Amended Complaint, Exhibit B ¶¶ 164-181). The overt acts employed in furtherance of this agreement include but are not limited to mass arrests of those in the vicinity of the protest and those who were peacefully observing the protest, the intimidation factor of police officers in full riot gear, the use of horses to disperse bystanders, the arrest and confinement of those charged with minor offenses instead of issuing desk appearance tickets so as to minimize the visible effect of dissenters, confiscation of bicycles and other personal property as "evidence," routing bystanders and observers to areas where they would be arrested unlawfully, and falsely arresting large groups of people without probable cause and then falsely prosecute these individuals with altered evidence." (See Plaintiff's Second Amended Complaint, Exhibit A, at ¶ 161, Third Amended Complaint, Exhibit B ¶ 167). These allegations have been duly pled by Plaintiff in his amended complaints.

Mr. Dunlop alleges that on August 27, 2004, while in the vicinity of a protest for the purpose of picking up dinner, an NYPD officer, on being told that he was not a part of the protest, directed him down the street to an area where he was ultimately arrested and charged, without probable cause for Obstruction of Governmental Administration in the Second Degree, Disorderly Conduct, Parading Without a Permit, and Resisting Arrest. (See Plaintiff's Second Amended Complaint, Exhibit A, at ¶¶33, 63 Third Amended Complaint, Exhibit B ¶113). Mr. Dunlop further alleges, that after being told that he was under arrest, several officers in riot gear

rushed at Mr. Dunlop and grabbed him by the neck and pushed in downward direction as his arms were grabbed and twisted behind him in a manner exercising excessive force causing Mr. Dunlop substantial pain, See Plaintiff's Second Amended Complaint, <u>Exhibit A</u>, at ¶ 38 , Third Amended Complaint, <u>Exhibit B</u> ¶ 39) and that flexi cuff were placed on him so tightly that when he asked an NYPD officer to loosen the cuffs, the NYPD officer tightened the flexi cuffs, causing him pain when his skin began to break and bleed (See Plaintiff's Second Amended Complaint, <u>Exhibit A</u>, at ¶¶ 40, 47, Third Amended Complaint, <u>Exhibit B</u> ¶¶ 41, 47, 48).    Mr. Dunlop alleges that his bicycle was confiscated as "evidence" (See Plaintiff's Second Amended Complaint, <u>Exhibit A</u>, at ¶ 42, Third Amended Complaint, <u>Exhibit B</u> ¶ 43).    Mr. Dunlop further alleges that he was held in a police van with no ventilation for a prolonged period of time causing him to feel sick and feverish. (See Plaintiff's Second Amended Complaint, <u>Exhibit A</u>, at ¶ 46, Third Amended Complaint, <u>Exhibit B</u> ¶¶ 47, 104). Mr. Dunlop was taken to Pier 57, held excessively behind barbed wire fence, in deplorable, unsanitary and unsafe conditions, denied medical attention and access to counsel. (See Plaintiff's Second Amended Complaint, <u>Exhibit A</u>, at ¶ 51-57, Third Amended Complaint, <u>Exhibit B</u> ¶ 52-59). Police Officer Maya Gomez falsely swore in a criminal court complaint that Mr. Dunlop unlawfully protested, and resisted arrest despite the fact that this never occurred. (Plaintiff's Second Amended Complaint, <u>Exhibit A</u>, ¶ 109, Third Amended Complaint, <u>Exhibit B</u> ¶ 113 ).

Mr. Dunlop further alleges that in or around September 2004, scenes showing Mr. Dunlop behaving peacefully and lawfully were removed from a videotape by Ilise Williams, a technician for the New York County District Attorney's Office in furtherance of Mr. Dunlop's unlawful arrest and conspiracy. (See Plaintiff's Second Amended Complaint, <u>Exhibit A</u>, at ¶ 171, Third Amended Complaint, <u>Exhibit B</u> ¶). The New York County District Attorney's Office

7

submitted this manufactured and fabricated tape as evidence against Mr. Dunlop so as to unlawfully deprive him of his rights and to then maliciously prosecute Mr. Dunlop for offenses for which no probable cause existed. (Plaintiff's Second Amended Complaint, Exhibit A, ¶¶ 171, 177, Third Amended Complaint, Exhibit B ¶¶ 69,114,139,183). Ultimately, when the fabricated evidence was discovered, the District Attorney's Office dropped the charges against Mr. Dunlop. (See Plaintiff's Second Amended Complaint, Exhibit A, at ¶¶ 93, 107, 112) Plaintiff's Third Amended Complaint, Exhibit B ¶¶ 82, 97, 117).

Clearly, Mr. Dunlop's pleading alleges 'enough facts to state a claim for relief that is plausible on its face.' Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir.2007) (quoting Bell Atlantic Corp., at 1974).

## II.    Defendants Failed to Meet Its Heavy Burden of Showing that Plaintiff has Presented No Set of Plausible Facts that Would Entitle Plaintiff to Relief

Plaintiff's amended complaint is plausible on its face and gives Defendants fair notice of the allegations; therefore, Defendants fail to meet their burden of proof to sustain a Motion to Dismiss. In deciding a recent motion to dismiss and considering the holdings of Bell Atlantic Corp., Judge Chin of this Court recently stated that " . . . the question is not whether I believe the allegations of the complaint or whether I think the [Plaintiff] is likely to be able to prove the facts alleged in the complaint, for 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" In re 1st Rochdale Co-op Group, Ltd.  2008 WL 170410 at 2 (S.D.N.Y. 2008) quoting " Bell Atlantic Corp., 127 S.Ct. at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Judge Chin further stated that a Motion to Dismiss must be denied if the complaint

alleges "enough facts to state a claim for relief that is plausible on its face." In re 1st Rochdale Co-op Group, Ltd. at 2 (S.D.N.Y. 2008), Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir.2007 quoting Bell Atlantic Corp. at 1974.

Dismissing a complaint pursuant to F.R.C.P. § 8 is a serious sanction usually reserved for those cases in which the moving party can show "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Swierkiewicz v. Sorema N.A, 534 U.S.506, 122 S.Ct. 992 (2002); Phelps v. Kapnolas, 308 F.3d 180 (2nd Cir 2002); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988). As stated in detail *supra*, in the amended complaints, as well as in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Conspiracy Claims, Plaintiff alleges facts that surpass the plausibility requirement and undeniably give the Defendants fair notice of the allegations.

Contrary to Defendants' assertion at oral argument on February 6, 2008, Plaintiff is not required to list the place and the date of Defendants meetings and the summary of their conversations when he pleads conspiracy, but rather the pleadings must only present facts tending to show agreement and concerted action. Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) and that the claim is plausible. Bell Atlantic Corp. at 1974, Iqbal at 156. It is well known that conspiracies are secretive in nature and can rarely be proven by direct evidence, and often must be proven by circumstantial evidence. Brewster v. Nassau County 349 F. Supp.2d 540 (E.D.N.Y. 2004); Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999); Rounseville v. Zahl, 13 F. 3d 625, 632 (2d Cir. 1994), *see, e.g.,* United States v. Rivera, 971 F.2d 876, 890 (2d Cir.1992); United States v. Pitre, 960 F.2d 1112, 1121 (2d Cir.1992).


**III. Plaintiff is Entitled to Proceed to Discovery**

Plaintiff has pled enough facts to raise a reasonable expectation that discovery will reveal supporting evidence as required by Twombly's liberal pleading standard. Bell Atlantic Corp at 1965.   In the instant matter, Plaintiff has not been permitted to participate in any discovery (See December 15, 2006 Order of Judge Kenneth M. Karas, Exhibit F), and therefore this motion is premature.  Moreover, even the 'plausibility' standard does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the violation. In re AOL Time Warner, Inc. Securities Litigation, 503 F.Supp.2d 666, 671 (S.D.N.Y., 2007), citing Bell Atlantic Corp., at 1969.

In addition, pursuant to F.R.C.P. 56(f), when a party ... reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." F.R.C.P. 56(F), _Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 386 (2d Cir.2001). Rivera v. Nat'l R.R. Passenger Corp., 152 F.R.D. 479, 484 (S.D.N.Y.1993). Indeed, where the nonmoving party is unable to demonstrate existence of genuine issue of material fact, but court is nevertheless satisfied that triable issue may be presentable upon further discovery, the court may order continuance according to Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated herein, as well as Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Conspiracy claims, we respectfully request that the Defendants' motion be denied as matter of law and that this Court grant such other and further relief as may be just and proper, included but not limited to an order authorizing Rule 26 Discovery.

Dated:  February 15, 2008

Respectfully Submitted,

KURLAND, BONICA & ASSOCIATES,
P.C.

Gina M. Bonica, Esq. (GB-6615)
304 Park Avenue South, Suite 206
New York, NY 10010
212.253.6911
*Attorneys for Plaintiff*

11