*EXHIBIT "A"*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- x

ALEXANDER DUNLOP,

                        Plaintiff,

       -versus-

THE CITY OF NEW YORK, et al.

                     Defendants.

------------------------------------------------------------------------- x

                              **06 CV 433 (KMK)(JCF)**


**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS**
**PLAINTIFF'S "CONSPIRACY" CLAIMS**


**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney For Defendants*

**James Mirro (JM 2265)**
*Special Assistant Corporation Counsel*
*Special Federal Litigation*
100 Church Street, Room 3-130
New York, New York 10007
212.788.8026 (ph)
212.788.9776 (fax)

March 22, 2007

# TABLE OF CONTENTS

Background ............................................................................................. 1

Argument ............................................................................................... 3

    Plaintiff Has Failed To Plead A "Conspiracy" .................................. 3

    Legal Standards ............................................................................. 3

I.    The Complaint Fails To Plead A Viable Conspiracy Claim
    Based Upon The Alteration Of A Videotape ........................... 5

II.    The Complaint Fails To Plead Any Other
    Viable Conspiracy Claim .................................................. 11

    A.  The Second Amended Complaint, Fairly Read, Pleads
    Nothing More Than A Conspiracy Among City Employees ...... 11

      (1)  Plaintiff's Allegations Concerning
      David Norcross Are Insufficient .................................... 12

      (2)  Plaintiff's Allegations Concerning The United States
      Secret Service Are Insufficient ..................................... 14

    B.  Plaintiff Has Failed To Plead Other Essential Facts .............. 18

Conclusion ....................................................................................... 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                          Plaintiff,

      -versus-                                      <u>06 CV 433 (KMK)(JCF)</u>

THE CITY OF NEW YORK, et al.

                          Defendants.

------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS
## <u>PLAINTIFF'S "CONSPIRACY" CLAIMS</u>

### <u>Background</u>

The "amended verified complaint" ("Amended Complaint") in this action was filed in the Supreme Court of the State of New York, County of New York, and was served on the City of New York on or about December 22, 2005. On January 19, 2006, defendants timely removed the action to the United States District Court for the Southern District of New York. Plaintiff moved to remand and the Court denied plaintiff's motion by order of October 4, 2006.

On October 13, 2006, by letter to the Court, defendants sought permission to file a motion to dismiss certain counts of the Amended Complaint (Exhibit "A" hereto). At a subsequent conference with the Court, in which defendants recited various serious defects in the Amended Complaint, plaintiff requested and was granted a final opportunity to re-plead. On or about January 16, 2007, plaintiff served his Second Amended Complaint (Exhibit "A" to the DA's Motion). In a subsequent conference with the Court, in which defendants again sought permission to move to dismiss certain counts of the pleading, the Court granted permission.

During the week of the 2004 Republican National Convention ("RNC"), the City of New York accommodated hundreds of thousands of protesters. In that time frame, approximately 1800 were arrested for violating the law, most of whom were charged with violations (such as blocking vehicular and pedestrian traffic). Of those, many took adjournments in contemplation of dismissal while others were granted voluntarily dismissals. Now, approximately 565 of those individuals have sued the City, the Mayor, the Police Commissioner and other individual defendants, primarily on a theory of false arrest. Of all of the pending RNC actions, plaintiffs in only <u>two</u> actions currently known to defendants allege a "conspiracy" of any kind.

In his most recent pleading, plaintiff Dunlop appears to plead two separate conspiracies – one conspiracy whose object was to arrest Dunlop and others in the vicinity of protests during the RNC (the "Arrest Conspiracy"); and another conspiracy whose object was to alter certain videotaped evidence depicting him (the "Video Conspiracy"). <u>See</u> Second Amended Complaint at ¶¶ 2, 3, 16-19, 65-84 and Count 10 (¶¶ 154 – 181). Despite its length, however, upon close inspection it is evident that plaintiff's conspiracy pleading is no more than a loosely knit patchwork of speculation, surmise and guesswork – a far cry from the pleading with particularity required of civil conspiracy claims. Plaintiff fails to identify with any degree of particularity, for instance, what "personal involvement" each defendant actually had in the alleged conspiracies; and whether, when and under what circumstances each defendant reached an "agreement" willfully to violate plaintiff's Constitutional rights.

Accordingly, and based upon the following additional authorities, defendant City of New York ("Defendants") now respectfully submits that the Court should dismiss with prejudice Count Ten of the Second Amended Complaint pursuant to Rules 8(a)(2) and 12(b)(6)

of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, for failure to plead civil conspiracy with the requisite level of particularity, and for failure to provide a short and plain statement of the claim; and, pursuant to Rule 12(f), the Court should strike from that pleading all references to any "conspiracy" and any similar language as scandalous and impertinent.  Defendants also join in the motion by District Attorney Robert Morgenthau and former Assistant District Attorney Willa Concannon (the "DA Defendants" and the "DA's Motion") for all of the reasons stated in their separate motion.

## ARGUMENT

### Plaintiff Has Failed To Plead A "Conspiracy"

### Legal Standards

In the Second Circuit, "claims alleging conspiracies to violate civil rights must be pled with specificity." Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 470 (S.D.N.Y. 2006) (Hellerstein, J.) (dismissing conspiracy claim); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (dismissing conspiracy claim).  To survive a motion to dismiss, a civil rights conspiracy claim must allege "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Jessamy, 292 F. Supp. 2d at 513 ("[t]he requisite specificity requires that the plaintiff 'make an effort to provide some details of time and place and the alleged effect of the conspiracy'").

"[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' and fails to 'reveal the specific relationship, if any, [the] defendants share' is insufficient pleading under Rule 8(a)(2)." Jones, 409 F. Supp. 2d at 464 ("A complaint

- 3 -

should be dismissed if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised'"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) (dismissing conspiracy complaint that generally referred to conduct of all seventeen defendants without differentiating conduct of particular defendants or describing how parties were interrelated). "A plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct' because such 'allegations fail to give adequate notice to the [] defendants as to what they did wrong." Id. According to the Second Circuit, such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (affirming dismissal of conspiracy claim).

Put another way, "[a] plaintiff cannot survive a motion to dismiss simply by stating legal conclusions as if they were facts." Jones, 409 F. Supp. 2d at 470 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "The Second Circuit has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights should be dismissed." Peavey v. Polytechnic Institute of New York, 775 F. Supp. 75, 77 (E.D.N.Y. 1991) (Glasser, J.) (dismissing conspiracy complaint), aff'd, 969 F.2d 1042 (2nd Cir. 1992). "This approach stems from the recognition of the ease with which such claims can be made and their ability to precipitate protracted proceedings." 775 F. Supp. at 77. "This principle applies with full force to claims under the civil rights laws." Id.

"Because Section 1983 imposes liability only upon those who actually cause a deprivation of rights, 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983.'" Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) (reversing jury verdict in favor of plaintiff). Of course, where there is no

"actual violation of constitutional rights," there can be no claim based upon a conspiracy to violate those rights. Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (affirming dismissal of conspiracy claim); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy claim).

In addition, "[i]t is well established that 'where the individual defendants are all employees of the institutional defendant, a claim of conspiracy will not stand.'" Jessamy, 292 F. Supp. 2d at 514 (collecting cases); Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

## I.

### The Complaint Fails To Plead A Viable Conspiracy Claim Based Upon The Alteration Of A Videotape

For all of the reasons set forth in the DA's Motion, plaintiff has failed to plead a viable conspiracy claim against either of the DA Defendants and those defendants should be dismissed from the action. Indeed, the DA Defendants have established that plaintiff's conspiracy claim based upon the alleged alteration of a videotape fails as a matter of law with respect to all of the defendants because, among other things, there was never any actual violation of plaintiff's constitutional rights as a result of that alleged conspiracy. That is because, as pled in the Second Amended Complaint, (i) plaintiff's counsel was in possession of the allegedly altered videotape (even before the prosecution was); (ii) the charges against the plaintiff were dismissed by the DA before the video ever was used as evidence and, therefore, before there could have been any violation of plaintiff's rights, or any damages resulting from the use of the video as evidence; and (iii) the video never was used as evidence. See Singer v. Fulton County

Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (affirming dismissal of conspiracy claim); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy claim).

Although the Second Amended Complaint alleges in wholly conclusory fashion that unnamed parties other than the DA Defendants somehow were involved in the Video Conspiracy, that pleading fails to identify any of them and fails to allege sufficient facts to tie any of them into that alleged conspiracy. For instance, the Second Amended Complaint only vaguely identifies the other members of the Video Conspiracy as "Officer Doe," "John Roe Technicians," "the Defendants," "the NYPD" and "City of New York." See Second Amended Complaint at ¶¶ 68-69, 80, 176-79. Of these, if the conspiracy involved only "the NYPD," it would number approximately 40,000 members. At the same time, it is entirely unclear how the "City of New York" could have had a "meeting of minds" with anyone.

Nor is it sufficient to plead a civil conspiracy without identifying the individuals allegedly involved in that conspiracy. Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 472 (S.D.N.Y. 2006) (Hellerstein, J.) (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513-14 (S.D.N.Y. 2003) (Conner, J.) (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached"). Put another way, this blunderbuss pleading fails to fairly put defendants on notice of the claim against them. See, e.g., Jones, 409 F. Supp. 2d at 464 ("A complaint should be dismissed if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised'").

The Second Amended Complaint also fails to identify with specificity what role, if any, each of "the Defendants" allegedly played in the Video Conspiracy. For instance, while Mayor Bloomberg and Commissioner Kelly nominally are included in the alleged Video Conspiracy (as "Defendants"), the Second Amended Complaint utterly fails to articulate any role played by the Mayor or the Police Commissioner in the alleged Video Conspiracy. The same is true of *all* of the remaining defendants -- including Chief of Department Joseph Esposito, Chiefs Thomas Graham and John Colgan, as well as Police Officer Maya Gomez. The Second Amended Complaint is utterly silent, moreover, as to *all* of the key factual particulars -- whether, when and under what circumstances *each* defendant (i) reached an "agreement" to violate plaintiff's constitutional rights by altering the videotape; and (ii) took any independent overt action in furtherance of the alleged Video Conspiracy. Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").[1]

---

[1] The Second Circuit and the Southern District particularly have scrutinized allegations concerning the "agreement" or "meeting of the minds" to violate the law that is an essential element of the conspiracy claim. "In order to maintain an action [based upon a civil rights conspiracy], a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb v. Goord, 340 F.3d 105, 110-11 (2nd Cir. 2003) (affirming dismissal of conspiracy complaint). "Without a 'meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy.'" Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving

Plaintiff's sweeping allegations that "defendants" collectively engaged in a "conspiracy" to violate plaintiff's constitutional rights are simply insufficient in the absence of any explanation as to what, if any, personal involvement each defendant had. Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (affirming dismissal of conspiracy claim and holding that such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct"); Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) (dismissing conspiracy complaint and holding that "[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); see also Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., et al., 117 F.3d 655, 665 (2d Cir. 1997) (affirming dismissal of fraud complaint and holding that "[w]hile appellants nominally include all of the appellees in their claims of fraud . . . they have not managed to allege specifically a sufficient basis to sustain these claims as against [various appellees]").

---

Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim"); Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff "never properly alleges a meeting of the minds, nor identifies the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (dismissing conspiracy claim where pleading "does not refer to an agreement or state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached"); Peavey, 775 F. Supp. at 77-78 (dismissing conspiracy claim where "complaint is utterly vague and conclusory as to the nature of [defendant's] participation in the alleged agreement"), aff'd, 969 F.2d 1042 (2nd Cir. 1992).

To the extent that any "facts" are pled in plaintiff's scattershot 181-paragraph pleading, defendants note that they are pled almost entirely "upon information and belief." See Second Amended Complaint ¶¶ 27, 28, 32-33, 35-37, 39-40, 43, 47-50, 52-55, 58, 66, 68-69, 73, 76, 78-79, 159–161, 165–175 (all pled "upon information and belief"). As a practical matter, pleading "upon information and belief" is a concession by plaintiff that he lacks the knowledge required to plead the claim on the basis of facts. Put another way, it is a concession that plaintiff requires discovery even before he can plead his conspiracy claim. But that procedure has been rejected repeatedly in the Southern District. "Presumably, Romer's theory is that, were his complaint to survive the motion to dismiss, he would be able through discovery to develop a record substantiating his general pleadings. This aspiration need not detain the Court; Romer is entitled to proceed only if the facts he seeks to prove would state a legally cognizable claim." Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint).

In the Second Circuit, moreover, when pleading matters that require particularity – such as fraud and civil conspiracy – the Courts strongly disfavor pleading "upon information and belief." See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief" because it was "conclusory" and "insufficient to state a § 1983 claim"); Leon v. Murphy, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief" on the ground that "[a] complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); see also Gilkey v. Sheahan,

1995 WL 646231, *6 (N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief" on the basis that plaintiff did not plead "any essential facts" but "has merely made conclusory allegations").

Nor does plaintiff cure this serious defect by providing a meaningful statement of facts upon which plaintiff's "beliefs" are founded – leaving plaintiff's conspiracy complaint overwhelmingly, if not entirely, unsupported by facts. See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., et al., 117 F.3d 655, 664 (2d Cir. 1997) (affirming dismissal of fraud complaint pled "upon information and belief" and holding that "appellants have failed to provide a statement of facts upon which the belief is founded [and] the unsupported nature of the allegation weighs against finding it indicative of fraudulent intent").

In any event, plaintiff cannot sustain a cause of action predicated upon City employees allegedly conspiring among themselves. "It is well established that 'where the individual defendants are all employees of the institutional defendant, a claim of conspiracy will not stand." Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 514 (S.D.N.Y. 2003) (Conner, J.) (collecting cases); Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

Together, these flaws are fatal to plaintiff's conspiracy claim. Accordingly, and for all of the reasons set forth in the DA Defendants' motion, plaintiff's cause of action based upon an alleged Video Conspiracy should be dismissed.

## II.

### The Complaint Fails To Plead
### Any Other Viable Conspiracy Claim

Plaintiff attempts to plead one other "conspiracy" in the Second Amended Complaint. In sum and substance, the object of that alleged conspiracy was to arrest Dunlop and others in the vicinity of protests during the RNC without probable cause. See Second Amended Complaint at ¶¶ 2, 65, 66, 84, 154-175. Putting aside the practical matter that this is little more than a restatement of plaintiff's first cause of action – for false arrest – this alleged "conspiracy" suffers from the same fatal defects as does the alleged Video Conspiracy.

### A.

### The Second Amended Complaint, Fairly Read, Pleads
### Nothing More Than A Conspiracy Among City Employees

Fairly read, this alleged conspiracy includes no one except City employees. Plaintiff does not appear to plead, for instance, that the DA Defendants or the Hudson River Park Trust were involved in the conspiracy to arrest plaintiff. Instead, the plaintiff appears to plead that only the remaining defendants – the City and its employees – conspired to violate plaintiff's rights. For instance, the plaintiff identifies "[t]he Defendants including but limited to the City of New York, Bloomberg, Kelly, Esposito, Colgan and Graham. . . ." Second Amended Complaint at ¶ 65. Throughout most of the pleading, plaintiff refers generally to "All Defendants" or simply to "Defendants." See Second Amended Complaint at ¶¶ 155-75. Of course, it is well established in the Second Circuit that plaintiff cannot sustain a cause of action predicated upon City employees conspiring among themselves. See, e.g., Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 514 (S.D.N.Y. 2003) (Conner, J.) (collecting cases); Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is

essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

**(1)**

**Plaintiff's Allegations Concerning
David Norcross Are Insufficient**

Apparently in an effort to sidestep this serious legal defect, plaintiff makes a half-hearted effort to sweep several other individuals and entities into the alleged conspiracy. Those efforts fail for a variety of reasons. For instance, toward the end of the Second Amended Complaint, plaintiff pleads that "upon information and belief . . . David Norcross, Chairman of the Committee on Arrangements for the 2004 Republican National Convention stated on more than one occasion that the City of New York and the Republican National Committee had met and discussed security for the RNC for at leas [sic] a year prior to the convention." Second Amended Complaint at ¶ 159. "Upon information and belief . . . David Norcross had conversations with Bloomberg and other City of New York officials regarding controlling the visibly negative publicity surrounding the RNC." Second Amended Complaint at ¶ 160. "Upon information and belief, these conversations included but were not limited to the promulgation and implementation of a practice, tactic or strategy to keep visible signs of dissent and/or protest out of the public eye. . . ." Second Amended Complaint at ¶ 161.[2]

---

[2] Continuing with his scattershot approach, plaintiff also alleges that "Defendants . . . conspired with the RNC" and that "Defendants . . . conspired with the Republican National Party." See Second Amended Complaint at ¶¶ 65, 84. In plaintiff's Second Amended Complaint, "RNC" is defined at paragraph 1 to mean "Republican National Convention." Second Amended Complaint ¶ 1. It is difficult to conceive how defendants could have had a "meeting of minds" with the "Convention" itself or, for that matter, with the "Party." If the conspiracy was not with the "Convention" or the "Party," then defendants are left to wonder as to whom exactly plaintiff's pleading refers. See Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached"). In any event, these conspiracy allegations -- which are pled in the absence of any of the particular facts required -- fail for the same reasons that the remaining conspiracy allegations fail.

These allegations fail as a matter of law to state a claim for civil conspiracy. First, plaintiff has failed to plead that David Norcross agreed to act in concert to inflict an unconstitutional injury upon anyone.   Indeed, plaintiff has failed to plead that David Norcross reached any "agreement" or "meeting of the minds" -- with any defendant or with anyone else -- about anything.  Having failed to plead the first two predicates of a conspiracy claim, plaintiff necessarily has failed to plead that anything done by David Norcross (or by any of the defendants in combination with David Norcross) resulted in a violation of plaintiff's constitutional rights or in damages to plaintiff.  In fact, the allegations of the Second Amended Complaint fall well short of making these necessary allegations – allegations that form a bare minimum standard for pleading civil conspiracy in the Second Circuit.  See Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (reciting elements necessary to plead conspiracy).

In any event, it seems self-evident that meetings, discussions and conversations about "security for the RNC" or about "publicity surrounding the RNC" – the only conduct in which plaintiff alleges that David Norcross engaged – does not amount to a conspiracy.  Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").

Nor does plaintiff allege that any of that conduct actually resulted in a violation of plaintiff's civil rights.  See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim where there was no "actual violation of constitutional rights"); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (same); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (same).

That *all* of plaintiff's allegations concerning David Norcross are pled "upon information and belief" – and without any supporting or explanatory pleading articulating the factual basis for those beliefs – militates strongly in favor of dismissal.  See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief" because it was "conclusory" and "insufficient to state a § 1983 claim"); Leon v. Murphy, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief" on the ground that "[a] complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); see also Gilkey v. Sheahan, 1995 WL 646231, *6 (N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief" on the basis that plaintiff did not plead "any essential facts" but "has merely made conclusory allegations").

### (2)

### Plaintiff's Allegations Concerning
### The United States Secret Service Are Insufficient

The only other entity identified in connection with the Arrest Conspiracy is the United States Secret Service ("Secret Service").  Plaintiff alleges that "[u]pon information and belief, Defendants including but limited to Kelly, Esposito, Graham, and Colgan and other

members of the NYPD conspired . . . with the United States Secret Service and all planned and agreed upon how to arrest, detain and confine individuals who were within the vicinity of the RNC protests without probable cause. . . ." Second Amended Complaint at ¶¶ 169, 172, 173.

Plaintiff's attempt to sweep the Secret Service within the alleged conspiracy fails. First, upon a review of the Second Amended Complaint, it is evident that plaintiff's allegations concerning the defendants' conspiracy with the Secret Service are entirely boilerplate. See Second Amended Complaint ¶¶ 165-75. For instance, plaintiff alleges only that "*Defendants*" collectively planned, agreed and conspired with the Secret Service, without pleading any individual conduct of any defendant. Likewise, plaintiff has failed to plead specifically, or even generally, what was said, and by whom, in any of those alleged conversations and meetings. Plaintiff has failed to plead whether, when and how any of the defendants reached an "agreement" with the Secret Service to violate plaintiff's rights. Plaintiff similarly has failed to plead that any defendant committed any overt act in furtherance of any agreement that he or she had with the Secret Service. What is pled -- and it is pled in boilerplate fashion in each paragraph and with respect to each alleged meeting -- is plaintiff's ultimate conclusion that the conspirators "all planned and agreed upon how to arrest, detain and confine individuals who were within the vicinity of the RNC protests without probable cause. . . ." See Second Amended Complaint at ¶¶ 165-75 (containing virtually identical pleading).

This pleading, which fails to identify the specific role played by any particular defendant – including whether any particular defendant actually agreed with the Secret Service about anything -- is simply too conclusory. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Jones v. National Communication and Surveillance

Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) ("[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct").

In addition, of course, plaintiff has failed to identify any individual within the Secret Service who participated in any of the alleged plans, meetings and agreements. And, just as plaintiff has completely failed to describe the conduct of defendants at those alleged meetings, so too plaintiff has failed to describe the conduct of anyone from the Secret Service at those meetings. Plaintiff, for instance, has failed to plead what the alleged individual from the Secret Service said to defendants in the course of those meetings -- and whether that individual actually reached any agreement with one or more of the defendants to violate plaintiff's constitutional rights. These facts are necessary for the reasons stated in the case law cited above and because, more fundamentally, defendants are entitled to notice of the nature of the claims asserted against them. See cases discussed immediately above; see also Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to

conspire was reached").

      Even assuming that plaintiff had properly pled that one or more defendants each had reached an agreement with an individual from the Secret Service to act in concert, plaintiff's pleading still would fail.  That is because, as pled, the "agreement" reached does <u>not</u> call for the violation of anyone's rights.  According to the pleading, the only agreement reached was an agreement on "*how to* arrest, detain and confine individuals . . . without probable cause." Second Amended Complaint at ¶¶ 169, 172, 173 (emphasis added).  Plaintiff does not go so far as to plead that there was any agreement "*to arrest, detain and confine individuals without probable cause.*"  As a result, the pleading is insufficient to state a claim for civil conspiracy because an agreement about "how to" violate plaintiff's rights is not an agreement "to inflict an unconstitutional injury."  <u>See</u> <u>Jessamy</u>, 292 F. Supp. 2d at 513 (reciting minimum elements of conspiracy pleading); <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 119 (2d Cir. 1995) (there must be an "actual violation of constitutional rights" to support conspiracy); <u>Young v. County of Fulton</u>, 160 F.3d 899, 904 (2d Cir. 1998) (same); <u>Romer v. Morgenthau</u>, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (same).

      That all of plaintiff's allegations, again, are pled "upon information and belief" – without any supporting or explanatory pleading articulating the factual basis for those beliefs – again militates strongly in favor of dismissal.  <u>See</u>, <u>e.g.</u>, <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief"); <u>Leon v. Murphy</u>, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief"); <u>Romer v. Morgenthau</u>, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); <u>see also</u> <u>Gilkey v. Sheahan</u>, 1995 WL 646231, *6

(N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief").

**B.**

**Plaintiff Has Failed To Plead Other Essential Facts**

Setting aside the fact that, fairly read, plaintiff has pled no more than a "conspiracy" among City employees -- and that plaintiff's pleading concerning David Norcross and the Secret Service are insufficient to bring them into the conspiracy -- plaintiff's pleading suffers from other insurmountable difficulties.

Most importantly, the pleading fails to allege any agreement between Police Officer Maya Gomez (or any of the other officers involved in plaintiff's arrest) and anyone else for the purpose of violating plaintiff's constitutional rights. Nor does the pleading allege any conduct taken by Officer Gomez for the purpose of violating plaintiff's rights. These failures are fatal to plaintiff's claim because the arrest itself is the essential link between the Arrest Conspiracy allegedly implemented by the Mayor and the Police Commissioner and the plaintiff himself. Indeed, the names of the officers involved in plaintiff's arrest (including Officer Gomez) and all of the necessary factual particulars relating to them (which we will not review again here) are notably absent from plaintiff's conspiracy allegations. See Second Amended Complaint at ¶¶ 65, 84, 154-75; see also Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (reciting elements necessary to plead conspiracy including agreement); Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) (absent allegation of "personal involvement by the defendants . . . the complaint should be dismissed").

In addition, of course, while Mayor Bloomberg and Commissioner Kelly nominally are included in the alleged Arrest Conspiracy (as "Defendants"), the Second Amended Complaint fails to articulate with any particularity what role, if any, either the Mayor or the Police Commissioner played in that conspiracy. The same is true of *all* of the remaining defendants -- including Chief of Department Joseph Esposito, Chiefs Thomas Graham and John Colgan. Instead, plaintiff treats virtually all defendants collectively – referring to them throughout simply as "Defendants" and describing their conduct as a group – without any differentiation based upon actual facts. See Second Amended Complaint at ¶¶ 154-75. As discussed more fully above, claims such as this -- which fail to plead the particulars of each defendant's "personal involvement" in a constitutional violation -- routinely have been dismissed in the Second Circuit. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) (""personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) ("[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct").

- 19 -

In any event, as discussed more fully above, to the extent that any "facts" are pled in the Second Amended Complaint, they are pled almost entirely "upon information and belief." See Second Amended Complaint ¶¶ 27, 28, 32-33, 35-37, 39-40, 43, 47-50, 52-55, 58, 66, 68-69, 73, 76, 78-79, 159–161, 165–175 (all pled "upon information and belief"). Pleading all or virtually all of the essential facts "upon information and belief" in a claim for civil conspiracy fails as a matter of law. See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (affirming dismissal of conspiracy claim pled entirely "on information and belief"); Leon v. Murphy, 988 F.2d 303, 310-11 (2d Cir. 1993) (affirming dismissal of conspiracy claims that had been pled "on information and belief"); Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing Section 1983 claims pled "on information and belief"); see also Gilkey v. Sheahan, 1995 WL 646231, *6 (N.D. Ill. 1995) (dismissing conspiracy claim pled "upon information and belief").

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully submit that the Court should dismiss with prejudice Count Ten of the Second Amended Complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, for failure to plead civil conspiracy with the requisite level of particularity, and for failure to provide a short and plain statement of the claim; and, pursuant to Rule 12(f), the Court should strike from that pleading all references to any "conspiracy" and any similar language as scandalous and impertinent.

Dated: New York, New York
         March 22, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              *Attorney For Defendants*

                              By: _____
                                    James Mirro (JM 2265)
                                    Special Assistant Corporation Counsel
                                    Special Federal Litigation
                                    100 Church Street, Room 3-130
                                    New York, New York 10007
                                    212.788.8026 (ph)
                                    212.788.9776 (fax)

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ALEXANDER DUNLOP,

                      Plaintiff,

      -versus-                                <u>06 CV 433 (KMK)(JCF)</u>

THE CITY OF NEW YORK, et al.

                      Defendants.

------------------------------------------------------------------- x

## DEFENDANTS' REPLY MEMORANDUM
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
## <u>PLAINTIFF'S "CONSPIRACY" CLAIMS</u>

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
*Attorney For Defendants*

James Mirro (JM 2265)
Special Assistant Corporation Counsel
Special Federal Litigation
100 Church Street, Room 3-130
New York, New York 10007
212.788.8026 (ph)
212.788.9776 (fax)

JUNE 5, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ALEXANDER DUNLOP,

                                    Plaintiff,

            -versus-                                          06 CV 433 (KMK)(JCF)

THE CITY OF NEW YORK, et al.

                                    Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' REPLY MEMORANDUM
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
## PLAINTIFF'S "CONSPIRACY" CLAIMS

Defendants write briefly in further support of their motion to dismiss plaintiff's

conspiracy claims. Defendants' motion was served on plaintiff on March 22, 2007. After

requesting several extensions, plaintiff served his opposition on undersigned counsel on May 21,

2007. Undersigned counsel has not been served with any opposition to the DA's separate motion

to dismiss, which was due to be served on defendants on May 31, 2007. Defendants, therefore,

who have joined in the DA's motion, proceed on the assumption that plaintiff has elected not to

oppose that motion.[1]

        With respect to defendants' motion on plaintiff's conspiracy claims, defendants

note as a preliminary matter that plaintiff appears not to have responded directly to any of the

legal arguments made by defendants in their motion to dismiss. Instead, in his opposition brief

and supporting papers, plaintiff pursues several misguided tactics to oppose defendants' Rule

_____

[1] At approximately 7 p.m. this evening, June 5, I was advised by opposing counsel that plaintiff had executed a
stipulation of dismissal with the DA Defendants and that that stipulation had been filed with the Court. Undersigned
counsel was not served with a copy of that stipulation until we pressed for it this evening. Because all of the served
defendants, not just the DA Defendants, have joined in the DA Defendants' motion, and rely at least in part upon
arguments made in that motion, defendants shall provide a copy of that motion to chambers for the Court's
convenience.

12(b)(6) motion -- he attempts to introduce factual material from outside the pleadings, to introduce purported evidence through two attorney affidavits, to request permission pursuant to Rule 56 to take discovery before the Court rules on defendants' motion to dismiss, and to create factual disputes pursuant to Rule 56.  All of these efforts miss the point.

As the Court itself has counseled plaintiff repeatedly in the series of conferences leading to this point, plaintiff must sufficiently plead his claim (pursuant to Second Circuit and Southern District authorities) before he is entitled to take discovery on it or to prove it.  This plaintiff simply has failed to do.  Defendants emphasize the following points.

## I.

### The Complaint Fails To Plead A Viable Conspiracy Claim Based Upon The Alteration Of A Videotape

In their initial brief, defendants showed that plaintiff's conspiracy claim based upon the alleged alteration of a videotape fails as a matter of law with respect to all of the defendants because, among other things, there was never any actual violation of plaintiff's constitutional rights as a result of that alleged conspiracy.  There was no violation because, among other things, the charges against the plaintiff were dismissed by the DA before either version of the video ever was used as evidence and, therefore, before there could have been any violation of plaintiff's rights, or any damages, resulting from the use of the video as evidence.  In fact, because the charges were dismissed, the video never was used as evidence.  Plaintiff does not dispute these points and directs the Court to nothing in his Complaint that suggests otherwise.  Accordingly, plaintiff's conspiracy claim fails because there was no "actual violation of constitutional rights."[2]

---

[2] See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (affirming dismissal of conspiracy claim); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998) (affirming dismissal of conspiracy claim); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363-65 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy claim).

In their initial brief, defendants showed that the Complaint fails to identify any parties other than the DA defendants who participated in the alleged Video Conspiracy -- and that the Complaint fails to allege sufficient facts to tie any of them into that alleged conspiracy. This includes the failure to plead with any degree of specificity whether, when and under what circumstances each defendant reached any "agreement" to violate plaintiff's constitutional rights by altering the videotape.[3]  A pleading of civil conspiracy that fails to identify the individuals allegedly involved in that conspiracy, and that fails to plead facts sufficient to support a finding that those individuals were personally involved, is insufficient as a matter of law.  Plaintiff does not contest these points of law; and has pointed to nothing in his pleading that identifies the individuals involved in the alleged Video Conspiracy (aside from the DA Defendants) or that describes the personal involvement of any such individuals with the requisite particularity.

Defendants also have argued that plaintiff's conspiracy allegations are pled almost entirely "upon information and belief" (See Second Amended Complaint ¶¶ 27, 28, 32-33, 35-37, 39-40, 43, 47-50, 52-55, 58, 66, 68-69, 73, 76, 78-79, 159–161, 165–175 (all pled "upon information and belief")) and that, as a practical matter, such pleading is a concession by plaintiff that he lacks the knowledge required to plead the claim on the basis of facts.  In his opposition, plaintiff does not contest this argument.  Defendants have argued that such pleading is a concession that plaintiff requires discovery even before he can plead his conspiracy claim.

---

[3] See Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 472 (S.D.N.Y. 2006) (Hellerstein, J.) (dismissing conspiracy claim where plaintiff never "identifies the individuals that effected such agreement"); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513-14 (S.D.N.Y. 2003) (Conner, J.) (dismissing conspiracy claim where pleading does not "state with whom [defendant] is alleged to have conspired or how the agreement to conspire was reached"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) (dismissing conspiracy complaint and holding that "[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").

- 3 -

In response, plaintiff has devoted an entire section of his brief (at point III, page 19) to the argument that "Discovery Will Unearth Additional Proof of the Conspiracy."[4]

## II.

### The Complaint Fails To Plead
### Any Other Viable Conspiracy Claim

In their initial brief, defendants have established that plaintiff cannot sustain a cause of action predicated upon City employees allegedly conspiring among themselves.[5]   In response, plaintiff argues only that other entities have been named in the Complaint – citing the District Attorney's Office, David Norcross, the Secret Service and the Hudson River Park Trust.[6]

The DA Defendants have been dismissed voluntarily from this action, leaving only City employees for liability purposes on the alleged Video Conspiracy claim.  Even if the DA Defendants were considered for purposes of the Video Conspiracy, plaintiffs have failed to allege sufficient facts to bring them into the conspiracy.  This is particularly true with respect to the requisite allegation that they agreed with one or more of the remaining defendants to violate plaintiff's constitutional rights.  That allegation is simply not sufficiently pled (if it is pled at all).  With respect to the alleged Arrest Conspiracy, plaintiff does not appear to plead that the DA Defendants were personally involved at all.

As discussed more fully in the defendants' initial brief, moreover, those

---

[4] See Romer v. Morgenthau, 119 F. Supp. 2d 346, 356 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "Presumably, Romer's theory is that, were his complaint to survive the motion to dismiss, he would be able through discovery to develop a record substantiating his general pleadings.  This aspiration need not detain the Court; Romer is entitled to proceed only if the facts he seeks to prove would state a legally cognizable claim.").

[5] See Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 514 (S.D.N.Y. 2003) (Conner, J.) (collecting cases); Herrman v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) ("there is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees").

[6] Defendants note again that, contrary to plaintiff's argument, all defendants in this matter are represented by the Office of the Corporation Counsel.  Michael Morgan, who has appeared in this matter on behalf of the DA Defendants, has appeared as a Special Assistant Corporation Counsel.

allegations of the Complaint pertaining to David Norcross and the Secret Service are simply too conclusory to bring them within the alleged Arrest Conspiracy. Plaintiff has failed to plead that David Norcross agreed to act in concert to inflict an unconstitutional injury upon anyone. In fact, plaintiff has failed to plead that David Norcross reached any "agreement" or "meeting of the minds" -- with any defendant or with anyone else -- about anything. Plaintiff points to nothing in his Complaint that suggests that the facts are otherwise.

Defendants also have argued that meetings, discussions and conversations about "security for the RNC" or about "publicity surrounding the RNC" – the only conduct in which plaintiff alleges that David Norcross engaged – does not amount to a conspiracy.[7] Plaintiff does not dispute this argument. Indeed, defendants submit that David Norcross, like anyone else, had a First Amendment right to engage in conversations about the Republican National Convention, including conversations concerning "security for the RNC" and "publicity surrounding the RNC." In his Complaint, plaintiff has not alleged any conduct, or any "agreement" reached by Mr. Norcross, that even suggests that his "conversations" veered into the conspiratorial or were otherwise actionable.

Defendants similarly have shown that plaintiff's allegations concerning the defendants' conspiracy with the Secret Service are entirely boilerplate. See Second Amended Complaint ¶¶ 165-75. All that plaintiff has pled is his ultimate conclusion that the unidentified conspirators "all planned and agreed upon how to arrest, detain and confine individuals who were within the vicinity of the RNC protests without probable cause. . . ." See Second Amended

---

[7] See Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.) (dismissing conspiracy claim where complaint alleged "dialogues," "communications" and "interactions" between defendants but not a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights); Romer v. Morgenthau, 119 F. Supp. 2d 346, 364 (S.D.N.Y. 2000) (Marrero, J.) (dismissing conspiracy complaint and holding that "[a]bsent allegations of facts leading to a reasonable inference that defendants conspiratorially conferred with a purpose of actually depriving Romer of any recognized constitutional right, he cannot state a sustainable conspiracy claim").

Complaint at ¶¶ 165-75 (containing virtually identical pleading). In response, plaintiff has not pointed to any more specific allegations in the Complaint – concerning either the identity of the "conspirators," their alleged "agreement" or their alleged conduct in furtherance of the conspiracy.[8]

Plaintiff's reference to the Hudson River Park Trust truly is a mystery. Defendants have been unable to identify in the Complaint any reference to that entity in the context of either the Arrest Conspiracy or the Video Conspiracy, much less a sufficiently detailed factual pleading supporting such a claim.

Defendants have shown that the Complaint fails to allege any agreement between Police Officer Maya Gomez (or any of the other officers involved in plaintiff's arrest) and anyone else for the purpose of violating plaintiff's constitutional rights; and fails to allege any conduct taken by Officer Gomez for the purpose of violating plaintiff's rights. Defendants have noted that these failures are fatal to plaintiff's conspiracy claims because the arrest itself is the essential link between the conspiracies allegedly implemented by the Mayor and the Police Commissioner and the plaintiff himself. Plaintiff has not pointed to anything in his Complaint to the contrary.

Defendants have argued that the Complaint fails to articulate with any particularity what role, if any, any of the other defendants – including the Mayor, the Police

---

[8] See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983'"); Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (Hellerstein, J.) ("[A] claim that fails to 'identify any particular defendant that committed any specific act of wrongdoing' [is] insufficient pleading under Rule 8(a)(2)"); Fisk v. Letterman, 401 F. Supp. 2d 362, 375 (S.D.N.Y. 2005) (Marrero, J.) ("[b]ecause personal involvement by the defendants in any alleged constitutional violation is a prerequisite to an award of damages under § 1983 . . . the complaint should be dismissed"); Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd., 2004 WL 2813121, *7 (S.D.N.Y. 2004) (Daniels, J.) ("[a] plaintiff fails to satisfy Rule 8 where the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct'"); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (such "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct").

Commissioner, Chief of Department Joseph Esposito, Chief Thomas Graham and Chief John Colgan – played in either of the alleged conspiracies. Plaintiffs have not pointed to any part of the Complaint that pleads what "personal involvement" any of these individuals had in the alleged conspiracy.

## CONCLUSION

The Complaint does not sufficiently plead a civil conspiracy. Accordingly, defendants respectfully submit that defendants' motion, and all of the relief requested in that motion, should be granted.

Dated: New York, New York
        June 5, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney For Defendants*

By: _____
        James Mirro (JM 2265)
        Special Assistant Corporation Counsel
        Special Federal Litigation
        100 Church Street, Room 3-130
        New York, New York 10007
        212.788.8026 (ph)
        212.788.9776 (fax)

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that, on today's date, a true and correct copy

of the foregoing, *Defendants' Reply Memorandum In Further Support Of Their Motion To*

*Dismiss Plaintiff's "Conspiracy" Claims*, was served upon all counsel of record, at the addresses

listed below, by email.

_____
JAMES MIRRO

Dated: June 5, 2007

TO:    Yetta G. Kurland, Esq.
       Gina M. Bonica, Esq.
       KURLAND & ASSOCIATES, P.C.
       304 Park Avenue South, Suite 206
       New York, New York  10010
       212.253.6911 (ph)
       *Attorneys for Plaintiff*

# *EXHIBIT "C"*



**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES MIRRO**
*Special Assistant Corporation Counsel*
*phone (212) 788-8026   fax (212) 788-9776*

June 5, 2007

*BY HAND*

The Honorable Kenneth M. Karas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312

> Re:   ***Dunlop v. The City of New York, et al.***
> ***USDC SDNY 06 CV 433 (KMK) (JCF)***

Dear Judge Karas:

     Defendants submit herewith two courtesy copies of their reply brief in further support of defendants' motion to dismiss plaintiff's conspiracy claim. Defendants also submit herewith two courtesy copies of the DA Defendants' brief in support of their motion to dismiss, which is provided because all of the served defendants have relied, at least in part, upon the authorities set forth that brief. Defendants have filed on ECF today their motion to dismiss the conspiracy claim and plaintiffs' opposition to that motion. Defendants request oral argument on this motion.

     Very truly yours,

James Mirro

cc:   Gina M. Bonica, Esq. (by email)
       Michael Morgan, Esq. (by email)