```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ALEXANDER DUNLOP,

               Plaintiff,

-versus-                                            06 CV 433 (RJS)(JCF)

THE CITY OF NEW YORK, et al.              ECF CASE

               Defendants.
------------------------------------------------------------------ x

        This case, which involves a single plaintiff, arises from an arrest by the New York City Police Department around the time of the Republican National Convention on August 27, 2004. The action was removed to this Court by defendants on January 19, 2006. Discovery was stayed by order of the Honorable Kenneth M. Karas dated November 9, 2006; and, by order of the Honorable Richard J. Sullivan dated May 6, 2008, discovery re-commenced. Defendants filed their answer on May 21, 2008.

        Pursuant to Rule 16 of the Federal Rules of Civil Procedure, in the interests of the convenience and economy of the parties, and the efficient management and oversight of the Court's docket, the Court hereby enters its Case Management Order governing this case. In addition to this Order, this action shall be governed by <u>Discovery Orders 1 & 2</u>, which provide for consolidated discovery, and by the various other orders entered in the consolidated RNC cases including <u>Protective Order #1</u>.

        The Court is advised that the parties do not consent to trial of this case by magistrate judge. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. This order may be modified only by agreement of the parties, subject to the Court's approval, or upon a showing of good cause.

| _DATE DUE_ | **_PLEADINGS & DISCOVERY_** |
|---|---|
| | The parties have agreed to dispense with initial disclosures and have commenced discovery. |
| | By order of the Honorable Kenneth M. Karas, dated November 9, 2006, no further amendment to the complaint shall be permitted without leave of the Court. |
| 7/1/08 ~~6/1/08~~ | All written discovery, including document requests and interrogatories, shall have been served, except as provided below. |
| 7/1/08 | All depositions of fact witnesses shall have been noticed. With respect to both fact and expert witnesses, unless the noticing party assents, depositions of particular witnesses are not to be held until the party producing the witness has responded to any outstanding interrogatories and requests for documents pertaining to that witness. Once a party has completed the deposition of a witness, that party shall not later seek to re-depose that witness absent good cause. |
| 9/1/08 ~~8/1/08~~ | All fact discovery shall have been completed. |
| 9/1/08 ~~8/1/08~~ | Plaintiffs shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 10/1/08 ~~9/1/08~~ | Depositions of plaintiffs' trial experts shall be completed. |
| 10/1/08 | Defendants shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 11/1/08 | Depositions of defendants' trial experts shall be completed. |
| 12/1/08 | All contention interrogatories and requests to admit shall be served. |
| 1/1/09 | All responses due to contention interrogatories and requests to admit. |
| 1/15/09 | All counsel must meet for at least one hour to discuss settlement no later than this date. |
| | Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge. The parties request a settlement conference before a Magistrate Judge. |
| | Counsel for the parties have discussed the use of the Court's Mediation Program. The parties do not request that the case be referred to the |

2

Court's Mediation Program.

Counsel for the parties have discussed the use of a privately retained mediator. The parties do not intend to use a privately retained mediator.

### *DISPOSITIVE MOTIONS*

| | |
|---|---|
| 2/1/09 | All dispositive motions shall have been served consistent with the Individual Practices of Judge Sullivan; any oppositions are due within 30 days of receipt of the motion; and any replies are due within 15 days of receipt of the opposition. |
| Within 30 days of the Court's ruling on dispositive motions | Should any part of the case remain after the Court's ruling on dispositive motions, a Pre-Trial Conference with the Court shall be held. Prior to that conference, the parties shall consult and submit to the Court a Joint Pretrial Order prepared in accordance with the Undersigned's Individual Practices and Rule 26(a)(3) of the Federal Rules of Civil Procedure. If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on the jury instructions and verdict form in an effort to make an agreed upon submission. |

The parties have conferred and their present best estimate of the length of trial is one week.

**SO ORDERED**

DATED:   New York, New York
         June ~~May~~ 3, 2008

_____
James C. Francis IV
United States Magistrate Judge

3