UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDER DUNLOP,                          )
                                           )
                Plaintiff,                 )
                                           )        06-CV-433 (RJS) (JCF)
        vs.                                )        ECF
                                           )
THE CITY OF NEW YORK, et al.               )        **Oral Argument Requested**
                                           )
                Defendant(s).              )
                                           )

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION CONCERNING THE "VIDEO CONSPIRACY" CLAIM

Plaintiff Alexander Dunlop (hereinafter, "Plaintiff" or "Mr. Dunlop") by and through his attorneys, Kurland, Bonica & Associates, P.C., (f/k/a Kurland & Associates, P.C.), hereby submits Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration, as well the attached exhibits hereto.

### PRELIMINARY STATEMENT

Defendants' Motion for Reconsideration must be denied for the following reasons: (1) Defendants' motion is untimely and must be rejected as matter of law since Defendants failed to serve the motion within ten (10) days of the entry of the underlying decision (Local Rule 6.3); (2) the Defendants fail to meet the burden required for a Motion for Reconsideration, which may *only* be granted if the moving party demonstrates the existence of (a) a change in the law; (b) the

need to correct a clear error of law or to prevent manifest injustice, or (c) the availability of evidence which was not previously available [*Toland v. Walsh*, ___ F.3d ___, 2008 WL 2008 820184 (2d Cir. March 26, 2008), citng, *Shannon v. Verizon New York, Inc.*, 516 F.Supp.2d 304, 307 ( 2d. Cir. 2007)]; and, (3) Defendants' motion must be denied substantively in any event, as there is clearly the potential for a deprivation of liberty by way of Plaintiff's "Video Conspiracy Claim," such claim having been specifically allowable pursuant to the decision of Your Honor dated May 6, 2008.

## **BACKGROUND**

Plaintiff will not restate the facts of his Third Amended Complaint as they have already been considered by the Court but will clarify a procedural issue which was missing from Defendants memorandum of law in support of their motion for reconsideration concerning the "Video Conspiracy Claim."

The Stipulation of Dismissal entered into by Plaintiff and the New York County District Attorney Robert Morgenthau and Assistant District Attorney Willa Concannon ("District Attorney Defendants") dismissed the claims against the District Attorney Defendants. In addition, the District Attorney Defendants withdrew their Pre-Answer Motion to Dismiss and provided the name of the "John Roe Technician" in Plaintiff's caption. (See Stipulation of Dismissal dated June 5, 2007 annexed hereto as Exhibit A).

Defendants' Reply to their Memorandum of Law was submitted on June 5, 2007.

Thereafter, on August 21, 2007 Plaintiffs received permission from the Court to add Ilise Williams as a Defendant to the Complaint. (*See* So Ordered Memo dated August 21, 2007 annexed hereto as Exhibit B). Defendants did not submit any additional briefs or papers with

respect to any claims or defense raised in either the DA's Memorandum of Law or the City's memorandum of Law as to Defendant Ilise Williams at any time after Ms. Williams was added as a Defendant.

## LEGAL ARGUMENT

### I.     Defendants' Motion for Reconsideration Must be Rejected as Untimely

Defendants' Motion for Reconsideration must be denied as it was untimely served in violation of Local Civil Rule 6.3. Local Civil Rule 6.3 plainly states that a motion for reconsideration shall be served within ten (10) days after the entry of the court's determination, and the requirements of this Rule are strictly construed in order to keep the Court's docket free from unnecessary re-litigation. *See Camacho v. City of Yonkers*, 236 F. 3d 112 (2d Cir. 2000), *See also Dama v. Seirup*, 2008 WL 1957772 (E.D.N.Y. 2008) (Motion for reconsideration rejected as untimely when one (1) day late).

The underlying decision for which Defendants seek reconsideration was entered on May 6, 2008 (See Memorandum and Order dated May 6, 2008 ("Order") annexed hereto as <u>Exhibit C</u>). Defendant's Motion, therefore, must have been served on or before May 20, 2008. Defendants served their Motion for Reconsideration on Plaintiff after the strict deadline imposed by Local Rule 6.3; as such, the Motion is untimely, and must therefore be rejected.[1] (See Civil Docket, entry annexed hereto as <u>Exhibit D</u>, entries 57, 59, 60 and 61).

### II.     Defendants Fail To State Any Cognizable Ground for Reconsideration

---

[1] Plaintiff has searched the ECF civil court docket and is unable to find a certificate of service, however the date of filing on the Civil Court Docket is May 21, 2008.

Even if the Court were to accept the late filing of Defendants' motion, Defendants fail to meet their burden for their request for reconsideration, an "extraordinary remedy" which is to "employed sparingly." *Hunt v. Biochem*, 2007 U.S. Dist. Lexis 34715 (S.D.N.Y. 2007).

Indeed, a party seeking reconsideration of a court order bears a "substantial burden" which Defendants have failed to do. *Toland v. Walsh*, 2008 U.S. Dist. LEXIS 17645 (N.D.N.Y. 2008). *See Bell Sports. Inc. v. System Software Assocs., Inc.*, 71 F.Supp.2d 121, 125-26 (E.D.N.Y.1999) (noting that a party seeking reconsideration bears a substantial burden in order to dissuade repetitive arguments (quoting *Ruiz v. Commissioner of the Dep't of Transportation.*, 687 F.Supp. 888, 890 (S.D.N.Y.1988))

A motion for reconsideration may *only* be granted if the moving party demonstrates the existence of one of following three factors: 1) a change in the law; 2) the need to correct a clear error of law or to prevent manifest injustice, or 3) the availability of evidence which was not previously available. *Toland v. Walsh*, 2008 U.S. Dist. LEXIS 17645 (N.D.N.Y. 2008), citing, *Shannon v. Verizon New York, Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007).

Defendants, by their own arguments, clearly do not meet this substantial burden. Defendants do not allege a change in the law or a clear mistake of law, nor do they even allege the sudden availability of evidence. Instead, Defendants sole grounds for reconsideration is their belief that ". . . the Court may have overlooked certain factual materials. . . ." regarding the District Attorney's submitted papers (hereinafter "DA") (See Defendants' Memorandum of Law in Support of its Motion for Reconsideration ("Defendant's Memorandum"), p. 1 annexed hereto as Exhibit E (without exhibits)).

Beyond the fact that Defendants do not even attempt to allege any of the necessary grounds for seeking this extraordinary remedy, their feeble suggestion that the Court may have

"overlooked certain factual materials" is unquestionably belied by this Court's detailed and thorough decision dated May 6, 2008. The decision's comprehensiveness speaks for itself. The record clearly demonstrates that the DA's papers were submitted to the Court and available to it prior to the original consideration and decision.

Defendants have no legitimate basis to hypothesize that the Court "overlooked" copious documents which were (submitted and filed), and include: the DA's 28 page motion with 171 pages of exhibits, which include the transcript on which Defendants base this entire motion, a letter from Assistant District Attorney Michael Morgan asking the Court for an extension of the 25-page limit for a memorandum of law, (See Letter of Michael Morgan dated March 9, 2007 annexed hereto as Exhibit F), as well as the two courtesy copies of the DA's papers that Defendant submitted to the Court on June 5, 2007 at the time it filed its Reply to the underlying Motion to Dismiss. (See Defendant's Letter dated June 5, 2007 annexed hereto as Exhibit G ). In addition, even if the Court failed to notice such copious documents from Defendants, Plaintiff's Opposition to Defendant's Motion *also included a copy the transcript* of Plaintiff's criminal court appearances, as Plaintiff alleges this transcript supports the claim that Defendants conspired to deprive Plaintiff of his liberty. (See Plaintiff's Opposition to Defendants' Motion to Dismiss, annexed hereto as Exhibit H, transcript attached to the opposition as exhibit C).[2]

The Defendants' basis for the instant motion clearly fails to demonstrate the existence of any of the three grounds for reconsideration. Rather, the Defendants' claim that the Court might

---

[2] Plaintiff's Third Amended Complaint alleges that a VHS video tape was fabricated by Defendants to be submitted as evidence of Mr. Dunlop's alleged unlawful conduct, (hereinafter, "First Video Tape"), knowing that it was an altered and manufactured piece of evidence used to maliciously prosecute Mr. Dunlop, and deprive him of his constitutional rights. (Third Amended Complaint at ¶ 75). Plaintiff's Third amended complaint further alleges that the Assistant District Attorney, in furtherance of the conspiracy, with an intent to maliciously prosecute and deprive Mr. Dunlop of his constitutional rights, knowingly made false representations in court that the First Video Tape was a complete and unedited version of the events that transpired immediately preceding and including Mr. Dunlop's arrest. (Third Amended Complaint at ¶ 76).

have " . . . overlooked certain factual materials. . . submitted by the District Attorney defendants ("DA Papers") is a last ditch attempt to re-litigate Defendant's Motion which was properly denied by this Court.

The Courts are clear that a motion for reconsideration "is not a vehicle to reargue those issues already considered when a party does not like the way the original motion was resolved," which, unfortunately, is exactly what Defendants are doing here. *Resource N.E. of Long Island v. Town of Babylon*, 80 F. Supp. 2d 52, 64 (E.D.N.Y. 2000).

Therefore, Defendants have failed to meet their "substantial burden" and their Motion must be denied. *Toland v. Walsh*, 2008 U.S. Dist. LEXIS 17645 (N.D.N.Y. 2008).

### III.    Plaintiff's Third Amended Complaint Sufficiently Pled Deprivation of Liberty

Even assuming, *arguendo*, that Defendants' motion were timely and assuming that it initially demonstrated the existence of a change in law, error of law, or availability of previously unavailable evidence, Defendants' motion must still be denied as Plaintiff's "Video Conspiracy" allegations "sufficiently allege a conspiracy claim that is plausible on its face." See Order at 13, Exhibit C.

Plaintiff will not belabor a full re-argument of this issue, as this Court has already denied Defendants' first attempt for a motion to dismiss on this very same issue, and Plaintiff stands by his previously-submitted papers.[3]

However, Plaintiff will respond to a few of the more outrageous claims made by Defendants in their bald attempt at a "second bite at the apple" as a "party dissatisfied with the

---

[3] Irrespective of any reference made in any motion to dismiss which was fully briefed by Defendants in June of 2007, Corporation Counsel failed to reassert any of the claims withdrawn by the District Attorney Defendants and failed to provide supplemental briefing on these defenses for Ilise Williams at the time she was added as a party in the Third Amended Complaint over eight (8) months before the entry of the underlying Order and these arguments should not be considered for Ilise Williams.

court's ruling." *Hunt v. Biochem*, 2007 U.S. Dist. Lexis 34715 (S.D.N.Y. 2007). Indeed, Defendants' assertion that the transcript in this matter was "overlooked," and that an examination of it would lead the Court to alter its ruling, at best presents a genuine issue of fact requiring the parties to proceed into discovery. Indeed, both parties submitted the transcript, each as part of a different factual proposition. Defendants' position, as stated in their papers, is clearly controverted by Plaintiff, who maintains that "defendants worked in concert to inflict an 'unconstitutional injury' that caused damages to plaintiff. See Order at 14, Exhibit C. This Court, drawing all reasonable inferences in Plaintiff's favor, has deemed the pleadings sufficient.

Furthermore, Plaintiff disputes Defendants' position that there was ". . . never any deprivation of the plaintiff's liberty." The Second Circuit has held that intangible injuries to a person dignity is a deprivation of liberty. *Kerman v. The City of New York*, 347 F. 3d 93 at 135 (2d Cir. 2004). In addition, any post-arraignment deprivations of liberty can satisfy this constitutional requirement, such as continuous court appearance and awaiting trial. *Singer v. Fulton County Sheriff*, 63 F. 3d 110 at 117 (2d Cir. 1995).

Defendants' claim that since the fabricated tape was not used at trial, Plaintiff was not deprived of his liberty is self serving as the only reason the District Attorneys Office *did not* use the fabricated tape at trial was because the unedited, unaltered videotape surfaced and they were compelled to drop the charges which cannot be construed as a preclusion to Plaintiff's claim for an unconstitutional injury.

Defendants' reliance on *Richardson* in asserting that Plaintiff suffered no unconstitutional injury is at best misplaced, in that *Richardson* held that the alleged fabrication must be "material, i.e., 'likely to influence a jury's decision,' [and] 'the legally cognizable' cause of the post-

arraignment deprivation of liberty." *Richardson v. The City of New York*, 2006 WL 2792768, at *
4 (E.D.N.Y. 2006).

Clearly, the Defendants' assertion that the forged video tape was unlikely to influence a
jury's decision is egregious. The fact that the evidence never came before a jury does not mean
it was not likely to influence their decision. Clearly the DA's office thought the tape would
influence a jury since when it was discovered the tape was fabricated, the criminal charges
against the Plaintiff were dropped. In short, the video tape was the evidence the DA's office
planed to use in order to influence the jury's decision. Further, this is a question of fact and it
would be inappropriate for the court to rule on this at this stage of the proceedings.

The second limitation set forth in *Richardson* is that the alleged fabrication must have
caused post-arrangement deprivation of liberty. *Richardson, supra*, at * 4 (E.D.N.Y. 2006).
Thus, any deprivation of liberty the fabricated tape caused Plaintiff after he was arraigned would
represent a constitutional violation of Plaintiff's rights. *Kerman* makes it clear that intangible
injury to Plaintiff's dignity could be considered deprivation of liberty under the law of the
Second Circuit. 347 F. 3d 93 at 135 (2d Cir. 2004).

In addition, even after the District Attorney's Officestated that it would drop the charges
against Mr. Dunlop on April 6, 2005, the case was nevertheless "put over for trial on May 9,
2005" and "the Court issued a bench warrant" when Plaintiff and his defense attorney did not
appear in court after the charges were dropped. (See copy of transcript dated May 13, 2005,
lines 10 -15 annexed hereto as Exhibit I). It is plainly reasonable to make the claim that during
this time period Plaintiff suffered intangible injury to his dignity because of the pending criminal
charges he faced and the subsequent bench warrant that was erroneously issued. Moreover, this
intangible injury can be directly tied to the fabricated tape, as the tape was the sole reason for the

8

case moving forward. Plaintiff submits that had the tape not been altered, the case would have been dropped. The real tape materially proves Plaintiffs innocence. Plaintiffs case would have been dismissed immediately had the real tape never been tampered with.

Further support for Plaintiffs position is found in *Singer*, as that case actual makes reference to awaiting trial in the context of deprivation of liberty. 63 F. 3d 110 at 117 (2d Cir. 1995). There are an abundance of scenarios where Plaintiff could be said to have been deprived of his liberty due to the pending trial. Further, Defendants fail to take notice of the fact that while awaiting trial and having criminal charges pending against him, Plaintiff had a temporary criminal record. Those charges were a direct result of the fabricated evidence on the tape. During this time period Plaintiff's constitutional rights were certainly restricted.[4] Plaintiff respectfully requests the court deny Defendants' motion for reconsideration concerning the "Video Conspiracy" Claim.

---

[4] There are an abundance of transactions to which Plaintiff could not have been a party to due to these pending criminal charges. Examples of said transaction would include loan applications, job application, and any scenario where Plaintiff would need any type of background check in order to proceed with the matter.

## CONCLUSION

For the reasons stated herein, we respectfully request that the Defendant's motion be denied as a matter of law, and that this Court grant such other and further relief as may be just and proper.

Dated:  June 4, 2008
      New York, New York

           Respectfully Submitted,

           KURLAND, BONICA & ASSOCIATES, P.C.

           Gina M. Bonica, Esq. (GB-6615)
           304 Park Avenue South, Suite 206
           New York, NY 10010
           212.253.6911(P)
           212.614.2532 (F)
           *Attorneys for Plaintiff*

TO:    James Mirro, Esq.
       Special Assistant Corporation Counsel
       *Attorney for Defendants*